# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ABDALI ALI ISSA, <br><br> *Plaintiff*, <br><br> v. <br><br> CITY OF MOBILE, JACK DOVE, et al., <br><br> *Defendants*. | CIVIL ACTION NO. 1:25-cv-106 <br><br> NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1331 <br><br> REMOVED FROM MOBILE COUNTY CIRCUIT COURT (CV-2025-900343.00) |

## NOTICE OF REMOVAL

Defendants City of Mobile and Jack Dove remove this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1331 and 1441 and state as follows:

**I.   Nature of the Action**

1. On February 7, 2025, Plaintiff filed this action entitled *Abdali Ali Issa v. City of Mobile, Jack Dove, et al.*, 02-cv-2025-900343 ("the Complaint") in the Circuit Court of Mobile County, Alabama.

2. The Complaint names as defendants: the City of Mobile ("the City"), Jack Dove, and certain fictitious defendants arising out of an alleged confrontation

60038341 v1

with police that occurred at 1021 Leroy Stevens Road, Mobile, Alabama on October 24, 2023.

3. Per the Complaint,

> [t]his is in part a civil rights action in which ISSA seeks relief for Defendants' violations, under color of law, of his rights, privileges and immunities secured by the Civil Rights act of 1871, 42 U.S.C. § 1983, the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Alabama and the laws of Alabama.

(Doc. 2, ¶ 12). Specifically, Plaintiff alleges four claims against Defendants based on alleged constitutional violations brought pursuant to 42 U.S.C. § 1983: Procedural Due Process (Count 1), Unlawful Search and Seizure (Count 2), Free Speech Violation (Count 3), and False Arrest/False Imprisonment (Count 7). Counts 1, 2, 3, and 7 also allege corresponding violations of state law. Plaintiff also asserts several state law tort claims: Negligence/Wantonness (Count 4), Negligent Hiring, Training, Supervision, and Retention (Count 5), Trespass (Count 6), Malicious Prosecution (Count 8), Abuse of Process (Count 9)[1], and Outrage (Count 10). A true and correct copy of the summons and complaint and all other case materials received by the Removing Defendants from the process server are attached hereto as Exhibit A.

## II. Federal Question Jurisdiction

---

[1] Neither the malicious prosecution claim nor the abuse of process claim alleges whether it is brought under federal or state law.

4. "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, a case is removable if the complaint affirmatively alleges a federal claim. *Id.*

5. Removal is proper pursuant to 28 U.S.C. § 1331 and 1441(c), because Plaintiff asserts claims that arise under 42 U.S.C. § 1983 and the United States Constitution. *See Ware v. Fleetboston Financial Corp.*, 180 F. App'x. 59, 61 (11th Cir. 2006) (noting that 28 U.S.C. § 1441(a) permits a defendant to remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction and that '[t]he right of removal is statutory....'); *Jairaith v. Dyer,* 154 F.3d 1289, 1282 (11th Cir. 1998)("federal question jurisdiction may be based on a civil action alleging a violation of the Constitution"); *Washington v. Kirksey*, 811 F.2d 561, 563 (11th Cir.1987) ( 'When a claim is based upon a constitutional provision, federal subject matter jurisdiction has been established provided the alleged claim is not wholly frivolous."); *Gibson v. Firestone*, 741 F.2d 1268, 1271 (11th Cir.1984) (plaintiffs' allegations of deprivation of "their fourteenth amendment rights to due process and equal protection ... are adequate to invoke federal subject matter jurisdiction").

6. Since Plaintiff seeks relief under 42 U.S.C. § 1983 on allegation that the Defendants violated the following of his constitutional rights: the Fourteenth

Amendment right to procedural due process; the Fourth Amendment rights to lawful search, seizure and arrest; and the First Amendment right to free speech, this Court has original jurisdiction of these claims. *See* 28 U.S.C. § 1331 (federal district courts have "original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States."); *see also Northfield, LLC v. Utilities Bd. of City of Bayou La Batre, Ala.,* No. 09-0575-WS-M, 2009 WL 3784338, *1 (S.D. Ala. Nov. 9, 2009) ("[P]laintiff is asserting claims against defendants 'arising under the Constitution, law, or treaties of the United States . . . This fact gives rise to federal question jurisdiction, as a matter of fundamental, black letter law.")

7. The Complaint also alleges that the Defendants' conduct violated Plaintiff's rights to procedural due process; lawful search, seizure and arrest; and free speech under the Alabama State Constitutions, and asserts state law tort claims based on the same set of facts. Because all of Plaintiff's claims arise out of the same general event or transaction, to wit: Plaintiff's October 24, 2023 confrontation with police at 1021 Leroy Stevens Road, this Court has supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367; *see also, Northfield, LLC*, 2009 WL 3784338, *2.

## III.  Timeliness and Technical Requirements of Removal

8. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

9. The Defendants have not previously removed this action, and have heretofore sought no similar relief.

10. The United States District Court for the Southern District of Alabama, Southern Division, is the federal judicial district and division embracing the Circuit Court of Mobile County, Alabama, where this suit was originally filed. Removal to this District Court and Division is therefore proper pursuant to 28 U.S.C. § 81(a)(3) and § 1441(a).

11. The Circuit Court's file reflects that Defendant City of Mobile was served with the summons and complaint on February 13, 2025. Although not yet reflected in the Circuit Court's file, Defendant Jack Dove was served with the summons and complaint on March 7, 2025. Thus, this removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within 30 days from the date of services of the summons.

12. Written notice of the filing of this Notice of Removal will be served on all parties in this case, and a copy has been concurrently filed with the Clerk of the Circuit Court of Mobile County, Alabama, as directed by 28 U.S.C. § 1446(d), along with a Notice of Filing Notice of Removal.

13. The proper filing fee has been tendered to the Clerk of the United States District Court for the Southern District of Alabama, Southern Division.

14. The Defendants reserve the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

## IV. Relief Requested

WHEREFORE, Defendants, the City of Mobile and Jack Dove, desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the said district of said Court for the County in which the action is pending, pray that this Court will make any and all orders necessary to effect the removal of this cause, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Mobile County, Alabama.

                                        Respectfully submitted,

                                         _/s/ Kristy L. Waldron_____
                                        RICARDO A. WOODS
                                        TAYLOR B. JOHNSON
                                        KRISTY L. WALDRON
                                        *Attorneys for Defendants City of Mobile and Jack Dove*

OF COUNSEL:
**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, AL  36602
Tel:   251-344-5151
Fax:  251-344-9696
Email: rwoods@burr.com

tjohnson@burr.com
kwaldron@burr.com

## Certificate of Service

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on March 13, 2025:

Matt Green, Esq.
The Law Office of Matt Green, LLC
501 Government Street, Suite 1
Mobile, Alabama 36602
matt@mattgreen.lawyer

                                  */s/ Kristy L. Waldron*_____
                                  Counsel