# Exhibit A

# ALABAMA SJIS CASE DETAIL



County: **02**    Case Number: **CV-2025-900343.00**    Court Action:
Style: **ABDALI ALI ISSA V. CITY OF MOBILE ET AL**

**Real Time**

## Case

### Case Information

| | | | |
|---|---|---|---|
| County: | **02-MOBILE** | Case Number: | **CV-2025-900343.00** | Judge: | **MPW:MICHAEL P. WINDOM** |

Style: **ABDALI ALI ISSA V. CITY OF MOBILE ET AL**

| | | | |
|---|---|---|---|
| Filed: | **02/07/2025** | Case Status: | **ACTIVE** | Case Type: | **CIVIL RIGHTS** |
| Trial Type: | **JURY** | Track: | **STANDARD** | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **2** | | |

### Damages

| | | | |
|---|---|---|---|
| Damage Amt: | 0.00 | Punitive Damages: | 0.00 | General Damages: | 0.00 |
| No Damages: | | Compensatory Damages: | 0.00 | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | |
|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | 0 | Num of Liens: | 0 | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | : | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | | |
|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | | | |

### Administrative Information

| | | | |
|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | **02/19/2025** | Updated By: | **JOD** |

## Settings

### Settings

| Date: | Que: | Time: | Description: |
|---|---|---|---|
| 4 | 11/07/2025 | 001 | 09:00 AM | STAT - STATUS REVIEW/DOCKET |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - ISSA ABDALI ALI

## Party Information

| | | | | |
|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **ISSA ABDALI ALI** | Type: | **I-INDIVIDUAL** |
| Index: | **D CITY OF MOBI** | Alt Name: | | Hardship: **No** | JID: **MPW** |
| Address 1: | **1021 LEROY STEVENS RD.** | | | Phone: | **(205) 000-0000** |
| Address 2: | | | | | |
| City: | **MOBILE** | State: | **AL** | Zip: **36695-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: / Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | GRE095 | | GREEN MATTHEW STAFFORD | MATT@MATTGREEN.LAWYER | (251) 434-8500 |

### Party 2 - Defendant GOVERNMENT - CITY OF MOBILE

## Party Information

| | | | | |
|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **CITY OF MOBILE** | Type: | **G-GOVERNMENT** |
| Index: | **C ISSA ABDALI** | Alt Name: | | Hardship: **No** | JID: **MPW** |
| Address 1: | **C/O LISA LAMBERT** | | | Phone: | **(205) 000-0000** |
| Address 2: | **P.O. BOX 1827** | | | | |
| City: | **MOBILE** | State: | **AL** | Zip: **36633-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | **02/07/2025** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | **02/13/2025** | Service Type **C-CERTIFIED MAIL** | Service On: | Notice of No Answer: / Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

**Party 3 - Defendant - DOVE JACK**

## Party Information

| | | | |
|---|---|---|---|
| Party: | D002-Defendant | Name: **DOVE JACK** | Type: **I-INDIVIDUAL** |
| Index: | C ISSA ABDALI | Alt Name: | Hardship: **No** JID: **MPW** |
| Address 1: | 9281 MCFARLAND TRACE RD. | | Phone: **(205) 000-0000** |
| Address 2: | | | |
| City: | **MOBILE** | State: **AL** | Zip: **36695-0000** Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | Sex: Race: |

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: **02/07/2025** | Issued Type: **S-SHERIFF** | Reissue: **02/28/2025** | Reissue Type: **S-SHERIFF** |
| Return: **02/20/2025** | Return Type: **F-RETURNED NOT FOUND** | Return: | Return Type: |
| Served: **03/07/2025** | Service Type **S-SERVED PERSONALLY** | Service On: | Notice of No Answer: |
| Answer: | Answer Type: | Notice of No Service: | Served By: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

# Financial

## Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC - CERT-AOC | C001 | | $12.08 | $12.08 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV - CONV FEE | C001 | | $19.33 | $19.33 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 - CV OVER $50K | C001 | | $315.00 | $315.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD - JURY DEMAND | C001 | | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | SERA - SER ADD | C001 | | $10.00 | $10.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM - VADM FEE | C001 | | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | **Total:** | $501.41 | $501.41 | $0.00 | $0.00 | |

## Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/10/2025 | RECEIPT | AOCC - CERT-AOC | 2025093 | 70016800 | $12.08 | C001 | 000 | Credit Card | N | | | BEL |
| 02/10/2025 | CREDIT | CONV - CONV FEE | 2025093 | 70016900 | $19.33 | C001 | 000 | Cash | N | | | BEL |
| 02/10/2025 | RECEIPT | CV05 - CV OVER $50K | 2025093 | 70017000 | $315.00 | C001 | 000 | Credit Card | N | | | BEL |
| 02/10/2025 | RECEIPT | JDMD - JURY DEMAND | 2025093 | 70017100 | $100.00 | C001 | 000 | Credit Card | N | | | BEL |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 2/7/2025 | 4:53 PM | FILE | FILED THIS DATE: 02/07/2025 (AV01) | AJA |
| 2/7/2025 | 4:53 PM | EORD | E-ORDER FLAG SET TO "Y" (AV01) | AJA |
| 2/7/2025 | 4:53 PM | ASSJ | ASSIGNED TO JUDGE: MICHAEL P WINDOM (AV01) | AJA |
| 2/7/2025 | 4:53 PM | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 2/7/2025 | 4:53 PM | TDMJ | JURY TRIAL REQUESTED (AV01) | AJA |
| 2/7/2025 | 4:53 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 2/7/2025 | 4:53 PM | ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 2/7/2025 | 4:53 PM | C001 | C001 PARTY ADDED: ISSA ABDALI ALI (AV02) | AJA |
| 2/7/2025 | 4:53 PM | C001 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 2/7/2025 | 4:53 PM | C001 | LISTED AS ATTORNEY FOR C001: GREEN MATTHEW STAFFO | AJA |
| 2/7/2025 | 4:53 PM | C001 | C001 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 2/7/2025 | 4:53 PM | D001 | D001 PARTY ADDED: CITY OF MOBILE (AV02) | AJA |
| 2/7/2025 | 4:53 PM | D001 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 2/7/2025 | 4:53 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 2/7/2025 | 4:53 PM | D001 | CERTIFIED MAI ISSUED: 02/07/2025 TO D001 (AV02) | AJA |
| 2/7/2025 | 4:53 PM | D001 | D001 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 2/7/2025 | 4:53 PM | D002 | D002 PARTY ADDED: DOVE JACK (AV02) | AJA |
| 2/7/2025 | 4:53 PM | D002 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 2/7/2025 | 4:53 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) | AJA |
| 2/7/2025 | 4:53 PM | D002 | SHERIFF ISSUED: 02/07/2025 TO D002 (AV02) | AJA |
| 2/7/2025 | 4:53 PM | D002 | D002 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 2/7/2025 | 4:53 PM | ECOMP | COMPLAINT E-FILED. | GRE095 |
| 2/10/2025 | 7:51 AM | ESERV | NOTICE OF COMPLAINT FILING SENT TO SHERIFF'S OFFICE ON 2/10/2025 | JOO |
| 2/10/2025 | 7:51 AM | ESERV | SERVICE DOCUMENT - PRE TRIAL ORDER | JOO |
| 2/10/2025 | 9:45 AM | TRAC | CASE ASSIGNED TO: STANDARD  TRACK (AV01) | JOD |
| 2/18/2025 | 6:09 PM | D001 | SERVICE OF CERTIFIED MAI ON 02/13/2025 FOR D001 | AJA |
| 2/18/2025 | 6:09 PM | ESERC | SERVICE RETURN - D001 - COMPLAINT | |
| 2/19/2025 | 10:05 AM | DAT4 | FOR: STATUS REVIEW/DOCKET ON 11/07/2025 @ 0900A | JOD |
| 2/19/2025 | 10:05 AM | ESET | STATUS REVIEW/DOCKET /SET FOR 11/7/2025 9:00 AM | JOO |
| 2/20/2025 | 6:25 AM | D002 | RETURN OF NOT FOUND ON 02/20/2025 FOR D002 (AV02) | AJA |
| 2/20/2025 | 6:25 AM | ESERC | SERVICE RETURN | |
| 2/28/2025 | 9:56 AM | D002 | D002 ADDR1 CHANGED FROM: 8251 SILVER PINE RD. | AJA |
| 2/28/2025 | 9:56 AM | D002 | D002 ADDR CITY CHANGED FROM: SEMMES (AV02) | AJA |
| 2/28/2025 | 9:56 AM | D002 | REISSUE OF SHERIFF ON 02/28/2025 FOR D002 (AV02) | AJA |
| 2/28/2025 | 9:57 AM | EALIA | ALIAS SUMMONS E-FILED | GRE095 |
| 2/28/2025 | 9:57 AM | ETRAN | ALIAS SUMMONS - SUMMONS | |
| 2/28/2025 | 9:57 AM | ---- | SCANNED - ALIAS SUMMONS - TRANSMITTAL - E-NOTICE TRANSMITTALS | |
| 2/28/2025 | 9:57 AM | ---- | SCANNED - ALIAS SUMMONS - SUMMONS - E-NOTICE TRANSMITTALS | |
| 2/28/2025 | 10:07 AM | ESERV | NOTICE OF ALIAS SUMMONS FILING SENT TO SHERIFF'S OFFICE ON 2/28/2025 | JOO |
| 2/28/2025 | 10:07 AM | ESERV | SERVICE DOCUMENT - PRE TRIAL ORDER | JOO |
| 3/12/2025 | 1:46 AM | D002 | SERVICE OF SERVED PERSON ON 03/07/2025 FOR D002 | AJA |
| 3/12/2025 | 1:47 AM | ESERC | SERVICE RETURN | |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 2/7/2025 4:53:27 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |

| 2/7/2025 4:53:28 PM | 2 | COMPLAINT | | 30 |
|---|---|---|---|---|
| 2/7/2025 4:53:29 PM | 3 | INTERROGATORIES(R33) | Written discovery to Defendant City of Mobile | 14 |
| 2/7/2025 4:53:30 PM | 4 | INTERROGATORIES(R33) | Written discovery to Defendant Jack Dove | 8 |
| 2/7/2025 4:53:31 PM | 5 | REQUEST FOR ADMISSION(R36) | RFA to City of Mobile | 6 |
| 2/7/2025 4:53:32 PM | 6 | REQUEST FOR ADMISSION(R36) | RFA to Jack Dove | 5 |
| 2/7/2025 4:53:57 PM | 7 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 2/7/2025 4:53:59 PM | 8 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 2/10/2025 7:51:46 AM | 9 | PRE TRIAL ORDER | GENERAL PRE-TRIAL ORDER | 3 |
| 2/18/2025 6:09:55 PM | 10 | SERVICE RETURN | SERVICE RETURN - D001 - COMPLAINT | 1 |
| 2/18/2025 6:09:59 PM | 11 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 2/19/2025 10:06:16 AM | 12 | SET FOR STATUS REVIEW/DOCKET - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 2/20/2025 6:26:01 PM | 13 | SERVICE RETURN | SERVICE RETURN | 1 |
| 2/20/2025 6:26:09 PM | 14 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 2/28/2025 9:57:21 AM | 15 | COPY OF COMPLAINT | Complaint and discovery | 63 |
| 2/28/2025 9:57:35 AM | 16 | ALIAS SUMMONS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 2/28/2025 9:57:41 AM | 17 | ALIAS SUMMONS - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 2/28/2025 10:07:27 AM | 18 | PRE TRIAL ORDER | GENERAL PRE-TRIAL ORDER | 3 |
| 3/12/2025 1:47:20 AM | 19 | SERVICE RETURN | SERVICE RETURN | 1 |
| 3/12/2025 1:47:47 AM | 20 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |



**END OF THE REPORT**

ELECTRONICALLY FILED
2/7/2025 4:53 PM
02-CV-2025-900343.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| ABDALI ALI ISSA, | |
|      Plaintiff, | |
| v. | CIVIL ACTION NO.: CV-2025-_____ |
| CITY OF MOBILE; JACK DOVE, in his individual (personal) capacity; and Fictitious Parties Nos. 1-20 in both official and individual (personal) capacity; Plaintiffs aver Fictitious Party Defendants are otherwise unknown at this time, or if known, their identities as proper Party Defendants are not known, as well as all of whose true names and legal identities are unknown to the Plaintiffs at this time but will be added by amendment, individually and jointly, when ascertained, | **JURY TRIAL DEMANDED** |
|      Defendants. | |

## COMPLAINT

Comes now Plaintiffs and, in accordance with the Alabama Rules of Civil Procedure, files the following claims for relief. As grounds for said claims, Plaintiffs state as follows:

1.      The Plaintiff, ABDALI ALI ISSA, (hereinafter "ISSA") is over the age of nineteen (19) years and, at all times relevant to the facts set forth herein, was a resident of Mobile County, Alabama living at 1021 Leroy Stevens Road, Mobile, AL 36695 and was the owner-operator of ASH Auto Service Body Shop and Car Sales located at the same residence.

