IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ABDALI ALI ISSA,<br><br>    *Plaintiff*,<br><br>v.<br><br>CITY OF MOBILE, JACK DOVE, et al.,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>1:25-cv-00106 |

**CITY OF MOBILE MOTION TO DISMISS IN PART**

Defendant City of Mobile (the "City") moves this Court to dismiss in part the Complaint (Doc. 2, PageID. 52-114) as to the City of Mobile. In support of its motion the City states as follows:

**I.     Introduction**

Plaintiff sues the City of Mobile under both federal and state law in relation to an incident concerning search and inspection of Plaintiff's property and vehicles pursuant to the City of Mobile's property maintenance code. The claims asserted against the City of Mobile include civil rights violations arising under the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution brought pursuant to 42 U.S.C. §1983 and state law claims.

Federal constitutional claims against the City are subject to municipal liability pleading standards. Plaintiff's Complaint lacks factual specificity and fails to identify any direct constitutional violations by the City or a specific "policy, practice, or custom of the City which caused the constitutional violation." *Oden, LLC v. City of Rome, Ga.*, 707 Fed. App'x 584, 588 (11th Cir. 2017). Plaintiff's allegations that Dove committed constitutional violations during his inspection of the vehicles does not state a claim against the City. Allegations concerning a single incident do not sufficiently allege municipal liability. *Oden*, 707 Fed. App'x at 586-88. Nor has

Plaintiff sufficiently plead a challenge to the constitutionality of the property maintenance code itself. Plaintiff also includes several Alabama state-law causes of action some of which are intentional torts not cognizable against the City. For the reasons set forth below, Plaintiff's Complaint is due to be dismissed as to the City in part.

## II.     Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a complaint should be dismissed if it fails to plead sufficient grounds to entitle the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must plead sufficient facts stating a plausible claim for relief. *Id.* at 545; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly, supra* at 570). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft, supra*. The court need not accept as true allegations in a complaint that are legal conclusions. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.     Factual Background

On February 7, 2025, Plaintiff filed this action entitled *Abdali Ali Issa v. City of Mobile, Jack Dove, et al.*, 02-cv-2025-900343("the Complaint") in the Circuit Court of Mobile County, Alabama. The Complaint names as defendants: the City of Mobile ("the City"), Jack Dove, and certain fictitious defendants arising out of an alleged confrontation with MPD officers that occurred at 1021 Leroy Stevens Road, Mobile, Alabama on October 24, 2023. The facts as alleged in the Complaint are as follows:

Plaintiff, Abdali Ali Issa ("Issa"), has for many years operated an automobile garage and shop at the Leroy Stevens road address, which also serves as his residence. (Doc. 2, PageID. 54-55, ¶ ¶ 19-21). Issa obtained a permit for the business with the State of Alabama/Mobile County and had been licensed to conduct business at that address since 2006. (Id., PageID. 55, ¶ 21). On

July 25, 2023 the City of Mobile annexed the Leroy Stevens Road area, including Issa's address. (Id., ¶ 22).

Allegedly, sometime before annexation, the City of Mobile received a complaint from "someone in the county" regarding Issa's property. (Doc. 2, PageID. 56, ¶ 26). The City of Mobile allegedly responded by flagging Issa's property and issuing a memo stating "do not enforce until after annexation." (Id., ¶ 27). After annexation on October 24, 2023, a mayoral task force led by co-defendant Jack Dove, then the Commander and Police Inspector of the Municipal Code Enforcement Task Force of the Mobile Police Department Special Investigations Section, conducted an investigation of the vehicles at the property. (Id., ¶ 28). Plaintiff claims that on that day Dove and other task force officers "entered Issa's property, unannounced, without a warrant to conduct a warrantless, search, seizure, and inspection." (Id.). "Dove and [unnamed] Defendants then unlawfully executed a search within the curtilage of Issa's residence and in the enclosed gated portion of Issa's backyard." (Id., ¶ 29).

