IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ABDALI ALI ISSA,<br><br>   *Plaintiff*,<br><br>v.<br><br>CITY OF MOBILE, JACK DOVE, et al.,<br><br>   *Defendants*. | CIVIL ACTION NO.<br>1:25-cv-00106 |

### JACK DOVE'S MOTION TO DISMISS IN PART

Defendant Jack Dove moves this Court to dismiss in part the Complaint (Doc. 2, PageID. 52-114) as to himself. In support of his motion Dove states as follows:

### I.   Introduction

Plaintiff sues Defendant Jack Dove under both federal and state law in relation to an incident concerning search and inspection of Plaintiff's property and vehicles pursuant to the City of Mobile's property maintenance code. At all pertinent times, Dove served as an officer of the Mobile Police Department ("MPD") tasked with enforcing said code. Against him, the Complaint asserts civil rights violations arising under the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution brought pursuant to 42 U.S.C. §1983, as well as violations of the Alabama Constitution, and state law tort claims. For the reasons set forth below, Plaintiff's Complaint is due to be dismissed as to Dove in part.

### II.   Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a complaint should be dismissed if it fails to plead sufficient grounds to entitle the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must plead sufficient facts stating a plausible claim for relief. *Id.* at 545; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly, supra* at 570). "Threadbare recitals of a cause

of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, *supra*. The court need not accept as true allegations in a complaint that are legal conclusions. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.     Factual Background

On February 7, 2025, Plaintiff filed this action entitled *Abdali Ali Issa v. City of Mobile, Jack Dove, et al.*, 02-cv-2025-900343("the Complaint") in the Circuit Court of Mobile County, Alabama. The Complaint names as defendants: the City of Mobile ("the City"), Jack Dove, and certain fictitious defendants arising out of an alleged confrontation with MPD officers that occurred at 1021 Leroy Stevens Road, Mobile, Alabama on October 24, 2023. The facts as alleged in the Complaint are as follows:

Plaintiff, Abdali Ali Issa ("Issa"), has for many years operated an automobile garage and shop at the Leroy Stevens road address, which also serves as his residence. (Doc. 2, PageID. 54-55, ¶¶ 19-21). Issa obtained a permit for the business with the State of Alabama/Mobile County and had been licensed to conduct business at that address since 2006. (Id., PageID. 55, ¶ 21). On July 25, 2023 the City of Mobile annexed the Leroy Stevens Road area, including Issa's address. (Id., ¶ 22).

Allegedly, sometime before annexation, the City of Mobile received a complaint from "someone in the county" regarding Issa's property. (Doc. 2, PageID. 56, ¶ 26). The City of Mobile allegedly responded by flagging Issa's property and issuing a memo stating "do not enforce until after annexation." (Id., ¶ 27). After annexation on October 24, 2023, a mayoral task force led by co-defendant Jack Dove, then the Commander and Police Inspector of the Municipal Code Enforcement Task Force of the Mobile Police Department Special Investigations Section,

conducted an investigation of the vehicles at the property. (Id., ¶ 28). Plaintiff claims that on that day Dove and other task force officers "entered Issa's property, unannounced, without a warrant to conduct a warrantless, search, seizure, and inspection." (Id.). "Dove and [unnamed] Defendants then unlawfully executed a search within the curtilage of Issa's residence and in the enclosed gated portion of Issa's backyard." (Id., ¶ 29).

The Complaint states that, during the encounter, Issa inquired about Dove's legal authority to search without a warrant and asked Dove to produce a warrant which allegedly enraged Dove. (Id., ¶ 30). Issa then attempted to film Dove with his cell phone causing Dove to knock the phone out of Issa's hand and ultimately leading to Issa temporarily being taken into custody in the back of a MPD vehicle in the front yard. (Id., PageID. 56 – 57, ¶¶ 32-33). Issa claims he was assaulted and publicly humiliated by Dove who used abusive language, and mocked and belittled Issa while taking him into custody in front of his family. (Id., PageID. 59-60, 61; ¶¶ 48-49, 54-55). Allegedly, Dove also threatened his dog. (Id., PageID. 60, ¶ 51).

Dove and his team then allegedly entered the property and "began opening the doors to automobiles, searching the automobiles, and photographing Issa's premises and vehicles." (Id., PageID. 57, ¶ 34). Dove and accompanying officers placed "Notice of Violation" stickers on vehicles on the premises. (Id., ¶ 36). The stickers stated as follows:

> Notice of Violation
> Junk Car
> And Corrective Order
>
> This vehicle has been determined to be a public nuisance. The owner of the vehicle has 30 days from receipt of this notice to remove the vehicle from this property or to store it in an enclosed building completely shielded from the view of individuals on adjoining properties.
>
> If the vehicle is not removed or stored, the City will cause its removal, with all expenses incurred being assessed against the registered owner of the vehicle if such owner can be identified, or against the owner of the property on which the

vehicle is located. Within 30 days from receipt of this notice, the owner of the vehicle, any secured party, or the property owner may request in writing a hearing before the City Council on the question of abandonment and removal of the vehicle as a public nuisance. If such hearing is not requested in writing, the vehicle will be removed by the City. (City Ordinance 52-010).

