IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ABDALI ALI ISSA,<br><br>    *Plaintiff*,<br><br>v.<br><br>CITY OF MOBILE, JACK DOVE, et al.,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>1:25-cv-00106 |

### CITY OF MOBILE'S REPLY IN SUPPORT OF MOTION TO DISMISS IN PART

COMES NOW Defendant City of Mobile (the "City") and files this reply in support of its Motion to Dismiss in Part (Doc. 6) the Complaint (Doc. 2, PageID. 52-114) as to the City of Mobile. In support of its motion the City states as follows:

**I.  State Law Claims for Intentional Torts Are Not Cognizable Against the City**

The City moved to dismiss the following intentional tort claims: **Count Six—Trespassing, Count Seven—False Arrest/False Imprisonment**, **Count Eight—Malicious Prosecution, Count Nine—Abuse of Process, and Count Ten—Outrage** on grounds that Alabama Code § 11–47–190 "absolves a city from liability for an intentional tort committed by one of its agents." *Ex parte City of Gadsden,* 718 So.2d 716, 721 (Ala.1998).

**A.  Plaintiff concedes that Counts 8 and 10 should be dismissed.**

In response to the City's Motion, Plaintiff concedes that Count Eight—Malicious Prosecution and Count Ten—Outrage are due to be dismissed. (Doc. 8, PageID. 250-251).

**B.  Counts Six, Seven, and Nine are due to be dismissed.**

**1. Count Nine—Abuse of Process**

Plaintiff incorrectly cites a Southern District of Florida case applying Florida law for the proposition that the abuse of process claim is a cognizable claim against the City of Mobile. (Doc.

8, PageID. 251, citing *Pottinger v. City of Miami*, 810 F. Supp. 1551, 1566 (S.D. Fla. 1992)). "Abuse of process" is an intentional tort under Alabama law. The elements of an abuse of process claim in Alabama are as follows: (1) the existence of an ulterior purpose; (2) a wrongful use of process; and **(3) malice**. *Triple J. Cattle, Inc. v. Chambers,* 621 So.2d 1221, 1225 (Ala. 1993). This Court has recently recognized that abuse of process claims are not cognizable against an Alabama municipality due to the application of Ala. Code , § 11-47-190. *Archibald v. City of Creola*, No. CV 22-00312-JB-M, 2023 WL 5352616, at *12 (S.D. Ala. Aug. 21, 2023), *appeal dismissed*, No. 23-13016-HH, 2024 WL 4211581 (11th Cir. May 7, 2024) ("Moreover, a municipality may only be liable for injury suffered through the neglect, carelessness, or unskillfulness of an agent, officer, or employee of the municipality while in the line and scope of his duty. [ ] Therefore, the City cannot be liable for intentional torts such as abuse of process, outrage, invasion of privacy, defamation, conspiracy or wantonness."). The Abuse of Process claim is due to be dismissed as to the City of Mobile.

**2. Count Six—Trespassing and Count Seven—False Arrest/False Imprisonment**

Plaintiff opposes the City's motion to dismiss Counts Six and Seven, citing *Roberts v. City of Geneva*, 114 F. Supp. 2d 1199, 1214 (M.D. Ala. 2000) and *Franklin v. City of Huntsville*, 670 So.2d 848, 852 (Ala. 1995) for the proposition that a municipality is not immune from Plaintiff's claims of trespass, false arrest, or false imprisonment where the alleged fact pattern demonstrates "neglect, carelessness or unskillfulness" of a municipal agent. (Doc. 8, PageID. 250). *Roberts* and *Franklin* are inapposite here, because according to Plaintiff Issa's own version of events, Officer Dove acted with more than mere negligence; "his actions are deliberate and more akin to intentional torts". *See Lambert v. Herrington*, No. CV 1:19-00854-KD-B, 2021 WL 566528, at *21 (S.D. Ala. Jan. 22, 2021), *aff'd,* No. 21-10452, 2022 WL 2345769 (11th Cir. June 29, 2022)

(holding the City immune pursuant to § 11-47-190 where facts alleged by plaintiff show intentional conduct).

Although Plaintiff argues that "it is evident from Dove's statement [that he] believe[d] [he] was rightfully on Issa's property and, therefore, this court [sic] may reasonably infer that [his] presence on the property could be a result of neglect or carelessness," (Doc. 8, PageID. 250), the Complaint's allegations of negligence are strictly conclusory. (Doc. 2, PageID.72-73, ¶¶ 131-132, 159). The well-pleaded facts tell a story not consistent with mistaken misconduct or unskillfulness.

