# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ABDALI ALI ISSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 25-0106-WS-MU |
| | ) |
| CITY OF MOBILE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of the municipal defendant ("the City") to dismiss in part. (Doc. 4). The plaintiff has filed a response and the City a reply, (Docs. 8, 9), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted in part and denied in part.

## BACKGROUND

In summary, the complaint alleges that the plaintiff operates an automobile garage and shop at his residence as a licensed business. His property lay outside the boundaries of the City until a 2023 annexation. The City established a task force, headed by the named individual defendant ("Dove"), that was tasked with implementing enforcement of its municipal code in the newly annexed areas.[1] Dove and the task force thereafter conducted a warrantless inspection, search and seizure on the plaintiff's property. When the plaintiff challenged Dove's legal authority to do so, Dove became enraged and both verbally and physically abusive. The defendants opened vehicle doors, searched them, and placed notice-of-violation stickers on them. The affected vehicles included vehicles of the plaintiff and his sons. Although these vehicles were operable, in good working

---

[1] It appears that the complaint (which was filed in state court, where such a practice is recognized), attempts to include members of the task force as fictitious defendants.

order, and had current tags and registration, the stickers labeled them as junk cars, inoperable, and public nuisances. When the plaintiff attempted to film the defendants' conduct, Dove knocked the phone out of his hand, arrested him, handcuffed him, and placed him in the rear of Dove's patrol vehicle. In the process, Dove injured the plaintiff's wrist, requiring medical treatment and adversely impacting his ability to work. Dove "unarrested" the plaintiff shortly after this encounter, but the next day he swore out a criminal complaint against the plaintiff. Dove therein made false representations and omissions to the City magistrate, on which the magistrate relied in approving the citation and docketing the charge; moreover, the sole charge lay outside the magistrate's jurisdiction. The City ultimately *nolle prossed* the charges. (Doc. 1-2 at 7-18).

The complaint asserts claims under ten counts, as follows:

| | |
|---|---|
| Count One | procedural due process (state and federal) |
| Count Two | unlawful search and seizure (state and federal) |
| Count Three | free speech violation (state and federal) |
| Count Four | negligence and wantonness |
| Count Five | negligent employment |
| Count Six | trespass |
| Count Seven | false arrest/imprisonment |
| Count Eight | malicious prosecution |
| Count Nine | abuse of process |
| Count Ten | outrageous conduct |

(Doc. 1-2 at 19-35).

## DISCUSSION

The City does not seek dismissal of Counts Three, Four, or Five, and it does not seek dismissal of the state constitutional claims within Counts One and Two. (Doc. 4 at 5, 11). It does seek dismissal of all other claims against it.

2

## I. Federal Claims.

The City argues that the complaint fails to plead a basis for municipal liability under Count One or Two. (Doc. 4 at 5-10). As to Count One, the City also argues that the complaint fails to allege the deprivation of a property interest. (*Id*. at 10).

Municipal liability under Section 1983 requires the plaintiff to demonstrate a government policy or custom that caused the constitutional deprivation visited by the municipality's agent. The plaintiff identifies the relevant policy as the City's code enforcement policy or procedure authorizing warrantless entry and inspection. (Doc. 8 at 4-9). In its reply, the City concedes that "further development is needed to address" this claim, and it expressly "withdraws its argument as to the ordinance" until a later date. (Doc. 9 at 8). The City continues to argue the absence of a custom sufficient to support municipal liability, (*id*. at 7-8), but the Court need not reach that issue since it could not affect the resolution of the instant motion.

The City moves to dismiss Count One "for lack of factual allegations to support the first element of said claim: deprivation of property." (Doc. 9 at 6). The City does not deny that the plaintiff had a property interest in at least some of the vehicles, but it posits that no deprivation could occur absent an allegation "that the City ever took possession or demolished any of the cars." (Doc. 4 at 10). The City cites no authority for its restrictive take on "deprivation," and it offers no explanation how it came to this conclusion. As the party seeking dismissal, that failure to provide support for its position is fatal.

## II. State Claims.

The City's sole argument is that, in light of Ala. Code § 11-47-190, the plaintiff cannot maintain any cause of action against the City that attempts to hold the City vicariously liable for the intentional torts of Dove or the fictitious defendants. (Doc. 4 at 11-12). The plaintiff concedes that he cannot pursue Counts Eight (malicious prosecution) and Ten (tort of outrage) against the City. (Doc. 8 at 3, 18-20). That leaves

for consideration Counts Six (trespass), Seven (false arrest/imprisonment), and Nine (abuse of process).

Section 11-47-190 provides that a municipality shall not be liable to one injured by its agent, officer or employee "unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of [such person] engaged in work [for the municipality] and while acting in the line of his or her duty."  Pursuant to this provision, "[a] municipality cannot be held liable for the intentional torts of its employees."  *Miller v. City of Birmingham*, 235 So. 3d 220, 236 (Ala. 2017) (internal quotes omitted).  The City declares as an absolute that the plaintiff's tort claims assert exclusively intentional torts.  (Doc. 4 at 11).

