IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ABDALI ALI ISSA, *Plaintiff*, v. CITY OF MOBILE, JACK DOVE, et al., *Defendants*. | CIVIL ACTION NO. 1:25-cv-0106-WS-MU |

### CITY OF MOBILE'S ANSWER

Defendant CITY OF MOBILE (the "City") submits the following in response to the allegations made by Plaintiff Abdali Ali Issa ("Plaintiff") in his Complaint filed on February 7, 2025 in the above-referenced matter. (Doc. 1-2). The City responds to the corresponding numbered paragraphs of the Complaint as follows:

1. Admitted, upon information and belief.

2. Admitted that Defendant City of Mobile ("the City") is a municipal corporation organized under the laws of the State of Alabama, and is located in Mobile County, Alabama. Admitted that at all times material to the Complaint, the City was the employer of Defendant Jack Dove. The remaining allegations of this paragraph are denied.

3. Admitted that Defendant Dove is over the age of 19, a resident of Mobile County, and at all pertinent times was acting in the line and scope of his employment with the City as the head of Municipal Code Enforcement Task Force of the Mobile Police Department Special Investigations Section. Admitted that the allegations of the Complaint speak for themselves, but the allegations themselves are denied. The allegations of this paragraph are otherwise denied.

4. Admitted.

61161189 v1

5. This paragraph requires no response from Defendant; to the extent a response is required, Defendant denies the allegations.

6. This paragraph requires no response from Defendant; to the extent a response is required, Defendant denies the allegations.

7. Denied.

8. Denied.

9. Admitted that the allegations of the Complaint arise from events occurring in Mobile County, Alabama. Otherwise, the allegations of this paragraph are denied.

10. Admitted.

11. Denied.

12. The Complaint speaks for itself. The remaining allegations are denied.

13. The Complaint speaks for itself. The remaining allegations are denied.

14. The allegations in this paragraph are not directed to this Defendant and require no response. To the extent a response is required, the allegations are denied.

## FACTS

15. Defendant adopts and re-asserts its responses to the allegations contained in Paragraphs 1-14 as though fully set forth herein.

16. This allegation is not directed to Defendant. To the extent that a response from Defendant is required, the allegations of this paragraph are denied for lack of knowledge sufficient to admit or deny the same.

17. This allegation is not directed to Defendant. To the extent that a response from Defendant is required, the allegations of this paragraph are denied for lack of knowledge sufficient to admit or deny the same.

18. This allegation is not directed to Defendant. To the extent that a response from Defendant is required, the allegations of this paragraph are denied for lack of knowledge sufficient to admit or deny the same.

19. Admitted, upon information and belief, that Issa operated a garage/auto body repair business from his residence located at 1021 Leroy Stevens Road, which is located within Mobile County. The remaining allegations of this paragraph are denied for lack of knowledge sufficient to admit or deny the same.

20. Admitted.

21. Admitted that Plaintiff had a valid Mobile County business license on October 24, 2023. The remaining allegations of this paragraph are denied for lack of knowledge sufficient to admit or deny the same.

22. Admitted, upon information and belief.

23. Admitted.

24. Denied.

25. Denied.

26. Admitted.

27. Admitted that Dove and other officers went to inspect Issa's property. The remaining allegations of this paragraph are denied.

28. Admitted that on October 23, 2023, Dove and other officers went to inspect Issa's property. The remaining allegations of this paragraph are denied.

29. Denied.

30. Denied.

31. Denied as stated.

32. Admitted that Issa asked Dove whether he had a search warrant. The remaining allegations of this paragraph are denied.

33. Denied.

34. Admitted that during the inspection officers photographed vehicles in Issa's front yard and opened doors to some of the vehicles. The remaining allegations of this paragraph are denied.

35. Admitted that Issa's yard had at least one No Trespassing sign. The remaining allegations of this paragraph are denied for lack of knowledge sufficient to admit or deny the same.

36. Admitted that officers placed yellow stickers on vehicles on Issa's premises. The remaining allegations of this paragraph are denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Admitted that much of the incident was recorded on the officers' body-worn cameras. The remaining allegations of this paragraph are denied.

42. Admitted that Dove placed Issa in handcuffs and placed him in the back of Dove's service vehicle. The remaining allegations of this paragraph are denied.

43. Admitted that two of Issa's sons were present for part of the encounter. The remaining allegations of this paragraph are denied.

44. Admitted that Issa told Dove that his disabled wife depended on him. The remaining allegations of this paragraph are denied.

45. Denied.

46. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

47. This allegation is not directed to Defendant. To the extent that a response from Defendant is required, the allegations of this paragraph are denied for lack of knowledge sufficient to admit or deny the same.

48. Denied.

49. Denied as stated, including all subparts. The body-worn camera recordings speak for themselves.

50. Denied as stated. The body-worn camera recordings speak for themselves.

51. Denied as stated. The body-worn camera recordings speak for themselves.

52. Denied as stated. The body-worn camera recordings speak for themselves.

53. Denied as stated, including subparts and footnote 4. The body-worn camera recordings speak for themselves.

54. Denied that Dove assaulted or injured Issa. The Defendant lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

55. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

56. Denied as stated. The body-worn camera recordings speak for themselves.

57. Admitted.

58. Admitted.

59. Denied.

60. Denied.

61. Denied.

62. Admitted that the magistrate approved the citation and docketed the charges presented by Defendant. The remaining allegations of this paragraph are denied.

63. Admitted that Dove did not charge Issa with a violation of the municipal code. The remaining allegations of this paragraph are denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Admitted that the City's legal department moved that the charges against Issa be nolle prossed, and that the municipal court judge granted the motion. Otherwise, denied.

## COUNT ONE: PROCEDURAL DUE PROCESS

69. Defendant adopts and re-asserts its responses to the allegations contained in each of the preceding paragraphs as though fully set forth herein.

70. Denied.

71. Denied.

72. Admitted that Issa was cited on the same date as the inspection. The remaining allegations of this paragraph are denied.

73. Admitted that Issa had a valid business license on the date of the inspection. The remaining allegations of this paragraph are denied as stated.

74. Denied as stated.

75. Denied as stated.

76. Denied.

77. Denied.

78. Denied.

79. Admitted that Defendant cited Issa.  Otherwise the allegations of this paragraph are denied.

## COUNT TWO: UNLAWFUL SEARCH & SEIZURE

80. Defendant adopts and re-asserts its responses to the allegations contained in each of the preceding paragraphs as though fully set forth herein.

81. Admitted that neither Issa nor his business posed an immediate threat to public health or safety.  The remaining allegations of this paragraph are denied as stated.

82. Admitted that Issa's backyard was enclosed, gated, and shielded from view by privacy fencing.  The remaining allegations of this paragraph are denied.

83. Denied as stated.  The municipal ordinance speaks for itself.

84. Admitted that any applicable state or local law speaks for itself.  Otherwise, denied.

85. Admitted that any applicable ordinance speaks for itself.  Otherwise, denied.

86. Denied as stated.

87. Denied as stated.

88. Denied.

89. Admitted that any applicable ordinance speaks for itself.  Otherwise, denied.

90. Admitted that any applicable ordinance speaks for itself.  Otherwise, denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. This paragraph consists of legal conclusion rather than factual averment and is denied on that basis.

97. Admitted that Issa was charged with criminal offenses. Otherwise the allegations of this paragraph are denied.

98. Admitted that the Alabama Constitution speaks for itself. Otherwise, the allegations of this paragraph are denied as stated.

99. Denied.

100. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

101. Admitted that officers stickered the vehicles as junk cars. Otherwise the allegations of this paragraph are denied.

102. Denied.

103. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

104. Denied.

105. Denied as stated.

106. Denied.

107. Defendant denies the allegations of this paragraph, including subparts (A)-(E), and demands strict proof thereof.

## COUNT THREE: FREE SPEECH VIOLATION

108. Defendant adopts and re-asserts its responses to the allegations contained in each of the preceding paragraphs as though fully set forth herein.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

119. This paragraph consists of legal conclusion rather than factual averment and is denied on that basis.

120. Denied.

121. Denied.

122. Denied as stated.

123. This paragraph consists of legal conclusion rather than factual averment and is denied on that basis.

124. This paragraph consists of legal conclusion rather than factual averment and is denied on that basis.

125. Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

126. Denied.

127. Denied.

128. Defendant denies the allegations of this paragraph, including subparts (A)-(E), and demands strict proof thereof.

## COUNT FOUR: NEGLIGENCE AND WANTONNESS AS TO DOVE & CITY OF MOBILE

129. Defendant adopts and re-asserts its responses to the allegations contained in each of the preceding paragraphs as though fully set forth herein.

130. Defendant adopts and re-asserts its responses to the allegations contained in each of the preceding paragraphs as though fully set forth herein.

131. Defendant denies the allegations of this paragraph, including subparts (A)-(E), and demands strict proof thereof.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Defendant denies the allegations of this paragraph, including subparts (A)-(E), and demands strict proof thereof.

## COUNT FIVE: NEGLIGENT HIRING, TRAINING, SUPERVISION & RETENTION AS TO CITY OF MOBILE

138. Defendant adopts and re-asserts its responses to the allegations contained in each of the preceding paragraphs as though fully set forth herein.

139. Denied.

140. Denied.

141. Denied.

142. Defendant admits that it and Dove were named as co-defendants in civil lawsuit over thirty years ago. Otherwise, denied.

143. The allegations of this paragraph are denied for lack of knowledge sufficient to admit or deny the same.

144. The allegations of this paragraph are denied for lack of knowledge sufficient to admit or deny the same.

145. Denied.

146. Denied.

147. Denied.

148. Admitted that the City has certain duties with respect to hiring, training, supervision and retention of its employees. The remaining allegations of this paragraph are denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Defendant denies the allegations of this paragraph, including subparts (A)-(E), and demands strict proof thereof.

## COUNTY SIX: TRESPASS

157. Defendant adopts and re-asserts its responses to the allegations contained in each of the preceding paragraphs as though fully set forth herein.

158. Denied.

159. Denied.

160. Defendant denies the allegations of this paragraph, including subparts (A)-(E), and demands strict proof thereof.

### COUNT SEVEN: FALSE ARREST/FALSE IMPRISONMENT

161. [The Complaint omits a Paragraph 161.]

162. [The Complaint omits a Paragraph 162.]

163. Defendant adopts and re-asserts its responses to the allegations contained in each of the preceding paragraphs as though fully set forth herein.

164. Admitted that Issa was placed in handcuffs and in the back of a MPD vehicle. The remaining allegations of this paragraph are denied.

165. Denied.

166. Denied.

167. Defendant denies the allegations of this paragraph, including subparts (A)-(E), and demands strict proof thereof.

### COUNT EIGHT: MALICIOUS PROSECUTION

168. Plaintiff's malicious prosecution claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

169. Plaintiff's malicious prosecution claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

170. Plaintiff's malicious prosecution claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

171. Plaintiff's malicious prosecution claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

172. Plaintiff's malicious prosecution claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

173. Plaintiff's malicious prosecution claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

174. Plaintiff's malicious prosecution claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

### COUNT NINE: ABUSE OF PROCESS

175. Plaintiff's abuse of process claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

176. Plaintiff's malicious prosecution claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

177. Plaintiff's malicious prosecution claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

178. Plaintiff's malicious prosecution claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

179. Plaintiff's malicious prosecution claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

### COUNT TEN: OUTRAGE

180. Plaintiff's outrage claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

181. Plaintiff's outrage claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

182. Plaintiff's outrage claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

183. Plaintiff's outrage claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

184. Plaintiff's outrage claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

185. Plaintiff's outrage claim was dismissed by the Court on May 22, 2025. (Doc. 12). Therefore no response to the allegations of this paragraph is necessary.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim against this defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were not proximately caused by the City.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff was himself guilty of contributory negligence which proximately caused or contributed to his injuries.

## FOURTH AFFIRMATIVE DEFENSE

The City claims the benefit of all statutes limiting the liability of governmental entities or limiting the collection of judgments against municipal entities and their employees.

## FIFTH AFFIRMATIVE DEFENSE

The City claims the protections of all applicable statutory caps on damages.

## SIXTH AFFIRMATIVE DEFENSE

The City claims the protections and benefits of *Ala. Code* § 11-47-190.

## SEVENTH AFFIRMATIVE DEFENSE

The City claims the protections and benefits of *Ala. Code* § 11-47-191.

## EIGHTH AFFIRMATIVE DEFENSE

The City asserts the defense of substantive immunity.

## NINTH AFFIRMATIVE DEFENSE

The City asserts the defense of discretionary function immunity.

## TENTH AFFIRMATIVE DEFENSE

The City asserts the defense of state agent immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

The City asserts the defense of statutory law enforcement immunity.

## TWELFTH AFFIRMATIVE DEFENSE

The City pleads the defense of self-defense.

## THIRTEENTH AFFIRMATIVE DEFENSE

The City claims the benefit of all statutes and the common law conferring immunity or protection to governmental entities or their employees.

## FOURTEENTH AFFIRMATIVE DEFENSE

The City cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of *respondeat superior* liability.

## FIFTEENTH AFFIRMATIVE DEFENSE

No allegedly unconstitutional policy of the City has been implicated which allegedly caused or contributed to the injuries or damages claimed.

## SIXTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not awardable against the City for causes of action brought pursuant to 42 U.S.C. § 1983.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not awardable against the City under the laws of the State of Alabama.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This action is barred by the applicable statutes of limitation.

## NINETEENTH AFFIRMATIVE DEFENSE

The City asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which the City had no duty or ability to control, thereby constituting an independent cause resulting in injury to plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

The City asserts that the sole proximate cause of plaintiff's alleged injuries and damages are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care applicable to the City, and as such, the City can have no liability whatsoever for the complaint and causes of action asserted against it.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, ratification, consent, and acquiescence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The City pleads the sudden emergency doctrine.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The City pleads assumption of the risk.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The City contests damages and demands strict proof thereof.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The City reserves the right to plead such additional affirmative defenses as may be ascertained through the course of discovery.

Respectfully submitted,

 /s/ Kristy L. Waldron
RICARDO A. WOODS
TAYLOR B. JOHNSON
MARK ROBERTS
KRISTY L. WALDRON
*Attorneys for Defendants City of Mobile and Jack Dove*

**OF COUNSEL:**
**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, AL  36602
Tel:    251-344-5151
Fax:   251-344-9696
Email: rwoods@burr.com
         tjohnson@burr.com
         mroberts@burr.com
         kwaldron@burr.com

### Certificate of Service

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on June 5, 2025:

Matt Green, Esq.
The Law Office of Matt Green, LLC
501 Government Street, Suite 1
Mobile, Alabama 36602

matt@mattgreen.lawyer

Mark A. Newell
Matthew W. Smith
ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, AL 36601
man@ajlaw.com
mws@ajlaw.com

                                            */s/ Kristy L. Waldron*
                                            Counsel