M|G
Matt Green
Attorney At Law

p: 251.434.8500
f: 251.408.3265
e: jim@mattgreen.lawyer
w: mattgreen.lawyer

July 28, 2026

**VIA EMAIL**
Taylor Johnson, Esq.
Kristy Waldron, Esq.
BURR & FOREMAN LLP
11 N. Water Street, Suite 22200
Mobile, AL 36602

**RE:** ***ABDALI ALI ISSA v. CITY OF MOBILE; JACK DOVE, in his Individual (personal) capacity, et al; In the United States District Court For the Southern District of Alabama, 1:25-cv-00106***

Dear Taylor and Kristy,

In an effort to move discovery forward, we are proposing compromises and temporal limitations concerning our requested production.

With regard to Dove's personnel file, complaints against Dove and his entire disciplinary file, we propose that you provide all information for the ten (10) years preceding his final retirement in 2024, any and all information concerning the excessive force complaint in 1989 including IA and personnel actions, and all information concerning the "conduct unbecoming" complaint against Dove occurring on or about October 27, 1987 including all IA and Personnel Board actions.

If Defendants intend to withhold production on the basis of privilege, we believe you are required to produce a privilege log and further request that you produce the entirety of the file to the United States District Court for in camera review. This should be done as to every instance in which defendants claim privilege.

As to code violation requests, we will narrow the time period from July 2023 (annexation) up until the date of Dove's retirement. That directly addresses your objection to "remoteness" and "burden". We will confine our requests to property maintenance / nuisance / inoperable vehicle violations, violations for refusal to permit an inspection and any violations issued by the ME Task Force or code enforcement targeting exterior conditions like those at Issa's property. This addresses the City's "lacks similarity" objection. We also propose to limit annexation areas to those comparable to Issa's (e.g., the Cottage Hill, Kings Branch, and Orchard Estates annexation areas already referenced) and specific annexation areas that includes 1021 Leroy Stevens Road, if that can be identified. This trims the "numerous departments / agencies" / city-wide burden argument.

As to RFP 6, 7, 12, 13, 14 (and related requests), we propose that the City produce a spreadsheet or existing database export for the narrowed time, codes, and areas, with fields such as citation number, date, citation code section(s), property address whether interior entry was requested/denied, final disposition (dismissed, complied, abated by City, etc.), and issuing officer (to identify Dove's citations).

We would reserve the right to request underlying documents (charging instruments, specific case files) for a targeted subset (e.g., 20–30 matters that appear most comparable to Issa's situation). This would include body camera policies (RFPs 20, 21, & 27), Interrogatory 4 (complaints against Issa and dates), and the Safety National Insurance policy (requested in response to City's objection to RFP 23).

We would target Production on "Refusal to Permit Inspection" to 3 years preceding the incident date and limit it to newly annexed areas, and cases handled by the same department/unit or by Jack Dove.

As to RFP 12 and parts of 13(b) we request all citations issued by Dove in the newly annexed areas only for property maintenance / nuisance / inoperable vehicle / inspection-refusal violations from July 2023 until one year after incident

As to RFP 13(a), 13(b), and 14, which the City objects to as "vague" and "no list exists", we define "inspected" as: any occasion during the relevant period when a City code official, ME Task Force member, or associated inspector physically went to a property in the annexed area to investigate potential code violations, issued a warning, tag, or citation, or documented a condition in a formal report. We will accept a report/export from whatever database(s) the City already uses to track code enforcement in the annexed areas, filtered by location (annexation area), date range, and relevant code sections or violation types. We ask that this information be provided from July 2023 through 12 months post-incident, for the annexation area(s) including Issa's property and the Cottage Hill/Kings Branch/Orchard Estates annexation areas. Upon receipt of these materials we would request that the parties meet and confer to determine specific cases for which full charging instruments and case files will be produced.

Addressing defendants objection to our Request for Production No. 23 concerning all written reports, including all drafts, notes, emails, commentary, correspondence, memos and all other written … materials prepared by any employee of the City … regarding the incident investigation, we request that the City produce, without redaction other than personal identifiers, all written or recorded statements (including body-camera audio/video if that is where the statement appears) taken from Defendant Dove, any other City employee, officer, or agent present on Issa's property on October 24, 2023, Issa and any members of his household or employees who provided a statement to City personnel about this incident.

To the extent the City contends any portion of these statements is privileged or work-product (e.g., attorney-directed questions), the City may Produce the statements with narrowly tailored redactions and identify and describe the basis for each redaction on a privilege log.

All factual investigation of the incident, including incident reports, supplemental reports, and related forms, photographs and video (other than body-camera footage already produced) taken by City personnel at or about the scene, any "event chronology" or similar factual timeline prepared by non-attorney personnel in the ordinary course of business, internal emails or memoranda that: describe the facts of what occurred, identify participants or property involved, or recommend or record factual steps taken (e.g., tagging vehicles, sending notices, contacting Issa).

The City may withhold or redact portions that reveal mental impressions, legal opinions, or strategy of City attorneys or litigation staff, or content prepared exclusively at counsel's direction for litigation, provided those items are logged.

To address the City's assertion of self-critical analysis, deliberative process, law-enforcement investigative privilege, and work-product protections it is proposed as follows. For any internal investigative reports or memoranda that the City contends are heavily privileged, Plaintiff will agree to one of the following options, at the Court's discretion:

1) In camera review by the Court to determine the extent of any required production or redaction; or
2) Production to Plaintiff's counsel on an Attorneys' Eyes Only basis under the existing protective order, with redactions limited to specific legal advice, mental impressions of counsel, or non-factual evaluative commentary whose disclosure the Court deems inappropriate.

Factual portions of any such documents (who, what, when, where, how) should be produced; only opinion work-product or purely evaluative commentary may be withheld, and only with logging as described herein.

For any post-incident investigative materials or witness statements withheld or redacted under claims of attorney-client privilege, work-product, deliberative process, law-enforcement privilege, or self-critical analysis, the City shall provide a privilege log that, for each withheld or redacted document, states:

(a) description of the document (type, general subject);
(b) date;
(c) author (name, position, employer);
(d) recipients and cc's (name, position, employer);
(e) general subject matter (sufficient to assess relevance and privilege without revealing privileged content);
(f) specific privilege(s) asserted; and
(g) whether the document contains segregable factual material that could be produced with redactions.

This log will allow Plaintiff to evaluate and, if necessary, narrowly challenge specific privilege claims without imposing undue burden on the City.

This compromise is limited to materials created or statements taken from the date of the incident through 90 days after the incident and materials concerning the entry onto Issa's property,

any tagging/noticing of vehicles at Issa's property, and any subsequent City evaluation of whether a violation occurred and what enforcement steps to take. Plaintiff reserves the right to request additional post-90-day documents upon a showing (via the log or produced materials) that later-created documents are substantially factual and uniquely probative.

If necessary, the parties may meet and confer during staged production wherein the City will produce the core, non-privileged statements and factual reports and provide a privilege log for any withheld documents/statements within the scope of this compromise. Our hope is that this will narrow or resolve any disputes about specific withheld documents and to identify any limited subset of documents for in camera review or Attorneys' Eyes-Only treatment. This will assist in addressing whether any additional time-extended or category-extended production is actually necessary.

We look forward to your response.

Sincerely,

James Vollmer, Esq.
For *The Law Office of Matt Green, LLC*