**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ABDALI ALI ISSA,<br><br>Plaintiff,<br><br>v<br><br>CITY OF MOBILE, JACK DOVE, et al.,<br><br>Defendants. | CIVIL ACTION NO.: 1:25-cv-106-WS-MU |

# CITY OF MOBILE'S LOG OF MATERIALS WITHHELD FROM PRODUCTION ON THE BASIS OF PRIVILEGE OR OTHER OBJECTION

COMES NOW Defendant City of Mobile (the "City) and submits this log of materials withheld from production in response to Plaintiff's narrowed requests dated July 28, 2026 on the basis of privilege and/or other objection, without waiver of any objections previously asserted:

| **Complaints or Discipline Outside the Scope of Rule 26(b)** | **Objections** |
|---|---|
| Employee Disciplinary History (summary document with partial listing of discipline dating back to 1983) | Relevance; materiality; proportionality; and privacy interests of subject individual officer. |
| 17IA-0131<br>2/22/2017—Citizen Complaint (allegations regarding demeanor in handling a telephone complaint regarding a different officer's handling of a MVA—disposition: not investigated due to Dove's retirement) | Relevance; materiality; privacy interests of subject individual officer; law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's |



71706696 v1

| | |
|---|---|
| | ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c).<br>Proportionality factors: importance of issues in litigation, amount in controversy, discovery has little, if any, bearing on issues in the case, the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). |
| M2016-0097<br>4/12/2016—Disciplinary Action (violation of department documentation policies—disposition: verbal counseling) | Relevance; materiality; privacy interests of subject individual officer; proportionality; law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c).<br>Proportionality factors: importance of issues in litigation, amount in controversy, discovery has little, if any, bearing on issues in the case, the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Undue burden on City because file is not available electronically and hard copy file is in storage, boxes would need to be sorted manually. |
| MRE P.B. File No. 741(b)<br>I-1989-0012; I-1989-0057<br>1/25/89, 3/28/89, 3/29/89<br>Disciplinary Action (allegations regarding 3 separate instances of force (punching, choking, slapping, kneeing in the groin) against White Male arrestees in | Relevance; materiality; privacy interests of subject individual officer; law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility |



71706696 v1

| | |
|---|---|
| jail's docket room, one of which was withdrawn—disposition: termination, reduced to 78-day suspension following appeal) | determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c).<br>Proportionality factors: importance of issues in litigation, amount in controversy, discovery has little, if any, bearing on issues in the case, the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). |
| 10/26/87—Disciplinary Action (Inappropriate language in written communication—disposition: 3-day suspension, reduced to Letter of Reprimand)<br><br>Additional information re: the conduct at issue, see the District Court's factual findings at: *Boone v. Mingus*, 697 F. Supp. 1577, 1578–79 (S.D. Ala. 1988), *aff'd*, 880 F.2d 419 (11th Cir. 1989). | Relevance; materiality; privacy interests of subject individual officer; law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c).<br>Proportionality factors: importance of issues in litigation, amount in controversy, discovery has little, if any, bearing on issues in the case, the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). |

| Complaints Within the Scope of Rule 26(b) | Objections |
|---|---|
| 1. 11/22/19—Citizen Complaint Form—IA Investigation File No.: 19IA-0397 (procedure and harassment allegations—disposition: unfounded)<br>• 12/3/19—Audio recorded interview of Olivia Bolton<br>• 12/4/19—Narrative Statement of Jack Dove re: Incident # M219-05-00807<br>• Narrative Statement of Jack Bishop re: Incident # M219-05-00807<br>• 12/10/19—Investigative Report of Capt. Paul Prine re: 19IA-0397<br>• Intra-Departmental Communications, Review Record, and Tracking Form re: 19IA-0397<br><br>2. 4/10/20—Citizen Complaint Form--IA Investigation File No.: 20IA-0132 (harassment and demeanor allegations—unfounded)<br>• Investigative Narratives and Synopses of Jack Bishop re: Incidents #M220-03-03549<br>• 4/16/20—Narrative Statement of Jack Dove re: #M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<br>• 4/28/20—Narrative Statement of Laurel Booth re: #M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<br>• 4/23/20—Investigative Report of Lt. Brian Reeher re: 20IA-0132<br>• 5/1/20—MPD Command Review Executive Summary of Report: 20IA-0132; Findings and Recommendations<br><br>3. 7/28/20—Citizen Complaint Form—IA Investigation File No.: 20IA-0307 (harassment allegation—disposition: substantiated/proper conduct)<br>• 5/5/20—Internal Memorandum of Asst. Chief Roy Hodge<br>• 8/11/20—Investigative Report of Lt. Brian Reeher re: 20IA-0307 | Law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c). |

| | |
|---|---|
| • 8/13/20—Narrative Statement of Jack Dove re: Incidents #M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 and #M219-07-02342<br>• 8/14/20—Emailed statement of Jack Dove re: Incidents #M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 and #M219-07-02342<br>• 8/25/20—MPD Command Review Executive Summary of Report: 20IA-0307; Findings and Recommendations<br>• Intra-Departmental Communications, Review Record, and Tracking Form re: 20IA-0307<br>• LETS Report re: Complainant<br>• Investigative Statements and Synopses of Jack Dove re: Incidents #M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 and #M219-07-02342<br><br>4. 8/5/20—Citizen Complaint Form—IA Investigation File No.: 20IA-0328 (arrest and procedure allegations—dispostion: substantiated/proper conduct<br>• 8/27/20--Investigative Report of Lt. Brian Reeher re: 20IA-0328<br>• Intra-Departmental Communications, Review Record, and Tracking Form re: 20IA-0307<br>• 8/17/20—Narrative Statement of Jack Dove re: Incident #M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<br>• 8/17/20—Narrative Statement of Randal Smith re: Incident #M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<br>• 8/17/20—Narrative Statement of Jack Bishop re: Incident #M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<br><br>• LETS Report re: Complainant<br>• Investigative Narratives and Synopses of Jack Dove and Jack Bishop re: Incidents #M220-08-20425, #M220-06-02076, and #M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<br>• 9/2/20—MPD Command Review Executive Summary of Report: 20IA-0328; Findings and Recommendations | |



71706696 v1

| | |
|---|---|
| 5. 8/26/20—Citizen Complaint Form—IA Internal Investigation File No.: 20IA-0354 (demeanor, procedure, and property allegations—disposition: unfounded)<br>• 9/7/20--Investigative Report of Lt. Brian Reeher re: 20IA-0354<br>• Intra-Departmental Communications, Record Review, and Tracking Form re: 20IA-0354<br>• LETS Report re: Complainant<br>• 9/2/20—Narrative Statement of Jack Dove re: Incident #M220-08-20749<br>• 9/1/20—Narrative Statement of Jack Bishop re: Incident #M220-08-20749<br>• 9/1/20—Narrative Statement of Randal Smith re: Incident #M220-08-20749<br>• 9/4/20—Narrative Statement of David Daughenbaugh re: #M220-08-20749<br>• Investigative Narrative and Synopses of Jack Bishop re: Incident #M220-08-20749<br><br>6. 4/5/21—Citizen Complaint Form—IA Internal Investigation File No.: 21IA-0121 (search, procedure, and property allegations—disposition: improper conduct; harassment allegations—disposition: unfounded)<br>• Print out of IAPro Software Case Information re: 21IA-0121<br><br>[MPD is searching for the evidentiary contents of this file.]<br><br>7. 8/24/21—Citizen Complaint Form—IA Internal Investigation File No.: 21IA-0311 (arrest and search allegations—disposition: unfounded)<br>• 10/26/21—Investigative Report of Capt. Jonathan Lee re: 21IA-0311<br>• Intra-Departmental Communications, Record Review, and Tracking Form re: 21IA-0311 | |

| | |
|---|---|
| • LETS Report re: Complainant<br>• 9/27/21—Narrative Statement of Jack Dove re: Incident #M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<br>• 8/17/20—Narrative Statement of Jack Bishop re: Incident #M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<br>• Investigative Narrative and Synopses of Jack Dove re: Incident #M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<br>• 11/30/21—MPD Command Review Executive Summary of Report: 21IA-0311; Findings and Recommendations<br><br>8. 3/3/22—Citizen Complaint Form—IA Internal Investigation File No.: 22IA-0070 (demeanor allegations—disposition: unfounded; procedure allegations—disposition: substantiated/proper conduct; service allegations—disposition: improper conduct)<br>• 4/19/22—Investigative Report of Lt. Brian Reeher re: 22IA-0070<br>• 5/6/22—Performance Observation Form re: 22IA-0070<br>• LETS Report re: Complainant<br>• 4/18/22—Narrative Statement of Jack Dove re: Incident #M222-03-00343<br>• 4/19/22—Narrative Statement of Jack Bishop re: Incident #M222-03-00343<br>• 4/19/22—Narrative Statement of Laurel Boothe re: Incident #M222-03-00343<br>• Investigative Narratives and Synopses of Jack Dove re: Incident #M222-03-00343<br><br>9. 3/16/23—Citizen Complaint Form—IA Internal Investigation File No.: 23IA-0061 (entry, search, and procedure allegations—disposition: substantiated/proper conduct)<br>• Notice of Investigation to Jack Dove<br>• 4/3/23—Investigative Report of Lt. Brian Reeher re: 23IA-0061 | |

| | |
|---|---|
| • 3/22/22—Narrative Statement of Jack Dove re: Incident #M222-01-03230<br>• 3/23/22—Narrative Statement of Jack Bishop re: Incident #M222-01-03230<br>• 3/23/22—Narrative Statement of Randal Smith re: Incident #M222-01-03230<br>• 3/23/22—Narrative Statement of Randy Peyton re: Incident #M222-01-03230<br>• 3/22/22—Narrative Statement of David Daughenbaugh re: Incident #M222-01-03230 | |

| **Investigative Materials—Subject Incident** | **Objections** |
|---|---|
| 1. 10/24/2023—Investigative Narrative and Synopsis of Jack Dove re: Incident #M2231002673<br><br>2. 10/25/2023 and 10/26/2023—Emails from David Daughenbaugh to Captain Jonathan Lee re: anticipated litigation and internal investigation re: Incident #M2231002673<br><br>3. 11/8/2023—Email to Lt. Brian Reeher from Jack Dove, with attached Memorandum Narrative Statement of Jack Dove<br><br>4. 11/8/23-- Memorandum Narrative Statement of Jack Dove to Chief Paul Prine From Jack Dove re: Incident #M2231002673<br><br>5. 11/9/23—Narrative Statement of Randy Peyton re: Incident #M2231002673<br><br>6. 11/14/23—Narrative Statement of Jack Bishop re: Incident #M2231002673<br><br>7. 11/14/23—Narrative Statement of Randal Smith re: Incident #M2231002673 | Law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c). |

| | |
|---|---|
| 8. 12/4/23—Investigative Narrative and Recommendations of Lt. Reeher re: Incident #M2231002673 | |

| **Investigative Materials—Other Incidents** | **Objections** |
|---|---|
| 1. 10/24/23—Investigative Narrative and Synopsis of Jack Bishop re: Incident #M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 (1671 Leroy Stevens Rd)<br>• Intra-Departmental Communications re: Incident #M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<br>• LETS materials re: Incident #M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<br><br>2. 5/8/23—Investigative Narratives and Synopses of Jack Dove re: Incident #M2230500900 (5871 Swedetown Rd)<br><br>3. 7/5/23—Investigative Narratives and Synopses of Jack Dove re: Incident #M2230700447; SRO Complaint ME-026148-2023 (5377 Moffett Rd)<br><br>4. 8/21/23--Investigative Narratives and Synopses of Jack Dove re: Incident # M2230802289<br><br>5. 9/7/23-- Investigative Narratives and Synopses of Jack Dove re: Incident #M2230900660<br><br>6. 9/1/23—Investigative Narratives and Synopses of Jack Dove re: Incident #M2230901212 (Page Ave)<br><br>7. 9/12/23—Investigative Narratives and Synopses of Jack Dove re: Incident #M2230901214 (Bay Ave.) | Law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c). |

| | |
|---|---|
| 8. 9/28/23—Investigative Narratives and Synopsis of Jack Dove re: Incident #M2230903073 | |

Respectfully submitted,

*/s/ Kristy L. Waldron*
RICARDO A. WOODS
TAYLOR B. JOHNSON
KRISTY L. WALDRON
MARK B. ROBERTS

*Attorneys for Defendant City of Mobile*

**OF COUNSEL:**
**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, AL 36602
Tel: 251-344-5151
Fax: 251-344-9696
Email: rwoods@burr.com
tjohnson@burr.com
kwaldron@burr.com
mroberts@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document via email on August 5, 2026 on the following counsel of record:

Matt Green, Esq.
Jim Vollmer, Esq.
The Law Office of Matt Green, LLC
501 Government Street, Suite 1
Mobile, Alabama 36602
matt@mattgreen.lawyer

Matthew W. Smith, Esq.
M. Kathleen Miller, Esq.
ARMBRECHT JACKSON LLP
P.O. Box 290
Mobile, AL 36601

*/s/ Kristy Waldron*________________
Of Counsel