**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ABDALI ALI ISSA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 1:25-cv-0106-WS-MU** |
| | ) |
| | ) |
| **CITY OF MOBILE, et al..,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT JACK DOVE'S JOINDER IN THE CITY OF MOBILE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW Defendant Jack Dove ("Dove"), by and through his undersigned counsel of record and hereby files this Joinder in the City of Mobile's Response in Opposition to Plaintiff's Motion to Compel.[1] Dove hereby respectfully requests that this Court deny Plaintiff's Motion to Compel on the grounds that it requests documentation that is irrelevant, unduly prejudicial, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of this case in violation of Fed. R. Civ. P. 26(b)(1). As grounds in support thereof, Dove asserts as follows:

1. Plaintiff Abdali Ali Issa ("Plaintiff") filed his lawsuit against Dove and the City of Mobile (the "City") (collectively, the "Defendants"), on February 7, 2025. *See* **Dove's Exhibit 1**, Plaintiff's Complaint filed in Mobile County Court. Therein, Plaintiff asserted ten (10) causes of action against the Defendants, including various claims related to alleged violations of Plaintiff's

[1] The City of Mobile's Response in Opposition to Plaintiff's Motion to Compel Production of Withheld Materials and Complete Discovery Responses (Doc. # TBD) is hereby incorporated by reference as if set forth herein in its entirety pursuant to Fed. R. Civ. P. 10(c).

constitutional rights, as well as negligence and intentional torts against the City and Dove, respectively. *Id.*

2. After Plaintiff's Complaint was filed, Defendants filed their Notice of Removal, removing this case from Mobile County Circuit Court to the United States District Court for the Southern District of Alabama. *See* Doc. 1. Defendants' Notice of Removal was not opposed by Plaintiff.

3. Defendants filed Partial Motions to Dismiss on each of their behalf (Docs. 4 and 6), and the Court ruled on the issues presented within those Motions on May 22, 2025. *See* Docs. 12 and 13. Pursuant to this Court's Order, Plaintiff's Counts Eight, Nine, and Ten, as well as all claims for punitive damages, were dismissed with prejudice to the extent those claims were made against the City. *See* Doc. 12. Similarly, Plaintiff's Count Nine, as well as any claims under the Ninth Amendment and any claims for monetary damages for violations of the Alabama Constitution were dismissed with prejudice to the extent those claims were made against Dove. *See* Doc. 13.

4. Consequently, the remaining claims against each Defendant are as follows:

- **Count One** (Procedural Due Process Violation pursuant to Article I, §§ 6,13, and 35 of the Alabama Constitution, 42 U.S.C. § 1983, and the Fourteenth Amendment);
- **Count Two** (Unlawful Search and Seizure in violation of Article I, § 5 of the Alabama Constitution, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendment, and Section 52-1 (Section 104.3) of the City of Mobile Municipal Code);
- **Count Three** (Free Speech Violation pursuant to Article I, § 4 of the Alabama Constitution, 42 U.S.C. § 1983, and the First and Fourteenth Amendment);
- **Count Four** (Negligence and Wantonness pursuant to Ala. Code § 11-47-90);
- **Count Five** (Negligent Hiring, Training, Supervision, and Retention) [**against the City only**];

- **Count Six** (Trespass pursuant to Ala. Code § 6-5-210 et. seq.);
- **Count Seven** (False Arrest/False Imprisonment pursuant to Ala. Code § 6-5-170);
- **Count Eight** (Malicious Prosecution) [**against Dove only**]; and
- **Count Ten** (Outrage) [**against Dove only**].

*See* **Dove's Exhibit 1.**

5. In summary, Plaintiff's Complaint alleges that Defendants are liable for the above-referenced causes of action based upon their alleged improper enforcement of the City of Mobile's municipal code Section 52-1 (Section 104.3) (the "Junk Vehicle Ordinance") which Plaintiff alleges is unconstitutional. *Id.*

6. Specifically, Plaintiff alleges that Dove, in his capacity as an officer for the City of Mobile's Municipal Enforcement Task Force, negligently and/or wantonly enforced the Junk Vehicle Ordinance by allegedly trespassing on Plaintiff's property, improperly issuing citations to Plaintiff for the vehicles on his property, improperly detaining Plaintiff while conducting an investigation of the vehicles on his property, and improperly preventing Plaintiff from recording the interaction with Dove on his cell phone. *Id.* Plaintiff alleges that the above-referenced conduct also constituted causes of action for malicious prosecution and outrage against Dove as well as negligent training, hiring, and retention against the City. *Id.*

7. Initially, Plaintiff served his First Set of Interrogatories and Requests for Production to the City of Mobile on October 9, 2025. *See* Doc. 38. Thereafter, the City was unable to produce its responses to Plaintiff's First Set of Discovery Requests due to Plaintiff's delay in negotiating the terms of a Protective Order.

8. Upon information and belief, after the City produced its responses to Plaintiff's First Set of Discovery Requests on April 27, 2026, Plaintiff's counsel responded by asserting that the City's answers were incomplete and requested that the City supplement their responses. Dove's

counsel was not a party to these correspondences, as Dove is not the record custodian of the requested discovery; however, counsel for Dove attended the telephonic hearing before this Court on July 16, 2026, whereby the Parties' dispute was discussed at length.

9. Thereafter, this Court instructed the Plaintiff to limit the scope of his discovery requests, and the City was instructed to supplement their discovery responses with more specified objections and a privilege log. In conformance with the Court's Order, the City supplemented its Responses to Plaintiff's First Set of Discovery with a detailed privilege log setting forth extensive detail about the information withheld and the bases for the City's objections. *See* Doc. 60; *See also* **Dove's Exhibit 2**, The City of Mobile's Supplemental Responses to Plaintiff's First Set of Written Discovery; **Dove's Exhibit 3**, The City of Mobile's Log of Materials Withheld from Production on the Basis of Privilege or Other Objection. In addition to the privilege log and supplemental written responses, the City further endeavored to comply with the Court's directive by providing Plaintiff with nine (9) Internal Affairs investigative files from 2019-2023 which were based upon Dove's performance of Municipal Enforcement Task Force Duties. *See* **Dove's Exhibit 4**, The City of Mobile's August 5, 2026, Letter.

10. In response, Plaintiff filed his Motion to Compel Production of Withheld Materials and Complete Discovery Responses (Doc. 62) arguing that the City's supplemented discovery responses and document production are insufficient. Plaintiff's Motion requests that this Court compel the production of additional documentation that is inherently irrelevant, beyond the scope of this lawsuit, and disproportionate to the needs of this case, as Plaintiff's requested production is temporally remote and not in any way similar to the facts made the basis of this lawsuit. *See* Fed. R. Civ. P. 26(b).

11. Although Dove is not the records custodian of the requested production, the evidence sought relates directly to the alleged past conduct of Dove, and because the further production of such irrelevant and potentially prejudicial discovery directly implicates the interests of Dove, he files this Joinder in The City of Mobile's Response in Opposition to Plaintiff's Motion to Compel (Doc. # TBD).

12. For the reasons set forth herein, Dove respectfully requests that this Court deny Plaintiff's Motion to Compel (Doc. 62) on the grounds that the City has more than sufficiently responded to Plaintiff's overbroad discovery requests and properly stated objections for the withheld documentation which is irrelevant, inadmissible, and whose production would be disproportionate to the needs of this case in violation of Fed. R. Civ. P. 26(b)(1).

## LEGAL ARGUMENT

### I. Plaintiff is not entitled to documents that are unrelated to Dove's enforcement of the Junk Vehicle Ordinance as an officer of the Municipal Enforcement Task Force.

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter ***that is relevant to any party's claim or defense and proportional to the needs of the case***, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (emphasis added). Although relevancy is defined broadly, "***the right to discovery is not unlimited and does have 'ultimate and necessary boundaries.'***" *RLI Ins. Co. v. Mobile Cnty. Commn.*, No. CIV A 06-00027-BH-B, 2006 WL 3000159, at *1 (S.D. Ala. Oct. 20, 2006) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 67 S.Ct. 385, 91 L.Ed. 451 (1947)) (emphasis added). "***Certainly***, for instance, '***[d]iscovery of matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of***

***Rule 26(b)(1).*** ' … Indeed, '***[t]he relevancy requirement 'should not be misapplied so as to allow fishing expeditions in discovery.***'" *Alabama & Gulf Coast Ry., LLC v. U.S.*, No. CA 10-0352-WS-C, 2011 WL 1838882, at *4 (S.D. Ala. May 13, 2011) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *United States v. Lake County Bd. of Commissioners*, 2006 WL 1660598, *1 (N.D. Ind. June 7, 2006)) (internal citations omitted) (emphasis added); *See also In re Fontaine*, 402 F.Supp. 1219, 1221 (E.D.N.Y.1975) ("***While the standard of relevancy is a liberal one, it is not so liberal as to allow a party 'to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.***'") (emphasis added).

In a 42 U.S.C. § 1983 case such as this, "***[p]rior incidents also must involve facts substantially similar to those at hand in order to be relevant*** to a deliberate-indifference claim. And '**random acts or isolated incidents are insufficient to establish a custom or policy**.'" *Shehada v. Tavss*, 965 F. Supp. 2d 1358, 1374 (S.D. Fla. 2013) (citing *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir.2005); *Gold v. City of Miami*, 151 F.3d 1346, 1351 (11th Cir.1998)) (quoting *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir.1986)) (internal citations omitted) (emphasis added).

The United States District Court for the District of New Mexico analyzed a similar situation in 2019 where a plaintiff purported to obtain overbroad discovery regarding police officers seeking documents in support of an alleged "pattern." In *Ellis v. Hobbs Police Department*, the plaintiff issued a subpoena for records relating to several named defendant and non-party police officers, seeking documentation within the officers' personnel files regarding psychological evaluations. *Ellis v. Hobbs Police Dept.*, No. CV 17-1011 WJ/GBW, 2019 WL 5697787, at *1 (D.N.M. Nov. 4, 2019). In response to the plaintiff's subpoena, the *Ellis* defendants objected on the grounds of,

among other things, relevance and proportionality. *Id.* When analyzing these issues and interpreting the provisions set forth within Fed. R. Civ. P. 26(b)(1), the *Ellis* Court looked to the claims made within the plaintiff's complaint in order to determine the requested documentation's relevance and proportionality. *Id.* at *3.

> Plaintiffs' Complaint contains three claims: (1) retaliation for whistleblowing in violation of the New Mexico Whistleblower Protection Act, (2) retaliation for protected speech and association in violation of the First Amendment and 42 U.S.C. § 1983, and (3) racial discrimination and deprivation of due process in violation of the Fourteenth Amendment, 42 U.S.C. § 1981 and § 1983. In their response to Defendants' motion, **Plaintiffs offer a number of reasons why discovery of the subpoenaed records is relevant to these three claims**. The stated reasons fall into roughly four categories: … (2) **to demonstrate HPD's pattern of hiring officers with poor "moral character"**; (3) **to determine whether these individuals harbor "racist tendencies"**... The Court will address each in turn.
>
> …
>
> …[T]he importance of the privacy interests at stake is readily apparent. **The Court's evaluation of relevance and proportionality must be particularly stringent where personal, confidential information is involved.** The Tenth Circuit has recognized a constitutional "right to privacy" in personnel file information that is "of a highly personal nature." **In the interest of maintaining privacy, it may often be acceptable for the trial court to limit discovery of personnel files.**
>
> …
>
> …Plaintiffs argue that the psychological evaluations are relevant to show HPD's pattern or practice of hiring officers with poor "moral character." The Court discerns two problems with this argument.
>
> …
>
> **More importantly,** even assuming that [relevant] information was to be found in some of the psychological evaluations, **the relevance of the Defendant officers' generalized "moral character" to Plaintiffs' claims *is not readily apparent*. Whether the Defendant officers have "good moral character," *is only tangentially related to whether or not they racially discriminated against Plaintiffs*. Similarly, their "good moral character" or lack thereof is insufficiently specific to greatly assist in establishing whether Plaintiffs reported illegal and racially discriminatory conduct and were consequently retaliated against. This is particularly true given that some of the subpoenaed psychological evaluations may have been conducted *years or even decades ago*.** …[T]he Court finds that **the potential relevance of the subpoenaed records to demonstrate Defendants' "moral character" is insufficient to outweigh the**

> **important privacy interests** discussed above. **Consequently, *Plaintiffs' requested discovery fails the proportionality analysis* on this theory as well.**
>
> . . .
>
> **. . .[T]he Court finds that the subpoenaed psychological evaluations are not proportional to the needs of the case as they relate to the Defendant officers' "racist tendencies." … At the very least, … Plaintiffs' subpoena is dramatically overbroad: it covers a wide swath of highly sensitive psychological information, most of which is obviously irrelevant to showing racial bias or discrimination, *on the bare chance that some information related to racial bias will be revealed*.**
>
> **In addition, once again, *the temporal distance between some of the Defendant officers' evaluations and any events that transpired* during Plaintiffs' employment period *weighs against a finding of proportionality*.**
>
> For these reasons, the Court does not find that discovery of the subpoenaed psychological evaluations would be proportional to the needs of this case on a theory of demonstrating racial bias.

*Id.* at *3-6 (emphasis added) (internal citations and footnotes omitted) (citing e.g., *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648–49 (10th Cir. 2008); *Herbert v. Lando*, 441 U.S. 153, 177 (1979)); *Flanagan v. Munger*, 890 F.2d 1557, 1571 (10th Cir. 1989); *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994)); .*Ray v. Ropes & Gray LLP*, 799 F.3d 99, 116 (1st Cir. 2015) (probative value of racially derogatory remarks is "circumscribed if they were made in a situation temporally remote from the date of the employment decision in question"); *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1184 (10th Cir. 2006) (no inference of pretext was reasonable where a racial comment was "temporally remote from the termination")).[2]

Similarly, in this case, the claims that have been made are that Dove's negligent and/or wanton enforcement of the City's Junk Vehicle Ordinance violated Plaintiff's rights and caused or contributed to his injuries allegedly sustained on October 23, 2024. *See* **Dove's Exhibit 1**.

[2] As the Court may note upon review, unlike this case, the *Ellis* plaintiff maintained a cause of action against those defendants for racial discrimination, and despite doing so, the *Ellis* Court found that evidence of "good moral character" was "not readily apparent" and only "tangentially related" to plaintiff's claims. Furthermore, the *Ellis* Court noted that even assuming the requested production's relevance, the requested documentation failed the proportionality test due to its temporal remoteness, arising from conduct that occurred years prior to the *Ellis* plaintiff's complaint.

Plaintiff's Motion to Compel (Doc. 62) argues that Plaintiff's allegations regarding the enforcement of the City's Junk Vehicle Ordinance somehow automatically implicate the relevance of Dove's *entire* personnel history from his near **fifty (50) year career** because Plaintiff has made a claim for negligent hiring, training, and retention against the City. Plaintiff's assertions are misguided and clearly evidence his true intent to engage in a fishing expedition solely based upon the chance that some information related to his claims may be revealed. Such a basis for discovery is inherently irrelevant and cannot support Plaintiff's Motion to Compel, as the requested documentation is unlikely to result in the production of *admissible* evidence pursuant to Fed. R. Civ. P. 26 because (1) the subject matter of the withheld documentation is unrelated to Plaintiff's claims which are based upon Dove's enforcement of the City's Junk Vehicle Ordinance as a member of the City's Municipal Enforcement Task Force; and (2) the withheld documentation is temporally remote, especially considering that the City has already provided "the non-privileged elements of the internal investigation into the subject incident, as well as nine (9) Internal Affairs investigative files, dating from 2019 to 2023." *See* **Dove's Exhibit 4**.

Consequently, any personnel records which (1) do not expressly relate to Dove's enforcement of the City's Junk Vehicle Ordinance as a member of the City's Municipal Enforcement Task Force; and/or (2) are based upon conduct that is temporally remote such that it occurred prior to 2019, are definitionally ***irrelevant*** and not subject to discovery because such evidence is unlikely to be admissible at the trial. *Shehada*, 965 F. Supp. 2d at 1374; *See also Ellis*, 2019 WL 5697787, at *3-6. Moreover, even assuming *arguendo* that Plaintiff's requested documents were relevant (and it is Dove's assertion that they are not), the extensive and overbroad document production that Plaintiff requests relates to Dove's *entire* personnel file, including events that have occurred at the beginning of his nearly **fifty (50) year career** as a Mobile police officer.

Such a request is inarguably disproportionate to the needs of this case in violation of Fed. R. Civ. P. 26(b)(1). Consequently, Dove respectfully requests that this Court deny Plaintiff's Motion to Compel Production of Withheld Materials and Complete Discovery Responses.

WHEREFORE, premises considered, Dove hereby files this Joinder in the City's Response in Opposition to Plaintiff's Motion to Compel Production of Withheld Materials and Complete Discovery Responses and respectfully requests that this Court deny Plaintiff's Motion on the grounds that Plaintiff requests the production of documents which are irrelevant because they are not related to Plaintiff's claims which expressly relate to the enforcement of municipal ordinances in October 2023. Further, Dove also respectfully requests that this Court deny Plaintiff's Motion on the grounds that the requested production is disproportionate to the needs of this case in violation of Fed. R. Civ. P. 26(b)(1).

Date: September 2, 2026

Respectfully submitted:

ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, AL 36601
Telephone: (251) 405-1300
Facsimile: (251) 432-6843

*/s/ Matthew W. Smith*
MATTHEW W. SMITH (SMITM5019)
mws@ajlaw.com

*Attorney for Jack Dove*

**CERTIFICATE OF SERVICE**

I do hereby certify that on this date, September 2, 2026, I served a copy of the foregoing Defendant's First Set of Interrogatories by U.S. Mail, first class postage prepaid, and/or email to the Parties' counsel of record to the following:

Matt Green, Esq.
MATT GREEN LAW OFFICE
The Pollock-Altmayer House
501 Government St
Mobile, AL 36602

*Counsel for Plaintiff, Abdali Ali Issa*

Ricardo Woods, Esq.
Taylor Johnson, Esq.
Kristy Waldron, Esq.
Mark Roberts, Esq.
BURR & FORMAN
11 North Water Street
RSA TOWER, Suite 22200
Mobile, AL 36602

*Counsel for Defendant, City of Mobile*

*/s/Matthew W. Smith*

# EXHIBIT

# 1

DOCUMENT 2
ELECTRONICALLY FILED
2/7/2025 4:53 PM
02-CV-2025-900343.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

ABDALI ALI ISSA,

Plaintiff,

v.

CITY OF MOBILE; JACK DOVE, in his individual (personal) capacity; and Fictitious Parties Nos. 1-20 in both official and individual (personal) capacity; Plaintiffs aver Fictitious Party Defendants are otherwise unknown at this time, or if known, their identities as proper Party Defendants are not known, as well as all of whose true names and legal identities are unknown to the Plaintiffs at this time but will be added by amendment, individually and jointly, when ascertained,

Defendants.

CIVIL ACTION NO.: CV-2025-________

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

Comes now Plaintiffs and, in accordance with the Alabama Rules of Civil Procedure, files the following claims for relief. As grounds for said claims, Plaintiffs state as follows:

1. The Plaintiff, ABDALI ALI ISSA, (hereinafter "ISSA") is over the age of nineteen (19) years and, at all times relevant to the facts set forth herein, was a resident of Mobile County, Alabama living at 1021 Leroy Stevens Road, Mobile, AL 36695 and was the owner-operator of ASH Auto Service Body Shop and Car Sales located at the same residence.

2. The Defendant, CITY OF MOBILE, is a municipal corporation organized under the laws of the State of Alabama, and is located in Mobile County, Alabama. At all times material to this Complaint, the CITY OF MOBILE was the employer of JACK DOVE. Defendant CITY OF MOBILE is vicariously liable for all acts and/or omissions of Defendant JACK DOVE and/or one

or more of the Fictitious Party Defendants listed and described herein and numbered 1-20, who were acting in the line and scope of their employment with the CITY OF MOBILE.

3. The Defendant, JACK DOVE (hereinafter "DOVE"), is over the age of nineteen (19) years and, at all times relevant to the facts set forth herein, a resident of Mobile County, Alabama, and is sued in his individual (personal) capacity for acting wantonly, willfully, maliciously, fraudulently, in misinterpretation of the law, or in bad faith, and negligently, carelessly, or unskillfully, in harming ISSA. At all times material to ISSA's Complaint, DOVE was acting in the line and scope of his employment with the CITY OF MOBILE as Commander and Police Inspector of the Municipal Code Enforcement Task Force of the Mobile Police Department Special Investigations Section.

4. The CITY OF MOBILE was provided timely notice of these claims as required by Titles §11-47-23 and §11-47-192 Code of Alabama (1975).

5. Fictitious Party Defendants listed and described herein and numbered 1-20 are those individuals and/or entities that negligently and/or wantonly caused ISSA's injuries on the occasion made the basis of this suit.

6. Fictitious Party Defendants listed and described herein and numbered 1-20 all of whose true names and legal identities are unknown to the ISSA at this time but will be added by amendment, individually and jointly, when ascertained, who are liable to the ISSA as set forth in the complaint herein below.

7. Defendants DOVE, CITY OF MOBILE, and/or one or more Fictitious Party Defendants listed and described herein and numbered 1-20 acted jointly and severally and whose acts of negligence and wantonness combined and concurred to harm ISSA.

8. ISSA alleges all defendants acted willfully, maliciously, fraudulently, in

misinterpretation of the law, or in bad faith, and/or negligently, carelessly, or unskillfully, in harming ISSA.

9. The events made basis in this complaint occurred in Mobile County, Alabama.

10. ISSA avers this Court has subject matter and personal jurisdiction of the parties.

11. ISSA's claims for declaratory relief is authorized by Ala. Code §6-6-220: Declaratory Judgment Action and Rule 57 of the Alabama Rules of Civil Procedure.

12. This is in part a civil rights action in which ISSA seeks relief for Defendants' violations, under color of law, of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of Alabama and laws of the State of Alabama

13. This is also in part a tort action in which ISSA seeks relief.

14. To the extent ISSA requests punitive damages, ISSA does not seek punitive damages against the CITY OF MOBILE.

**FACTS**

15. ISSA repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein.

16. ISSA is a native of Iraq and practices the Muslim faith.

17. ISSA came to America to seek sanctuary from political and religious persecution and oppression from the Saddam Hussein regime.

18. Like many asylum seekers, ISSA escaped to Alabama and America to experience and enjoy the blessings of liberty guaranteed and secured by our state and federal constitutions and our rich heritage of liberty secured by our common law, history, and traditions.

19. After coming to America and settling in Alabama, ISSA set up a lawful business,

ASH Auto Service Body Shop and Car Sales in Mobile County, outside the jurisdiction of the CITY OF MOBILE at 1021 Leroy Stevens Road Mobile, Alabama 36695.

20. ISSA operated an automobile garage and shop at his residence.

21. ISSA obtained the proper licensing permit for his business with State of Alabama/ Mobile County and had been licensed to conduct business at his residence at 1021 Leroy Stevens Road in Mobile County since 2006.

22. In 2023, the CITY OF MOBILE and its Mayor courted voters to annex into the CITY OF MOBILE. On July 18, 2023, thousands of voters in three areas of West Mobile went to the polls and elected to join the CITY OF MOBILE. After the votes were certified on July 25, 2023, Mobile saw its population increase to more than 206,000 residents and became the 2nd largest city in the State of Alabama.[1]

23. One of the areas annexed was ISSA's residence and business at 1021 Leroy Stevens Road.

24. The City failed to properly and meaningfully educate and communicate with newly annexed citizens and businesses that with the carrot of city services, came the stick of regulatory ordinances and accompanying criminal sanctions, penalties, fines, and potential incarceration, and according to DOVE, the right to enter citizens like ISSA's property "**to inspect anything, anytime**."

25. And by mere annexation, ISSA's otherwise lawful and duly authorized business (in existence for at least seventeen years) was now deemed a public nuisance by DOVE, the City, and the other defendants.

[1] Growing the City of Mobile (City of Mobile website) (https://www.cityofmobile.org/annexation/) (visited January 30, 2025)

26. Sometime before the City annexed ISSA's residence, the CITY OF MOBILE received a complaint from "someone in the county" regarding ISSA's property. The CITY OF MOBILE responded by flagging ISSA's property and issued a memo "do not enforce until after annexation," according to Defendant DOVE.

27. Instead of sending notice to ISSA of the non-conforming use of his property, the City sent DOVE and other defendants out to inspect and issue citations to ISSA.

28. On October 24, 2023, a mayoral task force headed by a once retired City of Mobile Police Captain Jack DOVE, tasked with implementing the City of Mobile municipal code enforcement to these newly annexed residents, entered ISSA's property, unannounced, without a warrant to conduct a warrantless, search, seizure, and inspection.[2]

29. DOVE and Defendants then unlawfully executed a search within the curtilage of ISSA's residence and in the enclosed gated portion of ISSA's backyard which was shielded from view of individuals on adjoining properties.

30. When ISSA asserted his constitutional rights and inquired as to what legal authority, legal process, or search warrant authorized DOVE's entry and search without his consent, DOVE escalated the encounter, became enraged, and verbally and physically abusive to ISSA.

31. At no time did ISSA make any physical movement, threat, or motion of violence, and his feelings were expressed only in words and a request for DOVE and defendants to produce a warrant authorizing them to enter and search his property.

32. ISSA asked DOVE to produce a search warrant. This only enraged DOVE more. Recognizing the impropriety of the conduct and search, ISSA attempted to film DOVE with his

[2] Dove informed Plaintiff upon his entry on to Plaintiff's property "**We are assigned directly from the Mayor's Office**."

personal cell phone. DOVE responded by swinging and knocking ISSA's phone out his hand, instructing ISSA he could not film him, and then arrested ISSA.

33. DOVE unlawfully prevented ISSA from filming DOVE and other officers, including DOVE's unlawful conduct, while on ISSA's own residential property in violation of clearly established law and in retaliation for ISSA exercising his constitutional right to film the police on his own property.

34. Defendants then entered ISSA's property and began opening the doors to automobiles, searching the automobiles, and photographing ISSA's premises and vehicles.

35. ISSA had clearly marked "**NO TRESPASSING**" signs in his front yard and on the enclosed gate leading into his back yard.

36. During the inspection, Defendants indiscriminately placed yellow stickers on vehicles on ISSA's premises both in the front yard and in ISSA's enclosed gated back yard: "**NOTICE OF VIOLATION JUNK CAR AND CORRECTIVE ORDER**."




37. DOVE and defendants indiscriminately tagged ISSA's personal vehicle and

vehicles of his sons with violation stickers. These vehicles were operable and in good working order. Despite this, the Defendants tagged these vehicles as *inoperable and public nuisances*. Each of these vehicles had up to date tags and registration and were very operable. These vehicles were not junk cars and not a public nuisance.

38. Since the Defendants determined all vehicles they stickered as "junk cars" and were deemed in operable by the City, ISSA's property was subject to restrictions on the use of such property. As such this conduct constituted a seizure within meaning of both the Fourth Amendment and Fourteenth of the United States Constitution as applied to state and local authorities. Additionally, defendants' conduct constituted a search and seizure within the meaning of Ala. Const. Art. I, § 5.

39. Other law enforcement members of the task force on the scene expressed concern with DOVE's conduct as they too noted DOVE had escalated the encounter beyond that tolerated by a civilized society and sound policing.

40. DOVE, in violation of municipal policy, either knowingly and intentionally failed to activate his body worn camera during his initial interaction with ISSA which would have otherwise captured DOVE's initial interaction with ISSA preventing ISSA filming him, and his unlawful entry on to ISSA's property, and the illegal search and seizure.

41. Despite DOVE failing to record his initial interaction with ISSA and other unlawful conduct, much of DOVE's conduct and abuse of ISSA was captured on his later active BWC and other backing officers body worn camera.

42. ISSA's verbal objection to DOVE's conduct along with ISSA's attempt to film DOVE, prompted DOVE to place ISSA in handcuffs, arrest him, and place him in the back of DOVE's patrol vehicle in the front yard.

43. This was all done in front of ISSA's family.

44. ISSA pleaded with DOVE to not take him into custody because his disabled wife was ill and depended upon ISSA for care, maintenance, and support.

45. DOVE and members of the task force thereafter unlawfully, not in good faith, without a warrant, or any judicial authority, and without consent or probable cause, or arguable probable cause that any code violation existed, or criminal activity was afoot, entered the enclosed and gated back yard, inspected, searched and seized ISSA's property, placing Code violation stickers on his personal, his sons', and customers' vehicles.

46. Some of the vehicles DOVE and defendants tagged were the vehicles of customers of ASH Auto Service Body Shop and Car Sales that ISSA was under agreements with his customers to repair.

47. While ISSA speaks and understands the English language, he does have difficulty at times, which he expressed to DOVE, "**I don't speak good English**."

48. DOVE publicly humiliated, mocked, and belittled ISSA in front of his two sons, and other law enforcement on scene.

49. For instance, when ISSA asserted his constitutional rights to be free from an unlawful, search, seizure, arrest, abusive and unlawful conduct, DOVE said:

a) "**What country in Europe are you from?**"
b) "**If you get assimilated into this country, you might know what the law is!**"
c) "**I'm the Police & What I say Goes!**"
d) "**He who wears the gold shield calls the ball.**"
e) "**I'm an expert in criminal and civil law.**"
f) "**We don't give warnings!**"
g) "**Do you honestly believe 'Mr. Iraqi Citizen' I need you to lecture me on the Constitution?**"
h) "**Oh Jesus Christ. Don't pull the race card!**"
i) "**Why do YOU PEOPLE have to make this worse than it is?**"
j) "**Mr. Issa always do what the nice policeman tells you to do.**"

k) **"We are assigned directly from the Mayor's Office."**
l) **"We could've busted in the door."**
m) **"You're facing six months in jail."**[3]

50. DOVE told ISSA, **"By state law, I have the right to inspect anything, anytime!"**

51. ISSA had a pet dog *Blondie* behind the gated enclosure in his back yard. When ISSA informed DOVE and defendants that he had a pet in the back yard and to not let the dog out of the enclosure, DOVE threatened to shoot Blondie: **"If your dogs attack, the officers will shoot the dog and kill it"** and later threatened, **"we will have the pound come out and pick up the dog."**



**Blondie**

52. After handcuffing and arresting ISSA, DOVE placed ISSA in the back of his police vehicle. When ISSA tried to plead with him regarding the arrest, DOVE commanded ISSA "**shut up**" and turned his radio all the way up drowning him out with Christian music.

53. Realizing his conduct was in violation of clearly established law and procedures,

[3] Plaintiff along with his counsel was allowed to view the body camera footage of this event prior to the filing of this action.

DOVE ultimately "unarrested" ISSA informing him:

a) I'm not arresting you "**out of the kindness of my heart**."
b) "**I'll just chalk it up to he doesn't understand**."
c) I'm gonna unarrest you "**for confusion's sake. That's my gift to you. Merry Christmas!**"[4]

54. As a result of DOVE and defendants' conduct, ISSA suffered physical injury requiring medical treatment. During the assault and arrest of ISSA, DOVE injured ISSA's wrist requiring medical treatment. This injury has adversely impacted ISSA's ability to earn a living.

55. ISSA sought medical treatment for his injuries and medical providers prescribed pain medication for ISSA's injuries.

56. After releasing ISSA, DOVE instructed ISSA he would be swearing out additional criminal warrants against ISSA for:

A. failure to obey;
B. resisting arrest; and
C. obstructing governmental operations.

57. The next day on October 25, 2023, DOVE took the citations, swore to them before a magistrate, and initiated criminal prosecution against ISSA in the City of Mobile Municipal Court.

58. DOVE acknowledged in one of his sworn complaints that ISSA had a valid Mobile County business license at the time of the arrest- "**has county license**."

---

[4] It should be noted the arrest was in October and Plaintiff is of the Muslim faith. Dove noted in the obstructing charge that Issa was "Released at Scene."




59. DOVE swore falsely before a City of Mobile Municipal Court magistrate on the complaint that ISSA's initial interaction with DOVE was "*all* **recorded on BWC** [body worn camera]."




60. DOVE chose not to activate his BWC and record his initial entry on to ISSA's property which was exculpatory and showed the inspection was unlawful or otherwise in violation of ISSA's federal and state constitutional rights, as well as the City of Mobile Municipal Code.

61. DOVE omitted this critical and exculpatory information, including his initial interaction with ISSA, to the magistrate in his quest to criminally charge ISSA, including the fact that many of the vehicles were not junk cars but the personal vehicles of ISSA and his sons and not in violation of the operative municipal ordinance.

62. The magistrate relied on DOVE's intentional misrepresentation and omission in approving the citation and docketing the charges to include the charge of Obstruction of governmental operations in violation of §13A-10-3 of the Code of Alabama, a Class C Misdemeanor, punishable by up to ninety (90) days in jail. *See* Ala. Code § 13A-5-7(a)(3).

63. DOVE failed to charge ISSA with a violation of the City of Mobile Municipal Code or the enabling ordinance adopting the state statute, Ala. Code §13A-10-3, and as such the Municipal Court had no jurisdiction.


Driver's License Number 7295674 | State AL | Expiration Date 03 22 25 | Birth Date 07 01 69
Height 5'9 | Weight 200 | Eyes BR | Hair Grey | Social Security Number 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 | Sex M | Race O
Name of Employer SELF A S H AUTO SERVICE | Address of Employer
Did violate ☐ Ordinance Number 13A-10-3 which incorporates or encompasses Section 13A-10-3 Code of Alabama 1975 within the city limits or police jurisdiction of Mobile and/or ☐ Section 13A-10-3 Code of Alabama 1975 or ☐ Rule/Regulation Number 13A-10-3 within ______ County at or near the following location (describe) 1021 Leroy Stevens ______ more particularly described in the DESCRIPTION OF OFFENSE section below

64. DOVE successfully encouraged the magistrate to unlawfully approve this complaint which was defective and unlawful and invalid on its face.

65. As such the charge and UNTCC of obstructing governmental operations was a nullity in violation of ISSA's rights, and never should have been docketed for prosecution in the City of Mobile Municipal Court.

66. DOVE never communicated this operative set of facts to the magistrate.

67. DOVE's conduct violated clearly established law.

68. The CITY OF MOBILE's legal department ultimately Nolle Prossed all charges against ISSA.

**COUNT ONE:**

**PROCEDURAL DUE PROCESS: ARTICLE I, §§ 6, 13, 35 OF ALABAMA CONSTITUTION**

**PROCEDURAL DUE PROCESS: 42 U.S.C. 1983: FEDERAL FOURTEENTH AMENDMENT**

69. Plaintiff adopts and incorporates by reference each of the allegations, facts, and averments contained in the preceding paragraphs as if set forth fully herein.

70. The CITY OF MOBILE through its agents DOVE and Fictitious Parties 1-20, unlawfully entered, searched, and seized ISSA's personal property from his possession without procedural due process, and also in violation of City of Mobile Municipal Code.

71. Defendants violated Sec.52.184 of the City of Mobile municipal code by failing to afford ISSA the thirty (30) day grace period. The ordinance clearly states that an inoperable vehicle be "*in view of the general public for thirty (30) days or more and is inoperable…*"

72. Defendants cited ISSA the same day of their entry and inspection and cited ISSA's vehicles, some of which were operable, with insurance, registration, not junk cars and not a nuisance.

73. Defendants did not afford ISSA, a business owner with an otherwise valid business license in Mobile County, with an opportunity for pre-compliance review of the alleged non-conforming uses or violations of municipal ordinances after annexation before entering, inspecting, searching and arresting ISSA.

74. To the extent the City of Mobile Property Maintenance Code, authorizes a code

inspector to enter one's property without a warrant, legal process, or other method by which an occupant can contest the entry or learn the limits of the search, such an interpretation and enforcement practice is unlawful on its face and *as applied* to ISSA. Refusal of an unlawful search is a constitutional right of a citizen, as in ISSA's case is met with an arrest, potential incarceration, a potential fine, and Defendants' actions can only be contested *after the fact*.

75. Defendants, without providing ISSA with notice the City of Mobile's enforcement code now applied to him or his business or that his business license with Mobile County did not relieve him of compliance with the municipal code, cited and arrested him.

76. Defendants failed to provide citizens, including ISSA, who had a valid license to operate an otherwise lawful business through the state and county, a meaningful time and opportunity to transition into compliance before unlawful entry and inspection.

77. Defendants failed to offer a meaningful opportunity to comply with the new municipal code before unlawfully entering, searching, inspecting, and seizing ISSA's property.

78. Defendants failed to afford ISSA and his business a meaningful opportunity to apply for a municipal business license before citing, arresting him, and seizing his property.

79. Despite this, Defendants still cited and arrested ISSA for conduct clearly lawful under the City of Mobile Municipal code.

## COUNT TWO: UNLAWFUL SEARCH & SEIZURE

- **Article I, § 5 of the Alabama Constitution: Unlawful Search & Seizure**
- **42 U.S.C. §1983: Fourth and Fourteenth Amendments of The United States Constitution[5]**

[5] State courts and the U.S. District Courts have jurisdiction to hear actions brought under 42 U.S.C.A. § 1983. Ingram v. Moody, 382 So. 2d 522 (Ala. 1980).

- **Section 52-1 (Section 104.3) of the City of Mobile Municipal Code**

80. Plaintiff repeats and incorporates all the allegations of this Complaint, as if fully set forth herein.

81. There was no evidence ISSA or his business posed an immediate threat to public health or safety or were related to any other exigent circumstances justifying a warrantless intrusion and search on ISSA, his property, and his business.

82. ISSA's backyard was screened by an enclosed gate and privacy fencing. It was shielded from the view of individuals on the adjoining properties and specifically exempted from the City of Mobile municipal ordinance.

83. Sec. 52-1 (§104.3) Property maintenance code of the City of Mobile as adopted by municipal ordinance **65-048-2017** authorizes a limited right of entry for inspection.

> **104.3 Right of Entry**
>
> Where it is necessary to make an inspection to enforce the provisions of this code, or whenever the *code official* has reasonable cause to believe that there exists in a *structure* or upon a *premises* a condition in violation of this code, the *code official* is authorized to enter the structure or *premises* at reasonable times to inspect or perform the duties imposed by this code, provided that if such *structure* or *premises* is occupied the *code official* shall present credentials to the *occupant* and request entry. If such structure or *premises* is unoccupied, the *code official* shall first make a reasonable effort to locate the *owner*, owner's authorized agent or other person having charge or control of the *structure* or *premises* and request entry. If entry is refused, the *code official* shall have recourse to the remedies provided by law to secure entry.

84. However, the authority for Defendants to enter and inspect is not unlimited and must comply with the municipal ordinance as well as state and federal law.

85. In the event a homeowner refuses inspection, the code official is required to resort to the "remedies provided by law to secure entry"- that is allegiance to state and federal constitutional requirements- Get a Warrant.

86. The Fourth Amendment and the Fourteenth Amendment secures and safeguards the fundamental right of individuals against arbitrary actions by government officers, like DOVE, who feel no constraints against the unlawful arbitrary exercise of such power –"**I have the right to inspect anything, anytime**" and "**I'm the Police & What I say Goes!**" and "**Mr. ISSA always do what the nice policeman tells you to do**" and "**We could've busted in the door**" and "**He who wears the gold shield calls the ball**."

87. Municipal Code enforcement officers, DOVE included, have no discretion once entry by a homeowner or business owner is refused. The officer shall instead have "recourse to the remedies provided by law" to secure entry. This is a hard and fast rule to foster fidelity to fundamental rights and for this ordinance to survive constitutional scrutiny against unlawful searches and seizures and not leave citizens at the mercy of the unbridled discretion of the law enforcement officers in the field.

88. DOVE was therefore not acting with the scope of his discretionary authority.

89. The plain language of Sec. 52-1 (§104.3) requires a code official resort to remedies provided by law when entry is refused.

90. If a citizen refuses inspection, he cannot be arrested for exercising this constitutional right and for exercising a right secured by the plain language of Sec. 52-1 (§104.3).

91. Accordingly, ISSA and thousands of others recently annexed into the City of Mobile are forced to choose between consenting to an unlawful search or subjecting themselves to arrest, incarceration, fines and penalties for refusing entry as the CITY OF MOBILE and its agents like DOVE enforce this ordinance.

92. Arresting a citizen homeowner and business owner for refusing entry without a warrant is a clear violation of ISSA's constitutional rights, and rights secured by Mobile's Real Property Maintenance and Enforcement municipal code.

93. DOVE and defendants, after being refused entry, instead of seeking recourse provided by law, arrested ISSA and searched ISSA's property as detailed above.

94. Alternatively, the manner and method in which this entry was effectuated and executed even in compliance with the ordinance, still constituted an unlawful search and seizure *as applied* to ISSA in this instance.

95. Finally, even if the Defendants conduct was lawful under the City of Mobile Municipal Code, the Code provision violates the Federal and State Constitution as cited above and is unconstitutional on its face and *as applied* to ISSA.

96. An interpretation and enforcement of the City of Mobile Municipal code that sanctions warrantless entry and searches is in violation of the Fourth (and Fourteenth) Amendment to the United States Constitution and Article I, § 5 of the Alabama Constitution.

97. Additionally, Defendants conduct was more than just an administrative inspection as Defendants arrested and charged ISSA with criminal offenses and constituted a criminal investigation.

98. The Alabama Constitution protects individuals' rights to use private property and engage in any business that doesn't harm the public. (Article I, § 5 of the Alabama Constitution)

99. Defendants unlawfully entered and searched ISSA's residential premises to include areas within the curtilage.

100. ISSA's business clients vehicles and his and his sons' personal vehicles on the premises were on his private property and did not harm the public.

101. Defendants stickered these vehicles as junk cars and deemed them inoperable so they could not be driven or operated on the roadways.

102. DOVE lacked reasonable cause to believe ISSA premises was in violation of the municipal code and did not have consent of ISSA to enter and inspect the premises.

103. Additionally, and upon information and belief, other newly annexed citizens and businesses have not been arrested for obstructing a warrantless search and seizure of one's residential property and curtilage.

104. Alternatively, this was a circumstance where even if officers had probable cause to make arrests, they typically exercise their discretion not to, as the municipal goal is one of assisting newly annexed home and business owners, and is one of education and compliance rather than warrantless invasion and arrest.

105. Some of ISSA's vehicles searched and seized by Defendants were operable motor vehicles and as such beyond the purview of Sec. 52 of the City of Mobile Municipal Code.

106. Defendants acts and conduct described above violated ISSA's right to be free from unreasonable, excessive, and unlawful seizure.

107. As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A. Loss of liberty;
B. Deprivation of liberty and property;
C. Emotional and psychological injury, including but not limited to anxiety and depression;
D. Physical Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.
E. Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

**COUNT THREE: FREE SPEECH VIOLATION**

**Ala. Const., Article I, § 4: Freedom of speech**

**42 U.S.C. § 1983: Free Speech Violation of First and Fourteenth Amendment United States Constitution**

108. Plaintiff repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein.

109. DOVE retaliated against ISSA after ISSA attempted to exercise constitutional rights and by attempting to film DOVE. DOVE responded by arresting him using excessive force in effectuating his arrest of ISSA. DOVE caused injury to ISSA.

110. ISSA never resisted arrest or engaged in any physical altercation or exhibited any verbal hostility with or toward DOVE or any defendants.

111. DOVE's detention and arrest of ISSA was made in retaliation for ISSA exercising his rights under his Federal First and Fourteenth Amendments to film the police.

112. DOVE's detention and arrest of ISSA was made in retaliation for ISSA exercising his rights under his state constitutional right under Ala. Const., Article I, § 4: Freedom of speech and press.

113. DOVE terminated the filming so ISSA could not record DOVE and his unlawful conduct.

114. DOVE prevented, destroyed, and/or spoliated evidence that was exculpatory, material, and relevant to ISSA's claims.

115. DOVE destroyed and spoliated evidence that captured DOVE's retaliation for ISSA daring to question his authority and for ISSA asserting his clearly established constitutional rights.

116. This retaliation motive of DOVE was corroborated by DOVE's statements captured on DOVE's later recorded body camera footage and mentioned previously.

117. Perhaps most egregious is that ISSA was retaliated against for exercising a clearly established constitutional right *on his own property*.

118. Additionally, ISSA's attempt to video his encounter was the only video evidence of his initial encounter with DOVE since the City claims it is not in possession of video of DOVE's initial encounter with ISSA.

119. The right to film policy is clearly established law and has been in this jurisdiction for nearly a quarter of a century. Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000).

120. Alternatively, the facts of this case are so egregious that DOVE violated the First Amendment in the total absence of case law. Williams as next friend of Williams v. Carter, No. 5:21-CV-510-LCB, 2023 WL 158219, at *4 (N.D. Ala. Jan. 11, 2023)

121. Additionally, DOVE's detention and arrest of ISSA was made in retaliation for ISSA exercising his state and federal constitutional rights mentioned above to argue with the police over DOVE's unlawful conduct.

122. ISSA's non-combative arguing with the police on his own property was constitutionally protected by the First Amendment and Fourteenth Amendment to the United States Constitution and Article I, § 4 of the Alabama Constitution.

123. The law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for speaking out.

124. "The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." City of Houston v. Hill, 482 U.S. 451, 462–63 (1987).

125. At all times, from the initial contact through the arrest, ISSA did not make any false statements.

126. DOVE's detention and arrest of ISSA were adverse actions which would chill a person of ordinary firmness from arguing with the police in protesting an unlawful and illegal search and seizure.

127. DOVE's detention and arrest of ISSA were motivated by ISSA's exercise of the protected activity of arguing with the police on his own property.

128. As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A. Loss of liberty;
B. Deprivation of liberty and property;
C. Emotional and psychological injury, including but not limited to anxiety and depression;
D. Physical Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.
E. Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

**COUNT FOUR: ALA. CODE §11-47-90 NEGLIGENCE AND WANTONNESS AS TO DOVE, CITY OF MOBILE, AND TO FICTITIOUS PARTY DEFENDANTS 1-20**

129. Plaintiff repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein.

130. ISSA repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein. This cause of action brought against DOVE, the CITY OF MOBILE and Fictitious Party Defendants 1-20 pursuant to the common law of the State of Alabama, and Ala. Code §11-47-190.

131. DOVE negligently and/or wantonly acted in violation of:

A. the standard of care applicable to police officers;

B. the specific, mandatory and non-discretionary duties prescribed by the CITY OF MOBILE for performing his work;

C. The City of Mobile Municipal Code to include Chapter 52 and entitled: Real Property Maintenance and Enforcement;

D. The Fourth Amendment to the U.S. Constitution and Article I, §§ 5, 13, 35 of the Alabama Constitution.

E. The First Amendment U.S. Constitution and Article I, § 4 of the Alabama Constitution.

132. DOVE's acts and/or omissions were in violation of Alabama common and statutory law and the ordinances of the City of Mobile; said violations constitute negligence and wantonness *per se*;

133. DOVE's conduct was in violation of the policies and procedures of the Mobile Police Department and City of Mobile Code Enforcement policies and procedures.

134. DOVE's acts and/or omissions were reckless and were committed with a conscious disregard for the rights and safety of others, including ISSA.

135. Defendants willfully, maliciously, fraudulently, in misinterpretation of the law, or in bad faith, and/or negligently, carelessly, or unskillfully, in harming ISSA.

136. As a proximate consequence of the joint and several, combining and concurring, wantonness of Defendants CITY OF MOBILE, DOVE and/or one or more Fictitious Party Defendants listed and described herein and numbered 1-20, ISSA was caused to suffer permanent and serious injuries and damages.

137. As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A. Loss of liberty;
B. Deprivation of liberty and property;
C. Emotional and psychological injury, including but not limited to anxiety and depression;
D. Physical Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.
E. Pain, suffering, mental anguish, public and private

humiliation, embarrassment and emotional distress, past and future.

**COUNT FIVE:**
**NEGLIGENT HIRING, TRAINING, SUPERVISION, & RETENTION AS TO DEFENDANT CITY OF MOBILE and/or FICTITIOUS PARTY DEFENDANT 1-20**

138. Plaintiff repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein.

139. The CITY OF MOBILE knew or should have known or discovered in the exercise of due diligence that DOVE was unfit to be a law enforcement officer, lacked the proper temperament to be a peace officer, and would engage in unlawful acts towards ISSA and the citizenry at large.

140. DOVE has a history of misconduct and acts of physical violence towards citizens in the performance of his duties with the CITY OF MOBILE.

141. DOVE had at least one prior violent encounter with a citizen where he was alleged to have treated the citizen "in a very demeaning manner in the docket room and subsequently beat, hit, strangled or otherwise harmed" the citizen.

142. DOVE along with the CITY OF MOBILE was named in a civil lawsuit.

143. The CITY OF MOBILE was alleged to have been on notice then of DOVE's violent and dangerous propensities as far back as 1989, when it was named as a defendant then for negligent hiring, training, and supervising DOVE.

144. The CITY OF MOBILE filed a declaratory judgment arising out of that action against DOVE, its own agent and employee, alleging it owed no duty to defend him as his actions "were either intentional or were willful or wanton."

145. The City was aware of this history when it retained and/or retained and/or promoted DOVE endowing him with supervisory police powers, law enforcement powers, and arrest powers.

146. For purposes of this Count, ISSA is entitled to relief against Defendant CITY under state law because it owed a duty of reasonable care to ISSA and breached its duty to exercise reasonable care, through its wrongful acts, omissions, and/or negligence.

147. Defendant CITY OF MOBILE had a non-delegable duty of care owed to ISSA, and breached this duty in the following ways, including, but not limited to, failing to adequately provide policies, procedures, or training to Mobile officers, including, but not limited to Defendant DOVE, regarding municipal code enforcement, searches, seizures, uses of force.

148. Defendant CITY OF MOBILE had an obligation to properly screen, train, supervise, control, discipline, and/or terminate its employees. Moreover, Defendant CITY OF MOBILE had an obligation not to rehire DOVE as a law enforcement officer after he retired in 2017.

149. Defendant CITY hired, retained, and/or rehired DOVE without exercising due diligence regarding DOVE's fitness to be a law enforcement officer

150. The CITY OF MOBILE's actions and omissions fell far below the standard of care required under Alabama law for municipalities in hiring, training, and supervising police officers. The CITY's failure to properly train its officers on interactions with individuals like ISSA and those who were recently annexed into the police jurisdiction and its negligent retention of DOVE despite his history of misconduct constitute gross negligence under Alabama law.

151. The CITY OF MOBILE's actions and omissions fell far below the standard of care required under Alabama law for municipalities in hiring, training, and supervising police officers. The CITY's failure to properly train DOVE on the required legal remedies and course of action to take when a citizen exercises his constitutional right to refuse entry to a code enforcement officer.

152. The CITY OF MOBILE's actions and omissions fell far below the standard of care required under Alabama law for municipalities in hiring, training, and supervising police officers.

153. The CITY OF MOBILE's actions and omissions fell far below the standard of care required under Alabama law for municipalities in hiring, training, and supervising police officers to properly train DOVE on the requisite use of force and body camera video preservation and recordation.

154. The CITY OF MOBILE's actions and omissions fell far below the standard of care required under Alabama law for municipalities in hiring, training, and supervising police officers to properly train DOVE on a citizen's right to film law enforcement while the citizen is on his own property.

155. The CITY OF MOBILE's actions and omissions fell far below the standard of care required under Alabama law for municipalities in hiring, training, and supervising police officers to properly train DOVE on the proper use and recordation of body worn cameras and evidence preservation.

156. As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A. Loss of liberty;
B. Deprivation of liberty and property;
C. Emotional and psychological injury, including but not limited to anxiety and depression;
D. Physical Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.
E. Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

**COUNT SIX: TRESPASS**
**Alabama Code § 6-5-210, et. seq.**

157. Plaintiff repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein.

158. Defendants entered ISSA's residential property and remained there, without his consent, without probable cause, and without a warrant or Court Order or legal process.

159. Defendant DOVE and the CITY OF MOBILE, whether individually or in concert, willfully, and/or maliciously, and/or in bad faith, and/or mistaken interpretation of the law, and/or negligently, carelessly, or with unskillfulness committed an act of unlawfully trespassing on ISSA's private property to commit an unlawful act (s).

160. As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A. Loss of liberty;
B. Deprivation of liberty and property;
C. Emotional and psychological injury, including but not limited to anxiety and depression;
D. Physical Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.
E. Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

**COUNT SEVEN: FALSE ARREST/FALSE IMPRISONMENT**

**Alabama Code § 6-5-170**

163. Plaintiff repeats and incorporates all of the allegations of this Complaint, as if fully set forth herein.

164. At all times herein, the Defendants confined and/or caused the confinement of ISSA, through force and coercion, involuntarily and against his will. ISSA was arrested, placed in handcuffs, and placed in the back of the Mobile Police Department vehicle, thereby constituting an arrest of his person without lawful cause or justification.

165. Once ISSA was falsely arrested, thereby depriving him, against his will and without lawful authority, of his personal liberty and freedom of movement.

166. The Defendants' acts and conduct described above did violate ISSA's right to be free from unreasonable, excessive and unlawful seizures, as secured by the Fourth and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of Alabama and statutes of the State of Alabama. The false imprisonment and other forms of unreasonable seizure of ISSA were undertaken by the Defendants in the absence of probable cause to do so.

167. As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A. Loss of liberty;
B. Deprivation of liberty and property;
C. Emotional and psychological injury, including but not limited to anxiety and depression;
D. Physical Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.
E. Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

**COUNT EIGHT: MALICIOUS PROSECUTION**

168. Plaintiff incorporates by reference the allegations set forth in the forgoing paragraphs as if fully set forth herein.

169. Defendants initiated criminal proceedings against ISSA;

170. The charges lacked probable cause;

171. Defendants acted with Malice;

172. The criminal proceeding was terminated in favor of ISSA;

173. Defendants did not act in good faith and acted with willful or malicious intent.

174. As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A. Loss of liberty;
B. Loss of business and lost income (past and future);
C. Deprivation of liberty and property;
D. Emotional and psychological injury, including but not limited to anxiety and depression; and
E. Physical Pain;
F. Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

**COUNT NINE: ABUSE OF PROCESS**

175. Plaintiff incorporates by reference the allegations set forth in the forgoing paragraphs as if fully set forth herein.

176. Defendants had an ulterior purpose;

177. Defendants engaged in the wrongful use of process;

178. Defendants acted with malice;

179. As a direct and proximate result of the acts and conduct of the Defendants complained of herein, ISSA has sustained the following injuries and damages, among others:

A. Loss of liberty;
B. Deprivation of liberty and property;
C. Emotional and psychological injury, including but not limited to anxiety and depression; and
D. Physical Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.
E. Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

**COUNT TEN: OUTRAGE**

180. Plaintiff incorporates by reference the allegations set forth in the forgoing paragraphs as if fully set forth herein.

181. DOVE's conduct goes beyond all possible bounds of decency.

182. DOVE humiliated ISSA, and caused him to fear for his safety.

183. The actions of DOVE and Defendants are outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

184. The physical pain and emotional distress that the Defendants have caused ISSA to suffer is so severe that no reasonable person could be expected to endure it.

185. As a proximate cause of the Defendants' extreme and outrageous conduct, ISSA suffered and continues to suffer from mental anguish, physical pain and suffering, humiliation, and will continue to suffer in the future.

## RELIEF REQUESTED

WHEREFORE, ISSA demands the following relief against Defendants individually and jointly:

(a) A declaration that Defendants violated the state, federal, and municipal rights of ISSA;
(b) A declaration that the City of Mobile Property Maintenance Code to comply with state and federal constitutional mandates, requires a search warrant for a code inspector to enter and inspect private property once entry is refused by a property owner.
(c) Compensatory damages for the physical, emotional, and economic injuries suffered by ISSA and his business by reason of Defendants' unlawful and unjustified conduct, in an amount fair, just and reasonable and in conformity with the evidence at trial;
(d) Punitive and exemplary damages as to the Defendants to the extent allowable by state and federal law;
(e) Attorneys' fees and costs as allowed, pursuant to 42 U.S.C. §1988 and otherwise allowable at law or within discretion of the Court; and
(f) Such other and further relief as appears just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

/s/ Matt Green
Matt Green, Esq. (GRE095)

OF COUNSEL:
Matt Green, Esq. (GRE095)
The Law Office of Matt Green, LLC
*The Pollock-Altmayer House*
501 Government Street, Suite 1
Mobile, AL 36602
P: (251) 434-8500
F: (251) 408-3265
E: matt@mattgreen.lawyer

**PLEASE SERVE THE DEFENDANTS AS FOLLOWS:**

**By Sheriff:**

Jack Dove
8251 Silver Pine Rd.
Semmes, AL 36575

**By Certified Mail**:

City of Mobile
c/o Lisa Lambert
P.O. Box 1827
Mobile, AL 36633

Alabama Attorney General Steve Marshall
Office of the Attorney General
501 Washington Ave.
Montgomery, AL 36104

# EXHIBIT

# 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ABDALI ALI ISSA,<br><br>Plaintiff,<br><br>v<br><br>CITY OF MOBILE, JACK DOVE, et al.,<br><br>Defendants. | CIVIL ACTION NO.: 1:25-cv-106-WS-MU |

**CITY OF MOBILE'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY**

COMES NOW Defendant City of Mobile (the "City) and supplements its responses to Plaintiff's First Set of Written Discovery, as narrowed by Plaintiff's letter dated July 28, 2026, as follows:

**INTERROGATORIES**

6. Has Jack Dove ever been the subject of any complaint by citizens, fellow officers, or anyone? If so, please list:

a) the nature of the complaint;

b) the identity of the complainant;

c) a summary of the investigation by the City;

d) the name of the investigator;

e) the decision by the City regarding the complaint

**SUPPLEMENTAL RESPONSE:**

**The City objects to this interrogatory, even as narrowed, as facially overbroad in that it requests material that is irrelevant, immaterial and not proportional to the needs of the case, in that it lacks similarity to the events at issue in this lawsuit, is unlimited with respect to subject matter, and is so remote in time as to offer no probity with regard to any claim or defense in this case.**

**This lawsuit concerns allegations of improper search, arrest, and prosecution by Defendant Jack Dove, and negligent hiring, training, and retention by the City. This request, even as narrowed, extends to complaints of conduct which neither bears similarity to this case nor goes to the credibility of any party or witness and therefore lacks relevance for discovery purposes. The 1987 complaint arose from an officer injury report, authored by Dove, which was offensive and disrespectful of minorities. The 1989 complaints alleged that Dove punched, choked, and slapped white male arrestees in the docket room of the jail while he was assigned to work there. The conduct at issue in the 1987 and 1989 complaints is not similar to the factual allegations of this lawsuit.**

**In addition to their lack of subject matter relevance, the complaints from 1987 and 1989 are too temporally remote from the claims at issue to bear on Dove's credibility or propensity for improper searches or arrests more than thirty-four years later. Any marginal relevance of the request would be far outweighed by the burden in manually locating hard copy files stored at the former Graystone Christian School on Azalea Road.**

**Subject to and without waiving the foregoing objections, see non-privileged documents produced herewith relating to Internal Affairs Investigations within seven (7) years of the subject incident involving complaints of conduct similar to that which is alleged in the Complaint: IA Investigation File No.: 19IA-0397, 20IA-0132, 20IA-0307, 20IA-0328, 20IA-0354, 21IA-0121, 21IA-0311, 22IA-0070, 23IA-0061.**

**<u>REQUEST FOR PRODUCTION TO CITY OF MOBILE</u>**

4. Produce the **entire** City of Mobile Police Department's investigative file relating to the investigation made the basis of the Plaintiff's Complaint filed in this case.

**SUPPLEMENTAL RESPONSE:**

**The City objects to this request to the extent that it seeks officer narratives protected by Ala. Code § 12-21-3.1, law enforcement investigative, work product, and self-evaluative privileges. Subject to and without waiving the foregoing objection, see the BWC recordings and non-privileged documents previously produced pursuant to the Court's protective order marked COM 000001-9, 204-336.**

6. Produce all records, citations, reports, adjudications, and dispositions of persons and businesses cited for municipal code violations (including the same charges Issa was cited for) in the newly annexed areas from July 2023 annexation areas.

**SUPPLEMENTAL RESPONSE:**

**See the following materials produced herewith:**

- **All non-privileged ME records relating to founded investigations of inoperable/junk vehicles within the approximate areas of annexation, from July through December of 2023, as indicated by the spreadsheet previously produced as COM 000354-487,**
- **All non-privileged ME records relating to the investigation of 1671 Leroy Stevens Road on the date of the subject incident, and**
- **All municipal court records arising from the above-described investigations, as determined by reference to the said spreadsheet.**

7. Produce all records, citations, reports, adjudications, and dispositions of persons and businesses cited for municipal code violations for failing to permit an inspection in last ten (10) years.

**SUPPLEMENTAL RESPONSE:**

**The City hereby adopts and reincorporates in this supplemental response its objection in the preceding response to this request. Subject to and without waiving the foregoing objections, see the following materials produced herewith:**

- **All non-privileged ME records relating to founded investigations of inoperable/junk vehicles within the approximate areas of annexation, from July through December of 2023, as indicated by the spreadsheet previously produced as COM 000354-487,**
- **All non-privileged ME records relating to the investigation of 1671 Leroy Stevens Road on the date of the subject incident, and**
- **All municipal court records arising from the above-described investigations, as determined by reference to the said spreadsheet.**

9. Produce all complaints against Jack Dove by any person or entity.

**SUPPLEMENTAL RESPONSE:**

**The City objects to this request, even as narrowed, as overbroad in that it requests material that is irrelevant, immaterial and not proportional to the needs of the case, in that it lacks similarity to the events at issue in this lawsuit and is so remote in time as to offer no probity with regard to any claim or defense in this matter.**

**This lawsuit concerns allegations of improper search, arrest, and prosecution by Defendant Jack Dove, and negligent hiring, training, and retention by the City. This request, even as narrowed, extends to complaints of conduct which neither bears similarity to this case nor goes to the credibility of any party or witness and therefore lacks relevance for discovery purposes. The 1987 complaint arose from an officer injury report, authored by Dove, which was offensive and disrespectful of minorities. The 1989 complaints alleged that Dove punched, choked, and slapped white male arrestees in the docket room of the jail while he was assigned to work there. The conduct at issue in the 1987 and 1989 complaints is not similar to the factual allegations of this lawsuit.**

**In addition to their lack of subject matter relevance, the complaints from 1987 and 1989 are too temporally remote from the claims at issue to bear on Dove's credibility or propensity for improper searches or arrests more than thirty-four years later. Any marginal relevance of the request would be far outweighed by the burden in manually locating hard copy files stored at the former Graystone Christian School on Azalea Road.**

**Subject to and without waiving the foregoing objections, see non-privileged documents produced herewith relating to Internal Affairs Investigations within seven (7) years of the subject incident involving complaints of conduct similar to that which is alleged in the Complaint: IA Investigation File No.: 19IA-0397, 20IA-0132, 20IA-0307, 20IA-0328, 20IA-0354, 21IA-0121, 21IA-0311, 22IA-0070, 23IA-0061.**

12. Produce all citations issued by Jack Dove *in the newly annexed areas* from July 2023 annexation areas.

**SUPPLEMENTAL RESPONSE:**

**See the following materials produced herewith:**

- **All non-privileged ME records relating to founded investigations of inoperable/junk vehicles within the approximate areas of annexation, from July through December of 2023, as indicated by the spreadsheet previously produced as COM 000354-487,**
- **All non-privileged ME records relating to the investigation of 1671 Leroy Stevens Road on the date of the subject incident, and**
- **All municipal court records arising from the above-described investigations, as determined by reference to the said spreadsheet.**

13. Please provide a list of all citizens *in the newly annexed areas* who were cited and/or arrested by the City for violations of the municipal code to include those cited *Property Maintenance Code* of the City of Mobile.

a. Please list all properties and the identity of the owners inspected by the City

of Mobile in the newly annexed areas.

b. Please list all properties and the identity of the owners inspected by Dove in the newly annexed areas of Mobile.

**SUPPLEMENTAL RESPONSE:**

**The City hereby adopts and reincorporates in this supplemental response its objections in the preceding response to this request. Subject to and without waiving the foregoing objections, see the following materials produced herewith:**

- **All non-privileged ME records relating to founded investigations of inoperable/junk vehicles within the approximate areas of annexation, from July through December of 2023, as indicated by the spreadsheet previously produced as COM 000354-487,**
- **All non-privileged ME records relating to the investigation of 1671 Leroy Stevens Road on the date of the subject incident, and**
- **All municipal court records arising from the above-described investigations, as determined by reference to the said spreadsheet.**

14. Please provide a list of all citizens *in the newly annexed areas* whose property and/or business was inspected by the City of Mobile.

**SUPPLEMENTAL RESPONSE:**

**The City objects that Rule 34 only requires an adverse party to produce documents already in existence; it does not require such a party to prepare a written list of specified information to be produced for inspection. No list of citizens responsive to the request exists.**

**Subject to and without waiving the foregoing objection, see the spreadsheet previously produced as COM 000354-487 as well as the following materials produced herewith:**

- **All non-privileged ME records relating to founded investigations of inoperable/junk vehicles within the approximate areas of annexation, from July through December of 2023, as indicated by the spreadsheet previously produced as COM 000354-487,**
- **All non-privileged ME records relating to the investigation of 1671 Leroy Stevens Road on the date of the subject incident, and**
- **All municipal court records arising from the above-described investigations, as determined by reference to the said spreadsheet.**

16. Produce all written and recorded statements taken from all witnesses interviewed by the Mobile Police Department in its post-incident investigation of this case. This includes, but

is not limited to, all post-incident statements made by Defendant Dove, and all law enforcement to any and all investigators of this accident.

**SUPPLEMENTAL RESPONSE:**

**The City hereby adopts and reincorporates in this supplemental response its objections in the preceding response to this request. The City further objects on grounds of the law enforcement investigative privilege and Ala. Code § 12-21-3.1. Subject to and without waiving the foregoing objections, see the BWC recordings and non-privileged documents previously produced pursuant to the Court's protective order marked COM 000001-9, 204-336. Privileged portions of the investigative files are described in the City's Log of Withheld Materials, produced herewith.**

21. Produce definitions for all of the abbreviations and acronyms used in the Event Chronology.

**SUPPLEMENTAL RESPONSE:**

**The City hereby adopts and reincorporates in this supplemental response its objection in the preceding response to this request. Subject to and without waiving the foregoing objection, no "Event Chronology" exists in connection with this matter. The Alabama Uniform Incident/Offense Reports, including code and abbreviation legends were previously produced.**

23. Produce all written reports, including all drafts, notes, emails, commentary, correspondence, memos and all other written (whether in electronic form or hard copy) materials prepared by any employee of the City of Mobile and/or the Police Department regarding the accident, and the accident investigation performed by the City of Mobile Police Department.

**SUPPLEMENTAL RESPONSE:**

**The City hereby adopts and reincorporates in this supplemental response its objection in the preceding response to this request. Subject to and without waiving the foregoing objections, see the BWC recordings and non-privileged documents previously produced pursuant to the Court's protective order marked COM 000001-19, 204-336. Materials withheld on grounds of privilege are described in the City's Log of Withheld Materials, produced herewith.**

31. Produce the personnel, worker's compensation, and/or disciplinary file(s) of Defendant Dove.

**SUPPLEMENTAL RESPONSE:**

**The City objects to this request, even as narrowed, as overbroad in that it requests material that is irrelevant, immaterial and not proportional to the needs of the case, in that it lacks**

**similarity to the events at issue in this lawsuit and is so remote in time as to offer no probity with regard to any claim or defense in this matter.**

**This lawsuit concerns allegations of improper search, arrest, and prosecution by Defendant Jack Dove, and negligent hiring, training, and retention by the City. This request, even as narrowed, extends to complaints of conduct which neither bears similarity to this case nor goes to the credibility of any party or witness and therefore lacks relevance for discovery purposes. The 1987 complaint arose from an officer injury report, authored by Dove, which was offensive and disrespectful of minorities. The 1989 complaints alleged that Dove punched, choked, and slapped white male arrestees in the docket room of the jail while he was assigned to work there. The conduct at issue in the 1987 and 1989 complaints is not similar to the factual allegations of this lawsuit.**

**In addition to their lack of subject matter relevance, the complaints from 1987 and 1989 are too temporally remote from the claims at issue to bear on Dove's credibility or propensity for improper searches or arrests more than thirty-four years later. Any marginal relevance of the request would be far outweighed by the burden in manually locating hard copy files stored at the former Graystone Christian School on Azalea Road.**

**Subject to and without waiving the foregoing objections, see non-privileged documents produced herewith relating to Internal Affairs Investigations within seven (7) years of the subject incident involving complaints of conduct similar to that which is alleged in the Complaint: IA Investigation File No.: 19IA-0397, 20IA-0132, 20IA-0307, 20IA-0328, 20IA-0354, 21IA-0121, 21IA-0311, 22IA-0070, 23IA-0061.**

34. As to any requested document or tangible thing which you withheld from production on the ground that (1) it was prepared in anticipation of litigation or for trial, (2) it is work product, (3) it is privileged, or (4) for any other reason on ground, please identify each document or tangible thing and answer the following:

a. Description of what the document is;
b. Its date;
c. Name, address, and employer of the author of the document, or the person taking the statement or the like;
d. Subject of the document;
e. Persons to whom the document is addressed;
f. Persons indicated thereon as having received copies;
g. Name, address, job title, and employer of any person known or believed to have received or seen the document or any copy or summary thereof;
h. Purpose for which the document was created and transmitted;
i. Degree of confidentiality with which it was treated both at the time of its creation and transmission, and since that time; and
j. Any other facts relevant to the elements of the particular privilege asserted.

**SUPPLEMENTAL RESPONSE:**

**The City hereby adopts and reincorporates in this supplemental response its objection in the preceding response to this request. Subject to and without waiving the foregoing objections, see the City's Log of Withheld Materials, produced herewith.**

Respectfully submitted,

*/s/ Kristy L. Waldron*
RICARDO A. WOODS
TAYLOR B. JOHNSON
KRISTY L. WALDRON
MARK B. ROBERTS

*Attorneys for Defendant City of Mobile*

**OF COUNSEL:**
**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, AL 36602
Tel: 251-344-5151
Fax: 251-344-9696
Email: rwoods@burr.com
tjohnson@burr.com
kwaldron@burr.com
mroberts@burr.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document via email on August 5, 2026 on the following counsel of record:

Matt Green, Esq.
Jim Vollmer, Esq.
The Law Office of Matt Green, LLC
501 Government Street, Suite 1
Mobile, Alabama 36602
matt@mattgreen.lawyer

Matthew W. Smith, Esq.
M. Kathleen Miller, Esq.
ARMBRECHT JACKSON LLP
P.O. Box 290
Mobile, AL 36601

*/s/ Kristy Waldron*
Of Counsel

**VERIFICATION AS TO INTERROGATORY RESPONSES ONLY**

David Daughenbaugh
For the City of Mobile, as its Director of Municipal Enforcement

STATE OF ALABAMA:

COUNTY OF MOBILE:

Before me, the undersigned authority, a Notary Public in and for said County and said State, personally appeared David Daughenbaugh, who is known to me and who, after being by me first duly sworn, does depose and state on oath that he has examined the answers to the above and foregoing Interrogatories, that the Answers to Interrogatories are based upon Daughenbaugh's personal and corporate knowledge, that the facts stated herein are true and correct to the best of his knowledge, information and belief; and that he voluntary affixed his signature hereto.

Sworn to and subscribed before me on this the ___ day of August, 2026.

NOTARY PUBLIC

My Commission Expires: _______________

# EXHIBIT

# 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ABDALI ALI ISSA,<br><br>Plaintiff,<br><br>v<br><br>CITY OF MOBILE, JACK DOVE, et al.,<br><br>Defendants. | CIVIL ACTION NO.: 1:25-cv-106-WS-MU |

**CITY OF MOBILE'S LOG OF MATERIALS WITHHELD FROM PRODUCTION ON THE BASIS OF PRIVILEGE OR OTHER OBJECTION**

COMES NOW Defendant City of Mobile (the "City) and submits this log of materials withheld from production in response to Plaintiff's narrowed requests dated July 28, 2026 on the basis of privilege and/or other objection, without waiver of any objections previously asserted:

| **Complaints or Discipline Outside the Scope of Rule 26(b)** | **Objections** |
|---|---|
| Employee Disciplinary History (summary document with partial listing of discipline dating back to 1983) | Relevance; materiality; proportionality; and privacy interests of subject individual officer. |
| 17IA-0131 2/22/2017—Citizen Complaint (allegations regarding demeanor in handling a telephone complaint regarding a different officer's handling of a MVA—disposition: not investigated due to Dove's retirement) | Relevance; materiality; privacy interests of subject individual officer; law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's |

| | |
|---|---|
| | ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c). Proportionality factors: importance of issues in litigation, amount in controversy, discovery has little, if any, bearing on issues in the case, the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). |
| M2016-0097 4/12/2016—Disciplinary Action (violation of department documentation policies—disposition: verbal counseling) | Relevance; materiality; privacy interests of subject individual officer; proportionality; law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c). Proportionality factors: importance of issues in litigation, amount in controversy, discovery has little, if any, bearing on issues in the case, the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Undue burden on City because file is not available electronically and hard copy file is in storage, boxes would need to be sorted manually. |
| MRE P.B. File No. 741(b) I-1989-0012; I-1989-0057 1/25/89, 3/28/89, 3/29/89 Disciplinary Action (allegations regarding 3 separate instances of force (punching, choking, slapping, kneeing in the groin) against White Male arrestees in | Relevance; materiality; privacy interests of subject individual officer; law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility |



71706696 v1

| | |
|---|---|
| jail's docket room, one of which was withdrawn—disposition: termination, reduced to 78-day suspension following appeal) | determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c). Proportionality factors: importance of issues in litigation, amount in controversy, discovery has little, if any, bearing on issues in the case, the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). |
| 10/26/87—Disciplinary Action (Inappropriate language in written communication—disposition: 3-day suspension, reduced to Letter of Reprimand)<br><br>Additional information re: the conduct at issue, see the District Court's factual findings at: *Boone v. Mingus*, 697 F. Supp. 1577, 1578–79 (S.D. Ala. 1988), *aff'd*, 880 F.2d 419 (11th Cir. 1989). | Relevance; materiality; privacy interests of subject individual officer; law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c). Proportionality factors: importance of issues in litigation, amount in controversy, discovery has little, if any, bearing on issues in the case, the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). |

| Complaints Within the Scope of Rule 26(b) | Objections |
|---|---|
| 1. 11/22/19—Citizen Complaint Form—IA Investigation File No.: 19IA-0397 (procedure and harassment allegations—disposition: unfounded)<br>• 12/3/19—Audio recorded interview of Olivia Bolton<br>• 12/4/19—Narrative Statement of Jack Dove re: Incident # M219-05-00807<br>• Narrative Statement of Jack Bishop re: Incident # M219-05-00807<br>• 12/10/19—Investigative Report of Capt. Paul Prine re: 19IA-0397<br>• Intra-Departmental Communications, Review Record, and Tracking Form re: 19IA-0397<br><br>2. 4/10/20—Citizen Complaint Form--IA Investigation File No.: 20IA-0132 (harassment and demeanor allegations—unfounded)<br>• Investigative Narratives and Synopses of Jack Bishop re: Incidents #M220-03-03549<br>• 4/16/20—Narrative Statement of Jack Dove re: #M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<br>• 4/28/20—Narrative Statement of Laurel Booth re: #M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<br>• 4/23/20—Investigative Report of Lt. Brian Reeher re: 20IA-0132<br>• 5/1/20—MPD Command Review Executive Summary of Report: 20IA-0132; Findings and Recommendations<br><br>3. 7/28/20—Citizen Complaint Form—IA Investigation File No.: 20IA-0307 (harassment allegation—disposition: substantiated/proper conduct)<br>• 5/5/20—Internal Memorandum of Asst. Chief Roy Hodge<br>• 8/11/20—Investigative Report of Lt. Brian Reeher re: 20IA-0307 | Law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c). |

| | |
|---|---|
| • 8/13/20—Narrative Statement of Jack Dove re: Incidents #M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 and #M219-07-02342<br>• 8/14/20—Emailed statement of Jack Dove re: Incidents #M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 and #M219-07-02342<br>• 8/25/20—MPD Command Review Executive Summary of Report: 20IA-0307; Findings and Recommendations<br>• Intra-Departmental Communications, Review Record, and Tracking Form re: 20IA-0307<br>• LETS Report re: Complainant<br>• Investigative Statements and Synopses of Jack Dove re: Incidents #M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 and #M219-07-02342<br><br>4. 8/5/20—Citizen Complaint Form—IA Investigation File No.: 20IA-0328 (arrest and procedure allegations—dispostion: substantiated/proper conduct<br>• 8/27/20--Investigative Report of Lt. Brian Reeher re: 20IA-0328<br>• Intra-Departmental Communications, Review Record, and Tracking Form re: 20IA-0307<br>• 8/17/20—Narrative Statement of Jack Dove re: Incident #M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<br>• 8/17/20—Narrative Statement of Randal Smith re: Incident #M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<br>• 8/17/20—Narrative Statement of Jack Bishop re: Incident #M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<br><br>• LETS Report re: Complainant<br>• Investigative Narratives and Synopses of Jack Dove and Jack Bishop re: Incidents #M220-08-20425, #M220-06-02076, and #M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<br>• 9/2/20—MPD Command Review Executive Summary of Report: 20IA-0328; Findings and Recommendations | |

| | |
|---|---|
| 5. 8/26/20—Citizen Complaint Form—IA Internal Investigation File No.: 20IA-0354 (demeanor, procedure, and property allegations—disposition: unfounded)<br>• 9/7/20--Investigative Report of Lt. Brian Reeher re: 20IA-0354<br>• Intra-Departmental Communications, Record Review, and Tracking Form re: 20IA-0354<br>• LETS Report re: Complainant<br>• 9/2/20—Narrative Statement of Jack Dove re: Incident #M220-08-20749<br>• 9/1/20—Narrative Statement of Jack Bishop re: Incident #M220-08-20749<br>• 9/1/20—Narrative Statement of Randal Smith re: Incident #M220-08-20749<br>• 9/4/20—Narrative Statement of David Daughenbaugh re: #M220-08-20749<br>• Investigative Narrative and Synopses of Jack Bishop re: Incident #M220-08-20749<br><br>6. 4/5/21—Citizen Complaint Form—IA Internal Investigation File No.: 21IA-0121 (search, procedure, and property allegations—disposition: improper conduct; harassment allegations—disposition: unfounded)<br>• Print out of IAPro Software Case Information re: 21IA-0121<br><br>[MPD is searching for the evidentiary contents of this file.]<br><br>7. 8/24/21—Citizen Complaint Form—IA Internal Investigation File No.: 21IA-0311 (arrest and search allegations—disposition: unfounded)<br>• 10/26/21—Investigative Report of Capt. Jonathan Lee re: 21IA-0311<br>• Intra-Departmental Communications, Record Review, and Tracking Form re: 21IA-0311 | |

| | |
|---|---|
| • LETS Report re: Complainant<br>• 9/27/21—Narrative Statement of Jack Dove re: Incident #M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<br>• 8/17/20—Narrative Statement of Jack Bishop re: Incident #M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<br>• Investigative Narrative and Synopses of Jack Dove re: Incident #M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<br>• 11/30/21—MPD Command Review Executive Summary of Report: 21IA-0311; Findings and Recommendations<br><br>8. 3/3/22—Citizen Complaint Form—IA Internal Investigation File No.: 22IA-0070 (demeanor allegations—disposition: unfounded; procedure allegations—disposition: substantiated/proper conduct; service allegations—disposition: improper conduct)<br>• 4/19/22—Investigative Report of Lt. Brian Reeher re: 22IA-0070<br>• 5/6/22—Performance Observation Form re: 22IA-0070<br>• LETS Report re: Complainant<br>• 4/18/22—Narrative Statement of Jack Dove re: Incident #M222-03-00343<br>• 4/19/22—Narrative Statement of Jack Bishop re: Incident #M222-03-00343<br>• 4/19/22—Narrative Statement of Laurel Boothe re: Incident #M222-03-00343<br>• Investigative Narratives and Synopses of Jack Dove re: Incident #M222-03-00343<br><br>9. 3/16/23—Citizen Complaint Form—IA Internal Investigation File No.: 23IA-0061 (entry, search, and procedure allegations—disposition: substantiated/proper conduct)<br>• Notice of Investigation to Jack Dove<br>• 4/3/23—Investigative Report of Lt. Brian Reeher re: 23IA-0061 | |

| | |
|---|---|
| • 3/22/22—Narrative Statement of Jack Dove re: Incident #M222-01-03230<br>• 3/23/22—Narrative Statement of Jack Bishop re: Incident #M222-01-03230<br>• 3/23/22—Narrative Statement of Randal Smith re: Incident #M222-01-03230<br>• 3/23/22—Narrative Statement of Randy Peyton re: Incident #M222-01-03230<br>• 3/22/22—Narrative Statement of David Daughenbaugh re: Incident #M222-01-03230 | |

| Investigative Materials—Subject Incident | Objections |
|---|---|
| 1. 10/24/2023—Investigative Narrative and Synopsis of Jack Dove re: Incident #M2231002673<br><br>2. 10/25/2023 and 10/26/2023—Emails from David Daughenbaugh to Captain Jonathan Lee re: anticipated litigation and internal investigation re: Incident #M2231002673<br><br>3. 11/8/2023—Email to Lt. Brian Reeher from Jack Dove, with attached Memorandum Narrative Statement of Jack Dove<br><br>4. 11/8/23-- Memorandum Narrative Statement of Jack Dove to Chief Paul Prine From Jack Dove re: Incident #M2231002673<br><br>5. 11/9/23—Narrative Statement of Randy Peyton re: Incident #M2231002673<br><br>6. 11/14/23—Narrative Statement of Jack Bishop re: Incident #M2231002673<br><br>7. 11/14/23—Narrative Statement of Randal Smith re: Incident #M2231002673 | Law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c). |

| | |
|---|---|
| 8. 12/4/23—Investigative Narrative and Recommendations of Lt. Reeher re: Incident #M2231002673 | |

| **Investigative Materials—Other Incidents** | **Objections** |
|---|---|
| 1. 10/24/23—Investigative Narrative and Synopsis of Jack Bishop re: Incident #M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 (1671 Leroy Stevens Rd)<br>• Intra-Departmental Communications re: Incident #M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<br>• LETS materials re: Incident #M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<br><br>2. 5/8/23—Investigative Narratives and Synopses of Jack Dove re: Incident #M2230500900 (5871 Swedetown Rd)<br><br>3. 7/5/23—Investigative Narratives and Synopses of Jack Dove re: Incident #M2230700447; SRO Complaint ME-026148-2023 (5377 Moffett Rd)<br><br>4. 8/21/23--Investigative Narratives and Synopses of Jack Dove re: Incident # M2230802289<br><br>5. 9/7/23-- Investigative Narratives and Synopses of Jack Dove re: Incident #M2230900660<br><br>6. 9/1/23—Investigative Narratives and Synopses of Jack Dove re: Incident #M2230901212 (Page Ave)<br><br>7. 9/12/23—Investigative Narratives and Synopses of Jack Dove re: Incident #M2230901214 (Bay Ave.) | Law enforcement investigative privilege; Ala. Code § 12-21-3.1. These materials were created, compiled, and maintained for purposes of conducting administrative and disciplinary investigations into alleged conduct. As such, they reflect internal investigative processes, evaluative assessments, credibility determinations, and pre-decisional communications of the department. Disclosure of these materials would undermine the integrity of internal investigations, chill candor by officers and witnesses, and interfere with the department's ability to effectively investigate and discipline personnel. Production of such documents, if at all, should occur only "upon proper motion and order from a court of record" and only "upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." Ala. Code § 12-21-3.1(c). |

| | |
|---|---|
| 8. 9/28/23—Investigative Narratives and Synopsis of Jack Dove re: Incident #M2230903073 | |

Respectfully submitted,

*/s/ Kristy L. Waldron*
RICARDO A. WOODS
TAYLOR B. JOHNSON
KRISTY L. WALDRON
MARK B. ROBERTS

*Attorneys for Defendant City of Mobile*

**OF COUNSEL:**
**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, AL 36602
Tel: 251-344-5151
Fax: 251-344-9696
Email: rwoods@burr.com
tjohnson@burr.com
kwaldron@burr.com
mroberts@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document via email on August 5, 2026 on the following counsel of record:

Matt Green, Esq.
Jim Vollmer, Esq.
The Law Office of Matt Green, LLC
501 Government Street, Suite 1
Mobile, Alabama 36602
matt@mattgreen.lawyer

Matthew W. Smith, Esq.
M. Kathleen Miller, Esq.
ARMBRECHT JACKSON LLP
P.O. Box 290
Mobile, AL 36601

*/s/ Kristy Waldron*
Of Counsel



71706696 v1

# EXHIBIT

# 4

BURR & FORMAN

Kristy Waldron
kwaldron@burr.com
Direct Dial: (251) 340-7267

Burr & Forman LLP
RSA Tower
11 North Water Street
Suite 22200
Mobile, Alabama 36602

*Office* (251) 344-5151

BURR.COM

August 5, 2026

**VIA EMAIL (jim@mattgreen.lawyer; matt@mattgreen.lawyer)**

Jim Vollmer
Matt Green
Matt Green, Attorney at Law
501 Government St., Suite 1
Mobile, AL 36602

Re: 25-cv-00106-WS-MU, Issa v. City of Mobile, et al.

Dear Jim and Matt:

Thank you for your letter dated July 28, 2026. The email to which this letter is attached includes the City's supplemental written discovery responses, a log of materials withheld from production, and a Sharefile link to the City's supplemental document production (COM 609-1102).

The City agrees to produce the requested narrowed category of code violation documents and produces those documents herewith. We cannot, however, agree to produce the 1987 and 1989 complaints against Dove or complaints dating back to 2014 regardless of subject matter. Instead, the City is producing herewith the non-privileged elements of the internal investigation into the subject incident, as well as nine (9) Internal Affairs investigative files dating from 2019 to 2023, arising from Dove's performance of his Municipal Enforcement Task Force duties. For a description of materials withheld on grounds of privilege, relevancy or proportionality, please see the attached Log of Materials Withheld from Production on the Basis of Privilege or Other Objection.

The City's supplemental production also includes the Safety National Insurance Policy in effect at the time of the subject incident. With regard to Plaintiff's Requests for Production 20 and 27, as I advised via email on July 7, 2026, MPD's body-worn camera policies were previously produced as COM 491-497, 506.

As always, please don't hesitate to give me a call if you would like to discuss.

Very truly yours,

---

*Kristy Waldron*

Kristy Waldron
Counsel

KW