2.      The Defendant, CITY OF MOBILE, is a municipal corporation organized under the laws of the State of Alabama, and is located in Mobile County, Alabama.  At all times material to this Complaint, the CITY OF MOBILE was the employer of JACK DOVE. Defendant CITY OF MOBILE is vicariously liable for all acts and/or omissions of Defendant JACK DOVE and/or one

or more of the Fictitious Party Defendants listed and described herein and numbered 1-20, who were acting in the line and scope of their employment with the CITY OF MOBILE.

3.    The Defendant, JACK DOVE (hereinafter "DOVE"), is over the age of nineteen (19) years and, at all times relevant to the facts set forth herein, a resident of Mobile County, Alabama, and is sued in his individual (personal) capacity for acting wantonly, willfully, maliciously, fraudulently, in misinterpretation of the law, or in bad faith, and negligently, carelessly, or unskillfully, in harming ISSA. At all times material to ISSA's Complaint, DOVE was acting in the line and scope of his employment with the CITY OF MOBILE as Commander and Police Inspector of the Municipal Code Enforcement Task Force of the Mobile Police Department Special Investigations Section.

4.    The CITY OF MOBILE was provided timely notice of these claims as required by Titles §11-47-23 and §11-47-192 Code of Alabama (1975).

5.    Fictitious Party Defendants listed and described herein and numbered 1-20 are those individuals and/or entities that negligently and/or wantonly caused ISSA's injuries on the occasion made the basis of this suit.

6.    Fictitious Party Defendants listed and described herein and numbered 1-20 all of whose true names and legal identities are unknown to the ISSA at this time but will be added by amendment, individually and jointly, when ascertained, who are liable to the ISSA as set forth in the complaint herein below.

7.    Defendants DOVE, CITY OF MOBILE, and/or one or more Fictitious Party Defendants listed and described herein and numbered 1-20 acted jointly and severally and whose acts of negligence and wantonness combined and concurred to harm ISSA.

8.    ISSA alleges all defendants acted willfully, maliciously, fraudulently, in

misinterpretation of the law, or in bad faith, and/or negligently, carelessly, or unskillfully, in harming ISSA.

9.      The events made basis in this complaint occurred in Mobile County, Alabama.

10.     ISSA avers this Court has subject matter and personal jurisdiction of the parties.

11.     ISSA's claims for declaratory relief is authorized by Ala. Code §6-6-220: Declaratory Judgment Action and Rule 57 of the Alabama Rules of Civil Procedure.

12.     This is in part a civil rights action in which ISSA seeks relief for Defendants' violations, under color of law, of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Alabama and laws of the State of Alabama

13.     This is also in part a tort action in which ISSA seeks relief.

14.     To the extent ISSA requests punitive damages, ISSA does not seek punitive damages against the CITY OF MOBILE.

## FACTS

15.     ISSA repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein.

16.     ISSA is a native of Iraq and practices the Muslim faith.

17.     ISSA came to America to seek sanctuary from political and religious persecution and oppression from the Saddam Hussein regime.

18.     Like many asylum seekers, ISSA escaped to Alabama and America to experience and enjoy the blessings of liberty guaranteed and secured by our state and federal constitutions and our rich heritage of liberty secured by our common law, history, and traditions.

19.     After coming to America and settling in Alabama, ISSA set up a lawful business,

ASH Auto Service Body Shop and Car Sales in Mobile County, outside the jurisdiction of the CITY OF MOBILE at 1021 Leroy Stevens Road Mobile, Alabama 36695.

20.    ISSA operated an automobile garage and shop at his residence.

21.    ISSA obtained the proper licensing permit for his business with State of Alabama/ Mobile County and had been licensed to conduct business at his residence at 1021 Leroy Stevens Road in Mobile County since 2006.

22.    In 2023, the CITY OF MOBILE and its Mayor courted voters to annex into the CITY OF MOBILE. On July 18, 2023, thousands of voters in three areas of West Mobile went to the polls and elected to join the CITY OF MOBILE. After the votes were certified on July 25, 2023, Mobile saw its population increase to more than 206,000 residents and became the 2nd largest city in the State of Alabama.[1]

23.    One of the areas annexed was ISSA's residence and business at 1021 Leroy Stevens Road.

24.    The City failed to properly and meaningfully educate and communicate with newly annexed citizens and businesses that with the carrot of city services, came the stick of regulatory ordinances and accompanying criminal sanctions, penalties, fines, and potential incarceration, and according to DOVE, the right to enter citizens like ISSA's property "**to inspect anything, anytime**."

25.    And by mere annexation, ISSA's otherwise lawful and duly authorized business (in existence for at least seventeen years) was now deemed a public nuisance by DOVE, the City, and the other defendants.

---

[1] Growing the City of Mobile (City of Mobile website) (https://www.cityofmobile.org/annexation/) (visited January 30, 2025)

26.     Sometime before the City annexed ISSA's residence, the CITY OF MOBILE received a complaint from "someone in the county" regarding ISSA's property. The CITY OF MOBILE responded by flagging ISSA's property and issued a memo "do not enforce until after annexation," according to Defendant DOVE.

27.     Instead of sending notice to ISSA of the non-conforming use of his property, the City sent DOVE and other defendants out to inspect and issue citations to ISSA.

28.     On October 24, 2023, a mayoral task force headed by a once retired City of Mobile Police Captain Jack DOVE, tasked with implementing the City of Mobile municipal code enforcement to these newly annexed residents, entered ISSA's property, unannounced, without a warrant to conduct a warrantless, search, seizure, and inspection.[2]

29.     DOVE and Defendants then unlawfully executed a search within the curtilage of ISSA's residence and in the enclosed gated portion of ISSA's backyard which was shielded from view of individuals on adjoining properties.

30.     When ISSA asserted his constitutional rights and inquired as to what legal authority, legal process, or search warrant authorized DOVE's entry and search without his consent, DOVE escalated the encounter, became enraged, and verbally and physically abusive to ISSA.

31.     At no time did ISSA make any physical movement, threat, or motion of violence, and his feelings were expressed only in words and a request for DOVE and defendants to produce a warrant authorizing them to enter and search his property.

32.     ISSA asked DOVE to produce a search warrant. This only enraged DOVE more. Recognizing the impropriety of the conduct and search, ISSA attempted to film DOVE with his

_____

[2] Dove informed Plaintiff upon his entry on to Plaintiff's property "**We are assigned directly from the Mayor's Office.**"

personal cell phone. DOVE responded by swinging and knocking ISSA's phone out his hand, instructing ISSA he could not film him, and then arrested ISSA.

33.    DOVE unlawfully prevented ISSA from filming DOVE and other officers, including DOVE's unlawful conduct, while on ISSA's own residential property in violation of clearly established law and in retaliation for ISSA exercising his constitutional right to film the police on his own property.

34.    Defendants then entered ISSA's property and began opening the doors to automobiles, searching the automobiles, and photographing ISSA's premises and vehicles.

35.    ISSA had clearly marked "**NO TRESPASSING**" signs in his front yard and on the enclosed gate leading into his back yard.

36.    During the inspection, Defendants indiscriminately placed yellow stickers on vehicles on ISSA's premises both in the front yard and in ISSA's enclosed gated back yard: "**NOTICE OF VIOLATION JUNK CAR AND CORRECTIVE ORDER**."



37.    DOVE and defendants indiscriminately tagged ISSA's personal vehicle and

vehicles of his sons with violation stickers. These vehicles were operable and in good working order. Despite this, the Defendants tagged these vehicles as *inoperable and public nuisances*. Each of these vehicles had up to date tags and registration and were very operable.  These vehicles were not junk cars and not a public nuisance.

38.     Since the Defendants determined all vehicles they stickered as "junk cars" and were deemed in operable by the City, ISSA's property was subject to restrictions on the use of such property. As such this conduct constituted a seizure within meaning of both the Fourth Amendment and Fourteenth of the United States Constitution as applied to state and local authorities. Additionally, defendants' conduct constituted a search and seizure within the meaning of Ala. Const. Art. I, § 5.

39.     Other law enforcement members of the task force on the scene expressed concern with DOVE's conduct as they too noted DOVE had escalated the encounter beyond that tolerated by a civilized society and sound policing.

40.     DOVE, in violation of municipal policy, either knowingly and intentionally failed to activate his body worn camera during his initial interaction with ISSA which would have otherwise captured DOVE's initial interaction with ISSA preventing ISSA filming him, and his unlawful entry on to ISSA's property, and the illegal search and seizure.

41.     Despite DOVE failing to record his initial interaction with ISSA and other unlawful conduct, much of DOVE's conduct and abuse of ISSA was captured on his later active BWC and other backing officers body worn camera.

42.     ISSA's verbal objection to DOVE's conduct along with ISSA's attempt to film DOVE, prompted DOVE to place ISSA in handcuffs, arrest him, and place him in the back of DOVE's patrol vehicle in the front yard.

43.     This was all done in front of ISSA's family.

44.     ISSA pleaded with DOVE to not take him into custody because his disabled wife was ill and depended upon ISSA for care, maintenance, and support.

45.     DOVE and members of the task force thereafter unlawfully, not in good faith, without a warrant, or any judicial authority, and without consent or probable cause, or arguable probable cause that any code violation existed, or criminal activity was afoot, entered the enclosed and gated back yard, inspected, searched and seized ISSA's property, placing Code violation stickers on his personal, his sons', and customers' vehicles.

46.     Some of the vehicles DOVE and defendants tagged were the vehicles of customers of ASH Auto Service Body Shop and Car Sales that ISSA was under agreements with his customers to repair.

47.     While ISSA speaks and understands the English language, he does have difficulty at times, which he expressed to DOVE, "**I don't speak good English**."

48.     DOVE publicly humiliated, mocked, and belittled ISSA in front of his two sons, and other law enforcement on scene.

49.     For instance, when ISSA asserted his constitutional rights to be free from an unlawful, search, seizure, arrest, abusive and unlawful conduct, DOVE said:

a)     "**What country in Europe are you from**?"
b)     "**If you get assimilated into this country, you might know what the law is!**"
c)     "**I'm the Police & What I say Goes!**"
d)     "**He who wears the gold shield calls the ball**."
e)     "**I'm an expert in criminal and civil law**."
f)     "**We don't give warnings!**"
g)     "**Do you honestly believe 'Mr. Iraqi Citizen' I need you to lecture me on the Constitution**?"
h)     "**Oh Jesus Christ. Don't pull the race card!**"
i)     "**Why do YOU PEOPLE have to make this worse than it is**?"
j)     "**Mr. Issa always do what the nice policeman tells you to do**."

    k)      **"We are assigned directly from the Mayor's Office.**"

    l)      **"We could've busted in the door**."

    m)     **"You're facing six months in jail**."[3]

50.    DOVE told ISSA, "**By state law, I have the right to inspect anything, anytime**!"

51.    ISSA had a pet dog *Blondie* behind the gated enclosure in his back yard. When ISSA informed DOVE and defendants that he had a pet in the back yard and to not let the dog out of the enclosure, DOVE threatened to shoot Blondie: "**If your dogs attack, the officers will shoot the dog and kill it**" and later threatened, "**we will have the pound come out and pick up the dog**."



**Blondie**

52.    After handcuffing and arresting ISSA, DOVE placed ISSA in the back of his police vehicle. When ISSA tried to plead with him regarding the arrest, DOVE commanded ISSA "**shut up**" and turned his radio all the way up drowning him out with Christian music.

53.    Realizing his conduct was in violation of clearly established law and procedures,

---

[3] Plaintiff along with his counsel was allowed to view the body camera footage of this event prior to the filing of this action.

DOVE ultimately "unarrested" ISSA informing him:

    a)    I'm not arresting you "**out of the kindness of my heart**."
    b)    "**I'll just chalk it up to he doesn't understand**."
    c)    I'm gonna unarrest you "**for confusion's sake. That's my gift to you. Merry Christmas!**"[4]

54.    As a result of DOVE and defendants' conduct, ISSA suffered physical injury requiring medical treatment. During the assault and arrest of ISSA, DOVE injured ISSA's wrist requiring medical treatment. This injury has adversely impacted ISSA's ability to earn a living.

55.    ISSA sought medical treatment for his injuries and medical providers prescribed pain medication for ISSA's injuries.

56.    After releasing ISSA, DOVE instructed ISSA he would be swearing out additional criminal warrants against ISSA for:

    A.  failure to obey;
    B.  resisting arrest; and
    C.  obstructing governmental operations.

57.    The next day on October 25, 2023, DOVE took the citations, swore to them before a magistrate, and initiated criminal prosecution against ISSA in the City of Mobile  Municipal Court.

58.    DOVE acknowledged in one of his sworn complaints that ISSA had a valid Mobile County business license at the time of the arrest- "**has county license**."

---

[4] It should be noted the arrest was in October and Plaintiff is of the Muslim faith. Dove noted in the obstructing charge that Issa was "Released at Scene."

59.    DOVE swore falsely before a City of Mobile Municipal Court magistrate on the complaint that ISSA's initial interaction with DOVE was "**all recorded on BWC** [body worn camera]."



60.    DOVE chose not to activate his BWC and record his initial entry on to ISSA's property which was exculpatory and showed the inspection was unlawful or otherwise in violation of ISSA's federal and state constitutional rights, as well as the City of Mobile Municipal Code.

61.    DOVE omitted this critical and exculpatory information, including his initial interaction with ISSA, to the magistrate in his quest to criminally charge ISSA, including the fact that many of the vehicles were not junk cars but the personal vehicles of ISSA and his sons and not in violation of the operative municipal ordinance.

62.    The magistrate relied on DOVE's intentional misrepresentation and omission in approving the citation and docketing the charges to include the charge of Obstruction of governmental operations in violation of §13A-10-3 of the Code of Alabama, a Class C Misdemeanor, punishable by up to ninety (90) days in jail. *See* Ala. Code § 13A-5-7(a)(3).

63.    DOVE failed to charge ISSA with a violation of the City of Mobile Municipal Code or the enabling ordinance adopting the state statute, Ala. Code §13A-10-3, and as such the Municipal Court had no jurisdiction.



64.    DOVE successfully encouraged the magistrate to unlawfully approve this complaint which was defective and unlawful and invalid on its face.

65.    As such the charge and UNTCC of obstructing governmental operations was a nullity in violation of ISSA's rights, and never should have been docketed for prosecution in the City of Mobile Municipal Court.

66.    DOVE never communicated this operative set of facts to the magistrate.

67.    DOVE's conduct violated clearly established law.

68.    The CITY OF MOBILE's legal department ultimately Nolle Prossed all charges against ISSA.

## **COUNT ONE:**

## **PROCEDURAL DUE PROCESS: ARTICLE I, §§ 6, 13, 35 OF ALABAMA CONSTITUTION**

## **PROCEDURAL DUE PROCESS: 42 U.S.C. 1983: FEDERAL FOURTEENTH AMENDMENT**

69.    Plaintiff adopts and incorporates by reference each of the allegations, facts, and averments contained in the preceding paragraphs as if set forth fully herein.

70.    The CITY OF MOBILE through its agents DOVE and Fictitious Parties 1-20, unlawfully entered, searched, and seized ISSA's personal property from his possession without procedural due process, and also in violation of City of Mobile Municipal Code.

71.    Defendants violated Sec.52.184 of the City of Mobile municipal code by failing to afford ISSA the thirty (30) day grace period. The ordinance clearly states that an inoperable vehicle be "*in view of the general public for thirty (30) days or more and is inoperable…*"

72.    Defendants cited ISSA the same day of their entry and inspection and cited ISSA's vehicles, some of which were operable, with insurance, registration, not junk cars and not a nuisance.

73.    Defendants did not afford ISSA, a business owner with an otherwise valid business license in Mobile County, with an opportunity for pre-compliance review of the alleged non-conforming uses or violations of municipal ordinances after annexation before entering, inspecting, searching and arresting ISSA.

74.    To the extent the City of Mobile Property Maintenance Code, authorizes a code

inspector to enter one's property without a warrant, legal process, or other method by which an occupant can contest the entry or learn the limits of the search, such an interpretation and enforcement practice is unlawful on its face and *as applied* to ISSA. Refusal of an unlawful search is a constitutional right of a citizen, as in ISSA's case is met with an arrest, potential incarceration, a potential fine, and Defendants' actions can only be contested *after the fact*.

75.    Defendants, without providing ISSA with notice the City of Mobile's enforcement code now applied to him or his business or that his business license with Mobile County did not relieve him of compliance with the municipal code, cited and arrested him.

76.    Defendants failed to provide citizens, including ISSA, who had a valid license to operate an otherwise lawful business through the state and county, a meaningful time and opportunity to transition into compliance before unlawful entry and inspection.

77.    Defendants failed to offer a meaningful opportunity to comply with the new municipal code before unlawfully entering, searching, inspecting, and seizing ISSA's property.

78.    Defendants failed to afford ISSA and his business a meaningful opportunity to apply for a municipal business license before citing, arresting him, and seizing his property.

79.    Despite this, Defendants still cited and arrested ISSA for conduct clearly lawful under the City of Mobile Municipal code.

## <u>COUNT TWO: UNLAWFUL SEARCH & SEIZURE</u>

- **Article I, § 5 of the Alabama Constitution: Unlawful Search & Seizure**

- **42 U.S.C. §1983: Fourth and Fourteenth Amendments of The United States Constitution[5]**

---

[5] State courts and the U.S. District Courts have jurisdiction to hear actions brought under 42 U.S.C.A. § 1983. Ingram v. Moody, 382 So. 2d 522 (Ala. 1980).

- **Section 52-1 (Section 104.3) of the City of Mobile Municipal Code**

80.    Plaintiff repeats and incorporates all the allegations of this Complaint, as if fully set forth herein.

81.    There was no evidence ISSA or his business posed an immediate threat to public health or safety or were related to any other exigent circumstances justifying a warrantless intrusion and search on ISSA, his property, and his business.

82.    ISSA's backyard was screened by an enclosed gate and privacy fencing. It was shielded from the view of individuals on the adjoining properties and specifically exempted from the City of Mobile municipal ordinance.

83.    Sec. 52-1 (§104.3) Property maintenance code of the City of Mobile as adopted by municipal ordinance **65-048-2017** authorizes a <u>limited</u> right of entry for inspection.

---

**104.3  Right of Entry**

Where it is necessary to make an inspection to enforce the provisions of this code, or whenever the *code official* has reasonable cause to believe that there exists in a *structure* or upon a *premises* a condition in violation of this code, the *code official* is authorized to enter the structure or *premises* at reasonable times to inspect or perform the duties imposed by this code, provided that if such *structure* or *premises* is occupied the *code official* shall present credentials to the *occupant* and request entry. If such structure or *premises* is unoccupied, the *code official* shall first make a reasonable effort to locate the *owner*, owner's authorized agent or other person having charge or control of the *structure* or *premises* and request entry. If entry is refused, the *code official* shall have recourse to the remedies provided by law to secure entry.

---

84.    However, the authority for Defendants to enter and inspect is not unlimited and must comply with the municipal ordinance as well as state and federal law.

85.    In the event a homeowner refuses inspection, the code official is required to resort to the "<u>remedies provided by law to secure entry</u>"- that is allegiance to state and federal constitutional requirements- Get a Warrant.

86.     The Fourth Amendment and the Fourteenth Amendment secures and safeguards the fundamental right of individuals against arbitrary actions by government officers, like DOVE, who feel no constraints against the unlawful arbitrary exercise of such power –"**I have the right to inspect anything, anytime**" and "**I'm the Police & What I say Goes**!" and "**Mr. ISSA always do what the nice policeman tells you to do**" and "**We could've busted in the door**" and "**He who wears the gold shield calls the ball**."

87.     Municipal Code enforcement officers, DOVE included, have no discretion once entry by a homeowner or business owner is refused. The officer shall instead have "recourse to the remedies provided by law" to secure entry. This is a hard and fast rule to foster fidelity to fundamental rights and for this ordinance to survive constitutional scrutiny against unlawful searches and seizures and not leave citizens at the mercy of the unbridled discretion of the law enforcement officers in the field.

88.     DOVE was therefore not acting with the scope of his discretionary authority.

89.     The plain language of Sec. 52-1 (§104.3) requires a code official resort to remedies provided by law when entry is refused.

90.     If a citizen refuses inspection, he cannot be arrested for exercising this constitutional right and for exercising a right secured by the plain language of Sec. 52-1 (§104.3).

91.     Accordingly, ISSA and thousands of others recently annexed into the City of Mobile are forced to choose between consenting to an unlawful search or subjecting themselves to arrest, incarceration, fines and penalties for refusing entry as the CITY OF MOBILE and its agents like DOVE enforce this ordinance.

92.    Arresting a citizen homeowner and business owner for refusing entry without a warrant is a clear violation of ISSA's constitutional rights, and rights secured by Mobile's Real Property Maintenance and Enforcement municipal code.

93.    DOVE and defendants, after being refused entry, instead of seeking recourse provided by law, arrested ISSA and searched ISSA's property as detailed above.

94.    Alternatively, the manner and method in which this entry was effectuated and executed even in compliance with the ordinance, still constituted an unlawful search and seizure *as applied* to ISSA in this instance.

95.    Finally, even if the Defendants conduct was lawful under the City of Mobile Municipal Code, the Code provision violates the Federal and State Constitution as cited above and is unconstitutional on its face and *as applied* to ISSA.

96.    An interpretation and enforcement of the City of Mobile Municipal code that sanctions warrantless entry and searches is in violation of the Fourth (and Fourteenth) Amendment to the United States Constitution and Article I, § 5 of the Alabama Constitution.

97.    Additionally, Defendants conduct was more than just an administrative inspection as Defendants arrested and charged ISSA with criminal offenses and constituted a criminal investigation.

98.    The Alabama Constitution protects individuals' rights to use private property and engage in any business that doesn't harm the public. (Article I, § 5 of the Alabama Constitution)

99.    Defendants unlawfully entered and searched ISSA's residential premises to include areas within the curtilage.

100.    ISSA's business clients vehicles and his and his sons' personal vehicles on the premises were on his private property and did not harm the public.

101.    Defendants stickered these vehicles as junk cars and deemed them inoperable so they could not be driven or operated on the roadways.

102.    DOVE lacked reasonable cause to believe ISSA premises was in violation of the municipal code and did not have consent of ISSA to enter and inspect the premises.

103.    Additionally, and upon information and belief, other newly annexed citizens and businesses have not been arrested for obstructing a warrantless search and seizure of one's residential property and curtilage.

104.    Alternatively, this was a circumstance where even if officers had probable cause to make arrests, they typically exercise their discretion not to, as the municipal goal is one of assisting newly annexed home and business owners, and is one of education and compliance rather than warrantless invasion and arrest.

105.    Some of ISSA's vehicles searched and seized by Defendants were operable motor vehicles and as such beyond the purview of Sec. 52 of the City of Mobile Municipal Code.

106.    Defendants acts and conduct described above violated ISSA's right to be free from unreasonable, excessive, and unlawful seizure.

107.    As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A.  Loss of liberty;
B.  Deprivation of liberty and property;
C.  Emotional and psychological injury, including but not limited to anxiety and depression;
D.  Physical Pain,    suffering, mental anguish, public and private humiliation, embarrassment  and emotional distress, past and future.
E.  Pain,    suffering,    mental anguish,    public and    private humiliation, embarrassment  and emotional distress, past and future.

**COUNT THREE: FREE SPEECH VIOLATION**

**Ala. Const., Article I, § 4: Freedom of speech**

**42 U.S.C. § 1983: Free Speech Violation of First and Fourteenth Amendment United States Constitution**

108.     Plaintiff repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein.

109.     DOVE retaliated against ISSA after ISSA attempted to exercise constitutional rights and by attempting to film DOVE. DOVE responded by arresting him using excessive force in effectuating his arrest of ISSA. DOVE caused injury to ISSA.

110.     ISSA never resisted arrest or engaged in any physical altercation or exhibited any verbal hostility with or toward DOVE or any defendants.

111.     DOVE's detention and arrest of ISSA was made in retaliation for ISSA exercising his rights under his Federal First and Fourteenth Amendments to film the police.

112.     DOVE's detention and arrest of ISSA was made in retaliation for ISSA exercising his rights under his state constitutional right under Ala. Const., Article I, § 4: Freedom of speech and press.

113.     DOVE terminated the filming so ISSA could not record DOVE and his unlawful conduct.

114.     DOVE prevented, destroyed, and/or spoliated evidence that was exculpatory, material, and relevant to ISSA's claims.

115.     DOVE destroyed and spoliated evidence that captured DOVE's retaliation for ISSA daring to question his authority and for ISSA asserting his clearly established constitutional rights.

116.     This retaliation motive of DOVE was corroborated by DOVE's statements captured on DOVE's later recorded body camera footage and mentioned previously.

117.    Perhaps most egregious is that ISSA was retaliated against for exercising a clearly established constitutional right *on his own property*.

118.    Additionally, ISSA's attempt to video his encounter was the only video evidence of his initial encounter with DOVE since the City claims it is not in possession of video of DOVE's initial encounter with ISSA.

119.    The right to film policy is clearly established law and has been in this jurisdiction for nearly a quarter of a century. Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000).

120.    Alternatively, the facts of this case are so egregious that DOVE violated the First Amendment in the total absence of case law. Williams as next friend of Williams v. Carter, No. 5:21-CV-510-LCB, 2023 WL 158219, at *4 (N.D. Ala. Jan. 11, 2023)

121.    Additionally, DOVE's detention and arrest of ISSA was made in retaliation for ISSA exercising his state and federal constitutional rights mentioned above to argue with the police over DOVE's unlawful conduct.

122.    ISSA's non-combative arguing with the police on his own property was constitutionally protected by the First Amendment and Fourteenth Amendment to the United States Constitution and Article I, § 4 of the Alabama Constitution.

123.    The law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for speaking out.

124.    "The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." City of Houston v. Hill, 482 U.S. 451, 462–63 (1987).

125.    At all times, from the initial contact through the arrest, ISSA did not make any false statements.

126.    DOVE's detention and arrest of ISSA were adverse actions which would chill a person of ordinary firmness from arguing with the police in protesting an unlawful and illegal search and seizure.

127.    DOVE's detention and arrest of ISSA were motivated by ISSA's exercise of the protected activity of arguing with the police on his own property.

128.    As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

    A.  Loss of liberty;
    B.  Deprivation of liberty and property;
    C.  Emotional and psychological injury, including but not limited to anxiety and depression;
    D.  Physical Pain,    suffering, mental anguish, public and private humiliation, embarrassment  and emotional distress, past and future.
    E.  Pain,    suffering,    mental anguish,    public and    private humiliation, embarrassment  and emotional distress, past and future.

## COUNT FOUR: ALA. CODE §11-47-90 NEGLIGENCE AND WANTONNESS AS TO DOVE, CITY OF MOBILE, AND TO FICTITIOUS PARTY DEFENDANTS 1-20

129.    Plaintiff repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein.

130.    ISSA repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein. This cause of action brought against DOVE, the CITY OF MOBILE and Fictitious Party Defendants 1-20 pursuant to the common law of the State of Alabama, and Ala. Code §11-47-190.

131.    DOVE negligently and/or wantonly acted in violation of:

    A.  the standard of care applicable to police officers;

    B.  the specific, mandatory and non-discretionary duties prescribed by the CITY OF MOBILE  for performing his work;

    C.  The City of Mobile Municipal Code to include Chapter 52 and entitled: Real Property Maintenance and Enforcement;

    D.  The Fourth Amendment to the U.S. Constitution and Article I, §§ 5, 13, 35 of the Alabama Constitution.

    E.  The First Amendment U.S. Constitution and Article I, § 4 of the Alabama Constitution.

132.    DOVE's acts and/or omissions were in violation of Alabama common and statutory law and the ordinances of the City of Mobile; said violations constitute negligence and wantonness *per se*;

133.    DOVE's conduct was in violation of the policies and procedures of the Mobile Police Department and City of Mobile Code Enforcement policies and procedures.

134.    DOVE's acts and/or omissions were reckless and were committed with a conscious disregard for the rights and safety of others, including ISSA.

135.    Defendants willfully, maliciously, fraudulently, in misinterpretation of the law, or in bad faith, and/or negligently, carelessly, or unskillfully, in harming ISSA.

136.    As a proximate consequence of the joint and several, combining and concurring, wantonness of Defendants CITY OF MOBILE, DOVE and/or one or more Fictitious Party Defendants listed and described herein and numbered 1-20, ISSA was caused to suffer permanent and serious injuries and damages.

137.    As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

    A.  Loss of liberty;
    B.  Deprivation of liberty and property;
    C.  Emotional and psychological injury, including but not limited to anxiety and depression;
    D.  Physical Pain,  suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.
    E.  Pain,  suffering,  mental anguish,  public and  private

humiliation, embarrassment and emotional distress, past and future.

## COUNT FIVE:
### NEGLIGENT HIRING, TRAINING, SUPERVISION, & RETENTION AS TO DEFENDANT CITY OF MOBILE and/or FICTITIOUS PARTY DEFENDANT 1-20

138.    Plaintiff repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein.

139.    The CITY OF MOBILE knew or should have known or discovered in the exercise of due diligence that DOVE was unfit to be a law enforcement officer, lacked the proper temperament to be a peace officer, and would engage in unlawful acts towards ISSA and the citizenry at large.

140.    DOVE has a history of misconduct and acts of physical violence towards citizens in the performance of his duties with the CITY OF MOBILE.

141.    DOVE had at least one prior violent encounter with a citizen where he was alleged to have treated the citizen "in a very demeaning manner in the docket room and subsequently beat, hit, strangled or otherwise harmed" the citizen.

142.    DOVE along with the CITY OF MOBILE was named in a civil lawsuit.

143.    The CITY OF MOBILE was alleged to have been on notice then of DOVE's violent and dangerous propensities as far back as 1989, when it was named as a defendant then for negligent hiring, training, and supervising DOVE.

144.    The CITY OF MOBILE filed a declaratory judgment arising out of that action against DOVE, its own agent and employee, alleging it owed no duty to defend him as his actions "were either intentional or were willful or wanton."

145.    The City was aware of this history when it retained and/or retained and/or promoted DOVE endowing him with supervisory police powers, law enforcement powers, and arrest powers.

146.    For purposes of this Count, ISSA is entitled to relief against Defendant CITY under state law because it owed a duty of reasonable care to ISSA and breached its duty to exercise reasonable care, through its wrongful acts, omissions, and/or negligence.

147.    Defendant CITY OF MOBILE had a non-delegable duty of care owed to ISSA, and breached this duty in the following ways, including, but not limited to, failing to adequately provide policies, procedures, or training to Mobile officers, including, but not limited to Defendant DOVE, regarding municipal code enforcement, searches, seizures, uses of force.

148.    Defendant CITY OF MOBILE had an obligation to properly screen, train, supervise, control, discipline, and/or terminate its employees. Moreover, Defendant CITY OF MOBILE had an obligation not to rehire DOVE as a law enforcement officer after he retired in 2017.

149.    Defendant CITY hired, retained, and/or rehired DOVE without exercising due diligence regarding DOVE's fitness to be a law enforcement officer

150.    The CITY OF MOBILE's actions and omissions fell far below the standard of care required under Alabama law for municipalities in hiring, training, and supervising police officers. The CITY's failure to properly train its officers on interactions with individuals like ISSA and those who were recently annexed into the police jurisdiction and its negligent retention of DOVE despite his history of misconduct constitute gross negligence under Alabama law.

151.    The CITY OF MOBILE's actions and omissions fell far below the standard of care required under Alabama law for municipalities in hiring, training, and supervising police officers. The CITY's failure to properly train DOVE on the required legal remedies and course of action to take when a citizen exercises his constitutional right to refuse entry to a code enforcement officer.

152.    The CITY OF MOBILE's actions and omissions fell far below the standard of care required under Alabama law for municipalities in hiring, training, and supervising police officers.

153.    The CITY OF MOBILE's actions and omissions fell far below the standard of care required under Alabama law for municipalities in hiring, training, and supervising police officers to properly train DOVE on the requisite use of force and body camera video preservation and recordation.

154.    The CITY OF MOBILE's actions and omissions fell far below the standard of care required under Alabama law for municipalities in hiring, training, and supervising police officers to properly train DOVE on a citizen's right to film law enforcement while the citizen is on his own property.

155.    The CITY OF MOBILE's actions and omissions fell far below the standard of care required under Alabama law for municipalities in hiring, training, and supervising police officers to properly train DOVE on the proper use and recordation of body worn cameras and evidence preservation.

156.    As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A.  Loss of liberty;
B.  Deprivation of liberty and property;
C.  Emotional and psychological injury, including but not limited to anxiety and depression;
D.  Physical Pain,    suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.
E.  Pain,    suffering,    mental anguish,    public and private humiliation, embarrassment and emotional distress, past and future.

**COUNT SIX: TRESPASS**
**Alabama Code § 6-5-210, et. seq.**

157.    Plaintiff repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein.

158.    Defendants entered ISSA's residential property and remained there, without his consent, without probable cause, and without a warrant or Court Order or legal process.

159.    Defendant DOVE and the CITY OF MOBILE, whether individually or in concert, willfully, and/or maliciously, and/or in bad faith, and/or mistaken interpretation of the law, and/or negligently, carelessly, or with unskillfulness committed an act of unlawfully trespassing on ISSA's private property to commit an unlawful act (s).

160.    As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

   A. Loss of liberty;
   B. Deprivation of liberty and property;
   C. Emotional and psychological injury, including but not limited to anxiety and depression;
   D. Physical Pain,    suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.
   E. Pain,    suffering,    mental anguish,    public and private humiliation, embarrassment and emotional distress, past and future.

**COUNT SEVEN: FALSE ARREST/FALSE IMPRISONMENT**

**Alabama Code § 6-5-170**

163.    Plaintiff repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein.

164.    At all times herein, the Defendants confined and/or caused the confinement of ISSA, through force and coercion, involuntarily and against his will. ISSA was arrested, placed in handcuffs, and placed in the back of the Mobile Police Department vehicle, thereby constituting an arrest of his person without lawful cause or justification.

165.    Once ISSA was falsely arrested, thereby depriving him, against his will and without lawful authority, of his personal liberty and freedom of movement.

166.    The Defendants' acts and conduct described above did violate ISSA's right to be free from unreasonable, excessive and unlawful seizures, as secured by the Fourth and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of Alabama and statutes of the State of Alabama. The false imprisonment and other forms of unreasonable seizure of ISSA were undertaken by the Defendants in the absence of probable cause to do so.

167.    As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A.    Loss of liberty;
B.    Deprivation of liberty and property;
C.    Emotional and psychological injury, including but not limited to anxiety and depression;
D.    Physical Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.
E.    Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

**COUNT EIGHT: MALICIOUS PROSECUTION**

168.    Plaintiff incorporates by reference the allegations set forth in the forgoing paragraphs as if fully set forth herein.

169.    Defendants initiated criminal proceedings against ISSA;

170.    The charges lacked probable cause;

171.    Defendants acted with Malice;

172.    The criminal proceeding was terminated in favor of ISSA;

173.    Defendants did not act in good faith and acted with willful or malicious intent.

174.    As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A.    Loss of liberty;
B.    Loss of business and lost income (past and future);
C.    Deprivation of liberty and property;
D.    Emotional and psychological injury, including but not limited to anxiety and depression; and
E.    Physical Pain;
F.    Pain,   suffering, mental anguish, public and  private humiliation, embarrassment  and emotional distress, past and future.

## COUNT NINE: ABUSE OF PROCESS

175.    Plaintiff incorporates by reference the allegations set forth in the forgoing paragraphs as if fully set forth herein.

176.    Defendants had an ulterior purpose;

177.    Defendants engaged in the wrongful use of process;

178.    Defendants acted with malice;

179.    As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A.    Loss of liberty;
B.    Deprivation of liberty and property;
C.    Emotional and psychological injury, including but not limited to anxiety and depression; and
D.    Physical Pain, suffering, mental anguish, public and private  humiliation, embarrassment  and emotional distress, past and future.
E.    Pain, suffering,    mental anguish,    public and    private humiliation, embarrassment  and emotional distress, past and future.

## COUNT TEN: OUTRAGE

180.    Plaintiff incorporates by reference the allegations set forth in the forgoing paragraphs as if fully set forth herein.

181.    DOVE's conduct goes beyond all possible bounds of decency.

182.    DOVE humiliated ISSA, and caused him to fear for his safety.

183.    The actions of DOVE and Defendants are outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

184.    The physical pain and emotional distress that the Defendants have caused ISSA to suffer is so severe that no reasonable person could be expected to endure it.

185.    As a proximate cause of the Defendants' extreme and outrageous conduct, ISSA suffered and continues to suffer from mental anguish, physical pain and suffering, humiliation, and will continue to suffer in the future.

## RELIEF REQUESTED

WHEREFORE, ISSA demands the following relief against Defendants individually and jointly:

(a)    A declaration that Defendants violated the state, federal, and municipal rights of ISSA;

(b)    A declaration that the City of Mobile Property Maintenance Code to comply with state and federal constitutional mandates, requires a search warrant for a code inspector to enter and inspect private property once entry is refused by a property owner.

(c)    Compensatory damages for the physical, emotional, and economic injuries suffered by ISSA and his business by reason of Defendants' unlawful and unjustified conduct, in an amount fair, just and reasonable and in conformity with the evidence at trial;

(d)    Punitive and exemplary damages as to the Defendants to the extent allowable by state and federal law;

(e)    Attorneys' fees and costs as allowed, pursuant to 42 U.S.C. §1988 and otherwise allowable at law or within discretion of the Court; and

(f)    Such other and further relief as appears just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted,

/s/ Matt Green
Matt Green, Esq. (GRE095)

OF COUNSEL:
Matt Green, Esq. (GRE095)
The Law Office of Matt Green, LLC
*The Pollock-Altmayer House*
501 Government Street, Suite 1
Mobile, AL 36602
P: (251) 434-8500
F: (251) 408-3265
E: matt@mattgreen.lawyer

## PLEASE SERVE THE DEFENDANTS AS FOLLOWS:

**By Sheriff:**

Jack Dove
8251 Silver Pine Rd.
Semmes, AL 36575

**By Certified Mail**:

City of Mobile
c/o Lisa Lambert
P.O. Box 1827
Mobile, AL 36633

Alabama Attorney General Steve Marshall
Office of the Attorney General
501 Washington Ave.
Montgomery, AL 36104