The Complaint states that, during the encounter, Issa inquired about Dove's legal authority to search without a warrant and asked Dove to produce a warrant which allegedly enraged Dove. (Id., ¶ 30). Issa then attempted to film Dove with his cell phone causing Dove to knock the phone out of Issa's hand and ultimately leading to Issa temporarily being taken into custody in the back of a MPD vehicle in the front yard. (Id., PageID. 56 – 57, ¶¶ 32-33). Issa claims he was assaulted and publicly humiliated by Dove who used abusive language, and mocked and belittled Issa while taking him into custody in front of his family. (Id., PageID. 59-60, 61; ¶¶ 48-49, 54-55). Allegedly, Dove also threatened his dog. (Id., PageID. 60, ¶ 51).

Dove and his team then allegedly entered the property and "began opening the doors to automobiles, searching the automobiles, and photographing Issa's premises and vehicles." (Id.,

PageID. 57, ¶ 34). Dove and accompanying officers placed "Notice of Violation" stickers on vehicles on the premises. (Id., ¶ 36). The stickers stated as follows:

> Notice of Violation
> Junk Car
> And Corrective Order
>
> This vehicle has been determined to be a public nuisance. The owner of the vehicle has 30 days from receipt of this notice to remove the vehicle from this property or to store it in an enclosed building completely shielded from the view of individuals on adjoining properties.
>
> If the vehicle is not removed or stored, the City will cause its removal, with all expenses incurred being assessed against the registered owner of the vehicle if such owner can be identified, or against the owner of the property on which the vehicle is located. Within 30 days from receipt of this notice, the owner of the vehicle, any secured party, or the property owner may request in writing a hearing before the City Council on the question of abandonment and removal of the vehicle as a public nuisance. If such hearing is not requested in writing, the vehicle will be removed by the City. (City Ordinance 52-010).
>
> Required Action in 30 days

(Id.). Some of the vehicles tagged with a sticker, included personal vehicles that were operable as well as vehicles of customers. (Id., PageID. 57-58, ¶ 37).

Dove released Issa following the search. (Id., PageID. 60-61, ¶ 53). However, Dove initiated criminal prosecution against Issa in the City of Mobile Municipal Court the next day. (Id., PageID. 61, ¶ 57). Dove is alleged to have falsely sworn before the Magistrate misleading them about the status of his BWC footage and omitting critical and exculpatory information. (Id., PageID. 62-63, ¶¶ 59-61). Based on Dove's representations, the Magistrate charged Issa with Obstruction of Governmental Operations in violation of Ala. Code §13A-10-3, a Class C misdemeanor. (Id., PageID. 59, ¶ 62). However, the charges were ultimately nolle prossed by the City. (Id., PageID. 64, ¶ 68). The City is alleged to be vicariously liable for all of Dove's actions. (Id., PageID. 52-53, ¶ 2).

## IV. Legal Argument

As best can be discerned, Plaintiff attempts to plead multiple counts against the City primarily based on the acts of Dove. The following federal counts against the City are alleged pursuant to 42 U.S.C. §1983: (1) Procedural Due Process (Fourteenth Amendment); and (2) Unlawful Search and Seizure (Fourth and Fourteenth Amendment). Additionally, several Alabama state law claims are also raised: (1) Procedural Due Process (Alabama Constitution, Article I, §§ 6, 13, 35); (2) Unlawful Search and Seizure (Alabama Constitution, Article I, §5); (3) Negligence and Wantonness, Ala. Code §11-47-90; (4)Negligent Hiring, Training, Supervision & Retention; (5) Trespass; (6) False Arrest/False Imprisonment; (7) Malicious Prosecution; (8) Abuse of Process; and (9) Outrage. For the reasons explained below, all of these claims with the exception of state law claims for negligence and wantonness (Count 4) and negligent hiring, training, supervision, and retention (Count 5) are due to be dismissed as to the City.

### A. The Complaint Fails to Properly Plead a Municipal Liability Claim as to the City For Claims Arising Under 42 U.S.C. § 1983 (Counts One and Two).

Section 1983 civil rights actions, like all civil actions, are governed by the *Iqbal* and *Twombly* pleading standards. *Hoefling v. City of Miami*, 811 F.3d 1271, 1276 (11th Cir. 2016). The substantive requirements for establishing municipal liability under Section 1983 apply to all claims against municipalities. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Under the well-established municipal liability rule "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under §1983." *Id.*

**1. Plaintiff's Complaint does not meet minimum pleading standards because it fails to allege a specific policy, custom, or practice by the City resulting in a constitutional violation.**

The Complaint alleges only limited facts, many of them conclusory, directly involving the City. For example, it states that Plaintiff's property was "flagged" for compliance by the City following annexation. (Doc. 2, PageID. 56, ¶ 26).However, it does not allege a specific pattern or practice of the City systematically targeting new citizens being annexed into the City for nuisance abatement or executing warrantless searches and subsequent arrests.[1] Indeed, the Complaint states that "upon information and belief, other newly annexed citizens and businesses *have not been* arrested for obstructing a warrantless search and seizure of one's residential property and curtilage." (Id., PageID. 69, ¶ 103). Plaintiff further acknowledges that the City found out about the vehicles through a citizen complaint, cutting against any inference of targeting on the part of the City. (Id., PageID. 56, ¶ 26).

Nor does the Complaint allege any specific pattern or practice concerning officers impermissibly executing searches without a warrant during nuisance inspections or using other abusive tactics. Dove himself is alleged to have been the subject of at least one citizen complaint from over thirty-five years ago, but again there are no specific allegations establishing a pattern or practice that can be attributed to the City of Mobile or the type of constitutional violations alleged. (Id., PageID. 74, ¶ 143).

The Eleventh Circuit has outlined the requirements to sufficiently plead Section 1983 municipal liability as follows:

> Municipal liability under § 1983 obtains only where "the municipality has officially sanctioned or ordered" the constitutional violation at issue. A municipality may be liable for an official policy

---

[1] It goes without saying that there is nothing unconstitutional about simply applying the municipal ordinance code to new properties annexed within the City.

> enacted by its legislatively body, or where its policymakers have acquiesced in a longstanding standard operating procedure, or where an entity with "final policymaking authority" ratifies the unconstitutional decision of a subordinate. Although a plaintiff need not identify a final policymaker at the pleading stage, **a plaintiff must "allege a policy, practice, or custom** of the [municipality] which caused" the constitutional violation.

*Oden,* 707 Fed. App'x at 586-87 (citing *Hoefling,* 811 F.3d at 1279) (internal citations omitted) (brackets in original) (emphasis added). Thus, Plaintiff must allege a specific policy, practice, or custom of the City that caused its constitutional violation.

"A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). However, it has been noted that a County or municipality will rarely "have an officially-adopted policy of permitting a particular constitutional violation." *Grech v. Clayton Cty., Ga.*, 335 F. 3d 1326, 1329 (11th Cir. 2003). As such, § 1983 plaintiffs are typically left attempting to establish an unofficial custom or practice. To establish § 1983 liability against the City based on an unofficial custom or practice, "a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991).

This high standard of establishing an unofficial custom or policy is matched only by the additional causation requirement. There must be a direct causal link between the policy or custom and the resulting constitutional deprivation. As the Supreme Court has held,

> [I]t is not enough for a § 1983 plaintiff to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the City was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bd. of Cty. Com'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original). This burden is "intentionally onerous." *Gold v. City of Miami*, 151 F.3d 1346, 1351 n. 10 (11th Cir. 1998). To permit a lesser showing, either at the custom or policy identification stage or the causation stage, would "equate to subjecting the municipality to respondeat superior liability – a result never intended by section 1983." *Id.*

Here, Plaintiff's Complaint fails to plausibly allege the existence of a policy, practice, or custom of the City that was the moving force behind the described constitutional violations.

### 2. Plaintiff's Complaint does not meet minimum pleading standards because it only alleges a single instance of improper conduct by the City.

In addition to failing to show what specific deliberate conduct by the City amounting to a policy, custom, or practice was constitutionally impermissible, Plaintiff also fails to allege other instances that would render Plaintiff's injuries part of the City's pattern of conduct. Proof of a single unconstitutional incident is not sufficient, but rather there must exist a pattern of similar constitutional violations. *Craig v. Floyd Cty., Ga.*, 643 F.3d 1306, 1310-11 (11th Cir. 2011). "A single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several employees of the municipality." *Id.* at 1311; *Oden*, 707 Ged. App'x at 588. Plaintiff does not point to any other instance or example of unconstitutional conduct on the part of the City similar to that of Plaintiff's situation. And in fact affirmatively pleads that they are not aware of any similar incidents. This is fatal to Plaintiff's claim for municipal liability absent a direct City policy causing the violation. *Oden,* 707 Fed. App'x at 588.

### 3. The City Ordinances Cited Are Not the Cause of Any Deprivation.

A city ordinance may constitute official policy, but liability can only attach if that ordinance is responsible for the deprivation of rights. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016)

Plaintiff's Complaint does not demonstrate how the City Ordinances cited in the Complaint caused any constitutional violation. For example, the Complaint does not allege that there is anything wrong with the notice provision found at Sec. 52.184, which Plaintiff interprets as requiring a 30 day-grace period before declaring a vehicle "inoperable." The allegation is simply that Dove and his team did not adhere to it. (Doc. 2, PageID. 64, ¶ 71).

The Complaint does cite the City municipal ordinance involving an inspector's right of entry as facially violating his constitutional rights, both as to procedural due process and unreasonable search and seizure, albeit in the alternative and in a conclusory fashion. (Id., PageID. 60, 67; ¶¶ 83-85, 89-90). Section 52-1 (§104.3) provides specifically as follows:

> 104.3 Right of Entry
>
> Where it is necessary to make an inspection to enforce the provisions of this code, or whenever the code official has a reasonable cause to believe that there exists in a structure or upon a premises a condition in violation of this code, the code official is authorized to enter the structure or premises at reasonable times to inspect or perform the duties imposed by this code provided that if such structure or premises is occupied the code official shall present credentials to the occupant and request entry. If such structure or premises is unoccupied, the code official shall first make a reasonable effort to locate the owner, owner's authorized agent or other person having charge or control of the structure or premises and request entry. If entry is refused, the code official shall have recourse to the remedies provided by law to secure entry.

In one breath, Plaintiff alleges that "the plain language of Section 52-1 (§104.3) requires a code official resort to remedies provided by law when entry is refused," thus incorporating constitutional limitations. (Id., PageID. 67, ¶ 89). However, the Complaint alternatively posits in conclusory form that the ordinance is unconstitutional on its face. (Id., PageID. 67, 69; ¶¶ 89, 95). That conclusory allegation however, belies all of the specific factual allegations acknowledging that on its face the ordinance requires that the inspector only use recourse provided by law. (Id., PageID. 66, 67; ¶¶ 85, 89). Thus, the ordinance itself is not the cause of any constitutional

deprivation, nor does the Complaint allege that there exists a pattern or practice of the City interpreting the ordinance in an unconstitutional manner. In short, the grievances as currently stated in the Complaint, implicate Dove's acts, but not the City of Mobile. Thus, the federal claims should be dismissed

### B. The Procedural Due Process Claim Fails Separately For Lack of Deprivation of Property Rights.

Plaintiff's procedural due process claim fails for the additional reason that it does not allege the basic elements of the claim-- that Plaintiff suffered a deprivation of property without an opportunity to be heard. *See Catron v. City of St. Petersburg,* 658 F.3d 1260, 1266 (11th Cir. 2011). Specifically, "a Section 1983 procedural due process claim requires a plaintiff to prove three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes,* 345 F.3d 1225, 1232 (11th Cir.2003). As to the first element, the Complaint does not allege that the City ever took possession or demolished any of the cars at Issa's property, nor does Issa specifically seek damages for any of the vehicles. Additionally, the Notice of Violation (incorporated into the complaint, at Paragraph 36) clearly explains the 30 day notice and hearing process, whereby Plaintiff could request a hearing to oppose the nuisance determination and avoid deprivation. (Doc. 2, PageID. 57, ¶ 36). Thus, on its face the Complaint does not allege any deprivation of property without due process.

### C. Alabama State Law Claims for Intentional Torts Are Not Cognizable Against the City

Counts Seven through Ten[2] allege that the City is liable for what appear to be state law intentional torts: **Count Seven—False Arrest/False Imprisonment**, **Count Eight—Malicious Prosecution, Count Nine—Abuse of Process, and Count Ten—Outrage**. None of these state a claim against the City because each seeks to hold it vicariously liable for the intentional torts of its agents/employees.

Under Alabama law, municipalities may not be held "liable for damages for injury done to or wrong suffered by any person ... unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty." Ala.Code § 11–47–190.

Alabama Code § 11–47–190 thus "absolves a city from liability for an intentional tort committed by one of its agents." *Ex parte City of Gadsden,* 718 So.2d 716, 721 (Ala.1998). As the Eleventh Circuit has recognized, "under § 11–47–190, a city is liable for negligent acts of its employees within the scope of their employment, ***but not intentional torts of its employees.***" *Brown v. City of Huntsville, Ala.,* 608 F.3d 724, 743 (11th Cir.2010) (emphasis added).

Because Counts Six through Ten seek to hold the City liable for intentional torts committed by its officer-employees, they fail to state a claim and should be dismissed. *See Lambert v. Herrington,* No. CV 1:19-00854-KD-B, 2021 WL 566528, at *7 (S.D. Ala. Jan. 22, 2021), aff'd, No. 21-10452, 2022 WL 2345769 (11th Cir. June 29, 2022) (state law claims for false imprisonment, false arrest barred under Ala. Code § 11-47-190); *Delchamps, Inc. v. Bryant*, 738 So.2d 824, 834 (Ala.1999) (liability for malicious prosecution is not "within the traditional categories of 'neglect, carelessness or unskillfulness' "); *Walker v. City of Huntsville,* 62 So. 3d

---

[2] Count 6 alleges both negligent and intentional trespassing. To the extent, that Count reaches intentional tort conduct, the arguments in Section II equally apply to the intentional trespass claim. See (Doc. 2, PageID.40).

474, 502 (Ala. 2010) ( "Because the City, under § 11–47–190, may be liable only for acts of neglect, carelessness or unskillfulness, the trial court correctly entered a summary judgment for the City on Walker's tort-of-outrage claim."); *C.C. & J., Inc. v. Hagood*, 711 So. 2d 947, 950 (Ala. 1998) (The elements of the tort of abuse of process are 1) the existence of an ulterior purpose, 2) a wrongful use of process, and 3) malice).

      **D.**    **No Punitive Damages Can Be Recovered Against the City of Mobile Under State Law Claims.**

The request for punitive damages against the City of Mobile as to state law counts (4-10) are due to be stricken from the Complaint. Alabama Code § 6-11-26 provides that "[p]unitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or agency thereof, except any entity covered under the Medical Liability Act now codified as Section 6-5-480 *et seq.*, or any acts amendatory thereto."

For all the reasons set forth above, the City moves to dismiss Counts One, Two, Six (in part), Seven, Eight, Nine and Ten as to the City of Mobile.

                                          Respectfully submitted,

                                          /s/ Taylor B. Johnson
                                          RICARDO A. WOODS
                                          TAYLOR B. JOHNSON
                                          KRISTY L. WALDRON
                                          *Attorneys for Defendants City of Mobile and Jack Dove*

OF COUNSEL:
BURR & FORMAN LLP
11 N. Water Street, Suite 22200
Mobile, AL 36602
Tel:   251-344-5151
Fax:  251-344-9696
Email: rwoods@burr.com

tjohnson@burr.com
kwaldron@burr.com

## Certificate of Service

    I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on March 20, 2025:

Matt Green, Esq.
The Law Office of Matt Green, LLC
501 Government Street, Suite 1
Mobile, Alabama 36602
matt@mattgreen.lawyer

                                            */s/ Taylor B. Johnson*
                                            Counsel