Required Action in 30 days

(Id.). Some of the vehicles tagged with a sticker, included personal vehicles that were operable as well as vehicles of customers. (Id., PageID. 57-58, ¶ 37).

Dove released Issa following the search. (Id., PageID. 60-61, ¶ 53). However, Dove initiated criminal prosecution against Issa in the City of Mobile Municipal Court the next day. (Id., PageID. 61, ¶ 57). Dove is alleged to have falsely sworn before the Magistrate misleading them about the status of his BWC footage and omitting critical and exculpatory information. (Id., PageID. 62-63, ¶¶ 59-61). Based on Dove's representations, the Magistrate charged Issa with Obstruction of Governmental Operations in violation of Ala. Code §13A-10-3, a Class C misdemeanor. (Id., PageID. 59, ¶ 62). However, the charges were ultimately nolle prossed by the City. (Id., PageID. 64, ¶ 68).

## IV. Legal Argument

The following federal counts against Dove are alleged pursuant to 42 U.S.C. §1983: (1) Procedural Due Process (Fourteenth Amendment); (2) Unlawful Search and Seizure (Fourth and Fourteenth Amendment); and (3) Freedom of Speech (First Amendment). Additionally, several Alabama state law claims are also raised: (1) Negligence and Wantonness, (2) Trespass; (3) False Arrest/False Imprisonment; (4) Malicious Prosecution; (5) Abuse of Process; and (6) Outrage.

The Complaint avers that it "is in part a civil rights action in which ISSA seeks relief for Defendants' violations, under color of law, of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the First, Fourth, Ninth, and Fourteenth Amendments

to the United States Constitution, and the Constitution of the State of Alabama and laws of the State of Alabama." (Doc. 2, Page ID. 136, ¶ 12).

It is unclear what conduct the Plaintiff alleges violated his Ninth Amendment rights, but, as a matter of law, any such claims must fail because "there are no constitutional rights secured by this amendment." *See Mitchell v. Reid*, No. 2:17-CV-379-ALB-JTA, 2020 WL 4742986, at *8 (M.D. Ala. May 12, 2020), *report and recommendation adopted,* No. 2:17CV379-RAH, 2020 WL 4735346 (M.D. Ala. Aug. 14, 2020).  Similarly Plaintiff's claims pursuant to Article I of the Alabama Constitution (found in Counts 1, 2, and 3) are not cognizable because no private action for monetary damages exists under the Alabama Constitution. *Scott v. City of Mobile*, No. CV 17-143-CG-N, 2017 WL 3262137, at *4 (S.D. Ala. July 5, 2017), report and recommendation adopted, No. CV 17-0143-CG-N, 2017 WL 3262132 (S.D. Ala. July 28, 2017), citing *Matthews v. Alabama A & M Univ.*, 787 So.2d 691, 698 (Ala. 2000) (Alabama Supreme Court has professed awareness of no authority "that recognizes a private cause of action for monetary damages based on violations of the provisions of the Constitution of Alabama of 1901.") Plaintiff's claims pursuant to the Constitution of Alabama for monetary damages are therefore due to be dismissed.

### A. The Complaint Fails to State a Procedural Due Process Claim Arising Under 42 U.S.C. § 1983 (Count One).

When the government deprives a citizen of a constitutionally protected interest, due process requires notice and opportunity for a hearing "at a meaningful time and in a meaningful manner," although the notice and hearing may be postponed until after the deprivation has occurred. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011). To prevail on a § 1983 procedural due process claim, a plaintiff must prove the following three elements: (1) a deprivation of a constitutionally-protected property interest; (2) state action; and (3) constitutionally-inadequate process. *Spencer v. Benison*, 5 F.4th 1222, 1232 (11th Cir. 2021).  Further, a plaintiff must show

5

"an affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation." *Spencer*, 5 F.4th at 1232. Plaintiff Issa's procedural due process claim fails for lack of factual allegations establishing the first or third elements.

### 1. Plaintiff's Complaint fails to allege deprivation of property rights.

The Complaint fails to state a procedural due process claim because it alleges no government deprivation of a property interest. Count One, Procedural Due Process, consists of various criticisms regarding Defendants' enforcement of the junk vehicle (public nuisance abatement) ordinance, but identifies no impairment of Plaintiff's rights with respect to the vehicles. The Complaint does not allege that the City ever took possession or demolished any of the cars at Issa's property, nor does Issa specifically seek damages for any of the vehicles.

Additionally, the Notice of Violation (incorporated into the complaint, at Paragraph 36) clearly explains the 30 day notice and hearing process, whereby Plaintiff could request a hearing to oppose the nuisance determination and avoid deprivation. (Doc. 2, PageID. 57, ¶ 36).



Thus, on its face the Complaint does not allege any deprivation of property without due process.

**2. Plaintiff's Complaint fails to allege a constitutionally inadequate nuisance abatement procedure.**

Assuming, *arguendo*, a constitutionally-cognizable property deprivation, due process would turn on whether the procedures used to effect this deprivation were fair and adequate under the Constitution. *Ashe v. City of Montgomery*, 754 F. Supp. 2d 1311, 1316 (M.D. Ala. 2010).

Plaintiff claims that he was not provided constitutionally adequate notice or an opportunity to be heard in connection with the abatement proceedings:

7

> "Defendants violated Sec. 52.184 of the City of Mobile municipal code by failing to afford ISSA the thirty (30) day grace period. The ordinance clearly states that an inoperable vehicle be 'in view of the general public for thirty (30) days or more and is inoperable…'". (Doc. 2, PageID.64, ¶ 71) (emphasis original).
>
> "Defendants cited ISSA the same day of their entry and inspection and cited ISSA's vehicles…" (Doc. 2, PageID.64, ¶ 72).
>
> "Defendants did not afford ISSA…with an opportunity for pre-compliance review of the alleged non-conforming uses or violations before entering, inspecting, searching and arresting ISSA." (Doc. 2, PageID.64, ¶ 73).
>
> "…Defendants' actions can only be contested *after the fact*." (Doc. 2, PageID.65, ¶ 74) (emphasis original).

However, despite the foregoing allegations, it is apparent from the face of the Complaint that no deprivation occurred on the date of the inspection. On that date, Plaintiff was provided notice of the abatement process and given thirty (30) days in which to either bring the vehicles into compliance or request a hearing. According to the plausible factual allegations of the Complaint, Dove properly advised Plaintiff of the City's pre-deprivation nuisance abatement procedure. A similar procedure was held to be constitutionally adequate in *Ashe v. City of Montgomery*, 754 F. Supp. 2d 1311, 1319 (M.D. Ala. 2010). Plaintiff has therefore failed to state a procedural due process claim against Defendant Dove.

### B. The Complaint Fails to Allege a Constitutionally Cognizable Seizure of Property (Count 2).

Just as the Complaint fails to allege a deprivation of property for procedural due process purposes, it fails to allege a seizure of property for Fourth Amendment Unlawful Seizure purposes. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656, 80 L. Ed. 2d 85 (1984).

Regarding seizure of property, the Complaint alleges only that:

8

> Defendants tagged [Issa's] vehicles as *inoperable and public nuisances*." "Since the Defendants determined all vehicles they stickered as 'junk cars' and were deemed in operable [sic] by the City, ISSA's property was subject to restrictions on the use of such property. As such this conduct constituted a seizure within the meaning of both the Fourth Amendment and Fourteenth [Amendment]…

(Doc. 2, PageID. 58, ¶ ¶ 37-38) (emphasis original). Despite the foregoing, there are no factual allegations to suggest that the stickers Dove allegedly placed on Plaintiff's vehicles interfered with Plaintiff's possessory interests. The allegation that said conduct "constituted a seizure within the meaning of both the Fourth Amendment and Fourteenth [Amendment]" is mere conclusion.

To the extent that Count Two purports to state a claim for unconstitutional seizure of property, it is due to be dismissed.

### C. The Complaint Fails to State a Claim for Abuse of Process (Count 9).

In order to state a claim for abuse of process under Alabama law, a plaintiff must allege: (1) the existence of an ulterior purpose; (2) a wrongful use of process, and (3) malice. *Moon v. Pillion*, 2 So. 3d 842, 846 (Ala. 2008). "[A]buse of process will not lie where no result was obtained that is unlawful or improperly attainable under the law."). *Moon*, 2 So. 3d at 847.

Whereas "[m]alicious prosecution concerns the wrongful *issuance* of process; abuse of process concerns the wrongful *use* of process *after it has been issued. Willis v. Parker*, 814 So. 2d 857, 865–66 (Ala. 2001) (emphasis original). Merely instituting a criminal prosecution which is subsequently dismissed will not give rise to a claim for abuse of process because "*there is no liability where the defendant has done nothing other than carry out the process to its authorized conclusion, even though with bad intentions." Willis,* 814 So. 2d at 865(emphasis original).

Because the Complaint alleges that the charges Dove brought against Plaintiff in municipal court were dismissed for lack of jurisdiction, it fails to state a claim for abuse of process.

### V. <u>Conclusion</u>

9

For all the reasons set forth above, Dove moves to dismiss Counts One, Two (in part), and Nine as to himself, as well as claims for violation of the Alabama Constitution and the Ninth Amendment of the Constitution of the United States.

                                                Respectfully submitted,

                                                */s/ Kristy L. Waldron*
                                                RICARDO A. WOODS
                                                TAYLOR B. JOHNSON
                                                KRISTY L. WALDRON
                                                *Attorneys for Defendants City of Mobile and Jack Dove*

**OF COUNSEL:**
**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, AL  36602
Tel:    251-344-5151
Fax:   251-344-9696
Email: rwoods@burr.com
           tjohnson@burr.com
           kwaldron@burr.com

## Certificate of Service

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on March 28, 2025:

    Matt Green, Esq.
    The Law Office of Matt Green, LLC
    501 Government Street, Suite 1
    Mobile, Alabama 36602
    matt@mattgreen.lawyer

                                                */s/ Kristy L. Waldron*
                                                Counsel