According to the Complaint:

"DOVE has a history of misconduct and acts of physical violence towards citizens in the performance of his duties with the CITY OF MOBILE." (Doc. 2, PageID. 74, ¶ 140).

During the incident at issue in this lawsuit, when Issa inquired about Dove's legal authority to search "DOVE escalated the encounter, became enraged, and verbally and physically abusive to ISSA." (Doc. 2, ¶ 30). Then, Issa asked Dove to produce a warrant, which "only enraged DOVE more." (Doc. 2, ¶ 32).

When Issa attempted to film Dove, "DOVE responded by swinging and knocking ISSA's phone out of his hand, instructing ISSA he could not film him, and then arrested ISSA." (Id.). According to the Complaint, Dove acted "in retaliation for ISSA exercising his constitutional right." (Id., PageID. 57, ¶ 33).Other members of the task force on the scene "expressed concern with DOVE's conduct" as "DOVE had escalated the encounter beyond that tolerated by a civilized society and sound policing." (Id., PageID. 58, ¶ 39). Further, Dove "knowingly and intentionally" and "in violation of municipal policy" "failed to activate his body worn camera during his initial interaction with ISSA," and later "swore falsely," making an "intentional misrepresentation and omission" to a municipal magistrate about it. (Id., PageID. 58, 62 − 63, ¶¶ 40, 59, 62).

Dove acted "unlawfully, not in good faith" when entering the enclosed and gated back yard, searching Issa's property. (Doc. 2, PageID. 59, ¶ 45). "DOVE publicly humiliated, mocked, and belittled ISSA in front of his two sons." (Id., ¶ 48). "[W]hen ISSA asserted his constitutional rights to be free from an unlawful search, seizure, arrest, abusive and unlawful conduct, DOVE said:

> a) "What country in Europe are you from?"
>
> b) "If you get assimilated into this country, you might know what the law is!"
>
> c) "I'm the Police & What I say Goes!"
>
> d) "He who wears the gold shield calls the ball."
>
> e) "I'm an expert in criminal and civil law."
>
> f) "We don't give warnings!"
>
> g) "Do you honestly believe 'Mr. Iraqi Citizen' I need you to lecture me on the Constitution?"
>
> h) "Oh Jesus Christ. Don't pull the race card!"
>
> i) "Why do YOU PEOPLE have to make this worse than it is?"
>
> j) "Mr. Issa always do what the nice policeman tells you to do."
>
> k) "We are assigned directly from the Mayor's Office."
>
> l) "We could've busted in the door."
>
> m) "You're facing six months in jail "

(Id., PageID. 59-60, ¶ 49) (emphasis original).

Plaintiff claims he was assaulted and publicly humiliated by Dove who used abusive language, and mocked and belittled Issa while taking him into custody in front of his family. (Id.,

PageID. 59-60, 61; ¶ ¶ 48-49, 54-55). Allegedly, Dove also threatened his dog. (Id., PageID. 60, ¶ 51).

When Issa asked Dove not to let his dog Blondie out of his fenced backyard, Dove threatened to "**shoot the dog and kill it**." (Id., PageID. 60, ¶ 49) (emphasis original). Dove later stated, "**we will have the pound come out and pick up the dog**." (Id.) (emphasis original).

"After handcuffing and arresting ISSA, Dove placed ISSA in the back of his police vehicle. When ISSA tried to plead with him regarding the arrest, DOVE commanded ISSA "**shut up**" and turned his radio all the way up drowning him out with Christian music." (Id., ¶ 52) (emphasis original).

"Realizing his conduct was in violation of clearly established law and procedures, Dove ultimately 'unarrested'' Issa. (Id., ¶ 53).

As a result of Dove's conduct, Issa "suffered physical injury requiring medical treatment." (Id., ¶ 54).

Plaintiff's Complaint thus expressly alleges that Dove acted with the knowledge that his actions were wrongful and/or not properly authorized. This is not a case in which the allegations suggest employees could have mistakenly believed they had proper authority. *Cf. Johnson v. City of Prichard*, 771 F. Supp. 2d 1310, 1316 (S.D. Ala. 2011). Based on the allegations of the Complaint, Counts Six and Seven could not have resulted from Dove's neglect or carelessness. The City is therefore entitled to immunity as to these claims.

## II. Procedural Due Process (Count 1)

"In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232

(11th Cir. 2003). The City moved to dismiss Plaintiff's procedural due process claim for lack of factual allegations to support the first element of said claim: deprivation of property.

>Plaintiff relies on the following to plausibly allege a constitutional deprivation:

>DOVE and defendants indiscriminately tagged ISSA's personal vehicle and vehicles of his sons with violation stickers. These vehicles were operable and in good working order. Despite this, the Defendants tagged these vehicles as *inoperable and public nuisances*. Each of these vehicles had up to date tags and registration and were very operable. These vehicles were not junk cars and not a public nuisance.

>Since the Defendants determined all vehicles they stickered as junk cars and were deemed in operable [sic] by the City, ISSA's property was subject to restrictions on the use of such property.

(Doc. 2, PageID.57-58, ¶ ¶ 37-38) (emphasis original).

Plaintiff argues that the City's tagging of operable vehicles created a legal impediment to operating them. "Deemed a public nuisance, Issa could not legally operate his motor vehicle on the roadway for any reason until the fictional nuisance was somehow remedied."(Doc. 8, PageID. 247). Plaintiff's argument finds no support in reason, the factual allegations of the Complaint, or the law.

The Complaint alleges that Dove placed stickers on vehicles in Plaintiff's yard. It does not allege that the City ever took possession of, demolished, or even damaged any of the vehicles. The sticker did not render operable vehicles inoperable or in any way deprive Plaintiff of their possession or use. Thus, on its face, the Complaint alleges no deprivation of property without due process.

Absent state-effectuated deprivation of a constitutionally protected interest, no process is due. *Huntsville Senior Servs. v. Alabama Dep't of Pub. Health*, 645 F. Supp. 3d 1254, 1262 (N.D. Ala. 2022). "[T]he question of constitutional adequacy arises only upon a sufficient showing that the state has deprived the plaintiff of protected interest." *Huntsville Senior Servs.*, 645 F. Supp. 3d

at 1262. Accepting the factual allegations of the Complaint as true, Plaintiff suffered no deprivation and was therefore not entitled to due process. Plaintiff's Procedural Due Process claim should therefore be dismissed.

### III. Unlawful Search/Seizure (Count 2)

The City moved to dismiss Count Two—Unlawful Search/Seizure in violation of the Fourth Amendment—for failure to satisfy municipal liability pleading standards. It is well-established that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom…inflicts the injury that the government entity is responsible under §1983." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

#### A. No Allegation of Municipal Custom

The City argued that the Complaint fails to allege a custom giving rise to municipal liability. (Doc. 4, PageID. 213). The Complaint alleges no specific pattern or practice concerning officers impermissibly executing searches without a warrant during nuisance inspections or using other abusive tactics. (Id.). "Dove himself is alleged to have been the subject of at least one citizen complaint from over thirty-five years ago, but again there are no specific allegations establishing a pattern or practice that can be attributed to the City of Mobile or the type of constitutional violations alleged." (Id., citing (Doc. 2, PageID. 74, ¶ 143)).

In response, Plaintiff argues that statements made by Dove during the incident at issue in this lawsuit create the inference of a municipal "custom of executing warrantless residential searches and seizures in newly annexed property owners like Issa [sic]." (Doc. 8, PageID. 242). Thus, Plaintiff implicitly concedes the Complaint's failure to allege even one additional instance

of similar conduct, let alone a pattern  To the extent that Plaintiff asserts a Fourth Amendment claim based on a municipal custom, it should be dismissed for failure to state a claim.

### B.  Municipal Policy is the Ordinance Itself

Based on Plaintiff's response to the City's motion, the City understands that Plaintiff posits the source of the City's policy is Sec. 52-1 (§ 104.3), the Property Maintenance Code ordinance itself.  The City believes that further development is needed to address Plaintiff's claims concerning the applicability and constitutionality of the ordinance, both on its face and as applied. The City therefore withdraws its argument as to the ordinance until such time as the record is ripe for disposition on this issue.

### IV.  Conclusion

For all the reasons set forth above, the City moves to dismiss Counts One, Two (in part), Six, Seven, Eight, Nine and Ten as to the City of Mobile.

Respectfully submitted,

 /s/ Kristy L. Waldron
RICARDO A. WOODS
TAYLOR B. JOHNSON
KRISTY L. WALDRON
*Attorneys for Defendants City of Mobile and Jack Dove*

OF COUNSEL:
BURR & FORMAN LLP
11 N. Water Street, Suite 22200
Mobile, AL  36602
Tel:   251-344-5151
Fax:   251-344-9696
Email: rwoods@burr.com
       tjohnson@burr.com
       kwaldron@burr.com

**Certificate of Service**

    I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on April 11, 2025:

Matt Green, Esq.
The Law Office of Matt Green, LLC
501 Government Street, Suite 1
Mobile, Alabama 36602
matt@mattgreen.lawyer

                                                   */s/ Kristy L. Waldron*
                                                   Counsel