"Section 11-47-190 provides a municipality immunity from liability for the acts of its agents that are carried out in bad faith or with malice."  *Ex parte City of Tuskegee*, 932 So. 2d 895, 910 (Ala. 2005).  As the City notes, malice is an element of a claim for abuse of process.  *E.g., M&F Bank v. First American Title Insurance Co.*, 144 So. 3d 222, 233 (Ala. 2013).  Malice is also an element of the claim as pleaded by the plaintiff.  (Doc. 1-2 at 34).  Several sister courts have ruled that Section 11-47-190 precludes municipal liability for abuse of process because such a claim requires proof of malice,[2] and the Court, in the absence of relevant argument from the plaintiff, now joins them.

Unlike abuse of process, false arrest and false imprisonment can be pleaded so as to implicate the "neglect, carelessness, or unskillfulness" exception to municipal immunity.  *Borders v. City of Huntsville*, 875 So. 2d 1168, 1183 (Ala. 2003); *Franklin v. City of Huntsville*, 670 So. 2d 848, 852 (Ala. 1995).  Several sister courts have ruled that trespass likewise can be pleaded so as to preclude the protection of Section 11-47-190.[3]

---

[2] *Seagle v. City of Hueytown*, 2025 WL 978156 at *4-5 (N.D. Ala. 2025) (Haikala, D.J.); *Underwood v. Polk*, 2016 WL 4414717 at *4 (N.D. Ala. 2016) (England, M.J.); *Higginbotham v. City of Pleasant Grove*, 2013 WL 5519577 at *53 (N.D. Ala. 2013) (Bowdre, D.J.).

[3] *Johnson v. City of Prichard*, 771 F. Supp. 2d 1310, 1315-16 (S.D. Ala. 2011); *Roberts v. City of Geneva*, 114 F. Supp. 2d 1199, 1214 (M.D. Ala. 2000) (DeMent, D.J.); *611 Boulevard LLC v. City of Valley*, 2021 WL 4690828 at *3 (M.D. Ala. 2021) (Marks, C.J.).

The plaintiff invokes these and other authorities. (Doc. 8 at 17-18). His authorities do not identify what sorts of allegations would or would not avoid municipal immunity for false arrest or imprisonment, but they do indicate that an officer's belief he was rightfully on the plaintiff's property would trigger the exception to immunity as to claims of trespass.

The City in its reply does not deny that these tort claims can be pleaded so as not to implicate Section 11-47-190. Instead, the City argues that the claims are not so pleaded and that the complaint instead demonstrates that Dove "acted with more than mere negligence." (Doc. 9 at 2). The City focuses on allegations regarding Dove's angry and abusive language and behavior, his failure to activate his body cam, his making of false and misleading statements to the magistrate, and his ultimate "unarrest" of the plaintiff after "[r]ealizing his conduct was in violation of clearly established law and procedure." (*Id*. at 3-5). This material, the City says, effectively alleges that Dove's actions "are deliberate and more akin to intentional torts" and negates any suggestion that Dove "could have mistakenly believed [he] had proper authority." (*Id*. at 2, 5).

The Court cannot agree. Among the statements to which the City cites are several that clearly or plausibly indicate Dove's belief that he was legally entitled to do what he was doing: "I'm an expert in criminal and civil law"; "If you get assimilated into this country, you might know what the law is!"' and, "We could've busted in the door." Dove's angry and abusive language and behavior is consistent with an individual sure of the rightness of his position. His failure to activate his body cam is more ambiguous, but it certainly does not negate carelessness or unskillfulness. His ultimate release of the plaintiff after arresting and confining him would appear to be irrelevant to his already-completed trespass, and even the allegation that he released the plaintiff upon realizing he was acting in violation of law speaks only to his *post hoc* mental state. Dove's alleged misconduct the next day in initiating criminal proceedings bears even less relevance to the claims at issue here.

5

### III. Punitive Damages.

The City asks that the complaint's demand for punitive damages as against the City be stricken. (Doc. 4 at 12). The plaintiff denies that he seeks punitive damages against the City. (Doc. 8 at 19). The Court finds the complaint's language more ambiguous and thus in need of clarification. (Doc. 1-2 at 35). However, a motion to strike is limited to "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court therefore construes the City's request as one to dismiss any claim for punitive damages against it. So construed, the motion is due to be granted.

### CONCLUSION

For the reasons set forth above, the City's motion to dismiss is **granted** with respect to Counts Eight, Nine and Ten, and with respect to punitive damages. Counts Eight, Nine and Ten, and the demand for punitive damages, are **dismissed** as to the City. The City's motion is in all other respects **denied**.

DONE and ORDERED this 22nd day of May, 2025.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE