**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ABDALI ALI ISSA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 1:25-cv-0106-WS-MU** |
| | ) |
| | ) |
| **CITY OF MOBILE, et al..,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT JACK DOVE'S OBJECTION AND MOTION TO QUASH, OR IN THE ALTERNATIVE, MOTION FOR MODIFICATION AND ENTRY OF A PROTECTIVE ORDER GOVERNING PLAINTIFF'S NON-PARTY SUBPOENA TO THE MOBILE PERSONNEL BOARD**

COMES NOW Defendant Jack Dove ("Dove"), by and through his undersigned counsel of record, and hereby files this Objection and Motion to Quash, or in the Alternative, Motion for Modification and Entry of a Protective Order Governing, Plaintiff's Non-Party Subpoena to the Mobile Personnel Board. Dove hereby respectfully requests that this Court quash Plaintiff's Non-Party Subpoena to the Mobile Personnel Board pursuant to Fed. R. Civ. P. 45(d)(3) on the grounds that it requests the production of documentation that is private, confidential, irrelevant, unduly prejudicial, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of this case in violation of Fed. R. Civ. P. 26(b)(1). In the alternative, if this Court is not inclined to quash Plaintiff's Non-Party Subpoena, Dove hereby respectfully requests that Plaintiff's Non-Party Subpoena be modified such that it is limited in scope as required by law and that this Court enter a Protective Order to govern the Mobile Personnel Board's production pursuant to Fed. R. Civ. P. 26(c). As grounds in support thereof, Dove asserts as follows:

1. Plaintiff filed his Notice of Intent to File Non-Party Subpoena to the Mobile Personnel Board on June 25, 2026. *See* Doc. 58.

2. The subpoena which Plaintiff purports to issue to the Mobile Personnel Board requests to following documents:

> **Produce a COMPLETE and CERTIFIED (see attached) copy of any and all documents/records pertaining to Officer Jack Dove TO INCLUDE:**
>
> **A. Officer Personnel and Discipline**
>
> **B. Mayoral Task Force for Code Enforcement**

*See* Doc. 58-1.

3. Because Plaintiff's non-party subpoena requests documents within Dove's personnel file, it requests sensitive and private information for which Dove has a personal interest and right to protect. Consequently, Dove has standing for the instant objection, motion to quash, and/or motion for modification and entry of a protective order. *Branum v. Alabama Point Venue, LLC*, No. CV 1:22-00313-CG-N, 2023 WL 12173474, at *3 (S.D. Ala. May 2, 2023) (citing 9 Moore's Federal Practice § 45.50[3] (3d ed. 2008)); *See also Wineman v. City of Jacksonville*, No. 2:19-CV-01436-SGC, 2020 WL 13721385, at *2 (N.D. Ala. Sept. 21, 2020) ("…[A] party lacks standing to seek to quash a subpoena issued to a non-party ***unless*** the objecting party claims a personal right, proprietary interest, or legal privilege as to the documents, electronically-stored information, or tangible things sought.").

4. Specifically, Dove asserts that he retains a personal interest in maintaining the privacy of the contents of his personnel file to prevent the unnecessary disclosure and widespread dissemination of the information contained therein on the grounds that his personnel file contains, among other things, communications between Dove and others, protected health and/or other privileged information reported to Dove's employer, confidential documentation related to investigations or discipline which are factually unrelated to the allegations made the basis of

Plaintiff's Complaint, and documentation which is temporally remote from the facts made the basis of Plaintiff's Complaint. *Wineman*, 2020 WL 13721385, at *3 (*citing Richards v. Convergys Corp., 2007 WL 474012*, at *1 (D. Utah Feb. 7, 2007) ("Several courts have concluded ... that a party has a personal right with respect to information contained in his personnel files sufficient to confer standing to move to quash a subpoena for his employment records served on a third party.")).

5. The production of such documents would inherently prejudice Dove by allowing the disclosure of records which Dove, as a City employee, fully expected to be private and confidential, and moreover, such production would also include irrelevant records for events unrelated to the facts made the basis of Plaintiff's Complaint.

6. Furthermore, upon information and belief, Dove's personnel file with the Mobile Personnel Board will not have any documentation pertaining to Dove's employment with the Mayor's Municipal Enforcement Task Force, which Dove was operating as an agent of at the time of the facts made the basis of this lawsuit. *See* **Dove's Exhibit 1**, Appointment Letter (Stating that Dove's appointment classifies him as a "professional non-merit staff member," exempt from the Personnel Board rules regarding appeals and leave).

7. Thus, Dove hereby files the instant Objection and Motion to Quash, or in the Alternative, Motion for Modification and Entry of a Protective Order Governing, Plaintiff's Non-Party Subpoena to the Mobile Personnel Board on the grounds that Plaintiff's non-party subpoena requests the production of information which is private, confidential, irrelevant, and disproportionate to the needs of this case such that it is beyond the scope of discovery pursuant to Fed. R. Civ. P. 26(b). Dove hereby respectfully requests that Plaintiff's Non-Party Subpoena be quashed, or in the alternative, that Plaintiff's subpoena request be modified to limit its scope to information that is reasonably calculated to lead to the production of admissible evidence and that

this Court enter a Protective Order governing the Mobile Personnel Board's production, precluding its dissemination and/or use outside of this litigation.

## LEGAL ARGUMENT

### I. Plaintiff is not entitled to discovery of documents that are unrelated to Dove's enforcement of the Junk Vehicle Ordinance as an officer of the Municipal Enforcement Task Force.

"Rule 45 of the Federal Rules of Civil Procedure authorizes a court to issue a subpoena at the request of a party to require a non-party to produce for inspection and copying designated documents, electronically stored information, or tangible things in the possession, custody, or control of the non-party. The scope of permissible discovery with respect to a Rule 45 subpoena is that which is set forth in Fed. R. Civ. P. 26(b)(1)… On timely motion, the court has the authority under Rule 45 to quash or modify a subpoena 'that requires disclosure of privileged or other protected matter....' Further, under Rule 26(c), a party may move for a protective order that forbids inquiry or that limits the scope of discovery as to certain matters." *Williams v. City of Birmingham*, 323 F. Supp. 3d 1324, 1329 (N.D. Ala. 2018) (internal citations omitted).

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter ***that is relevant to any party's claim or defense and proportional to the needs of the case***, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (emphasis added). Although relevancy is defined broadly, "***the right to discovery is not unlimited and does have 'ultimate and necessary boundaries.***'" *RLI Ins. Co. v. Mobile Cnty. Commn.*, No. CIV A 06-00027-BH-B, 2006 WL 3000159, at *1 (S.D. Ala. Oct. 20, 2006) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 67 S.Ct. 385, 91 L.Ed. 451 (1947)) (emphasis added). "***Certainly***, for instance, '***[d]iscovery of matter not***

***reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1).*'** … Indeed, '***[t]he relevancy requirement 'should not be misapplied so as to allow fishing expeditions in discovery.***'''" *Alabama & Gulf Coast Ry., LLC v. U.S.*, No. CA 10-0352-WS-C, 2011 WL 1838882, at *4 (S.D. Ala. May 13, 2011) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *United States v. Lake County Bd. of Commissioners*, 2006 WL 1660598, *1 (N.D. Ind. June 7, 2006)) (internal citations omitted) (emphasis added); *See also In re Fontaine*, 402 F.Supp. 1219, 1221 (E.D.N.Y.1975) ("***While the standard of relevancy is a liberal one, it is not so liberal as to allow a party 'to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.***'") (emphasis added).

In a 42 U.S.C. § 1983 case such as this, "***[p]rior incidents also must involve facts substantially similar to those at hand in order to be relevant*** to a deliberate-indifference claim. And '**random acts or isolated incidents are insufficient to establish a custom or policy**.'" *Shehada v. Tavss*, 965 F. Supp. 2d 1358, 1374 (S.D. Fla. 2013) (citing *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir.2005); *Gold v. City of Miami*, 151 F.3d 1346, 1351 (11th Cir.1998)) (quoting *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir.1986)) (internal citations omitted) (emphasis added). "[C]ourts faced with ***§ 1983 claims alleging that a lack of proper training or supervision*** led to a police officer's unconstitutional use of excessive force have likewise ***required a high level of factual similarity in the means or instrumentality of force used in prior incidents and in the plaintiff's own case.***" *Williams v. City of Birmingham*, 323 F. Supp. 3d 1324, 1334 (N.D. Ala. 2018) ("The court concludes, therefore, that the subpoenas' requests in this area are due to be modified so as to be limited to documents related to incidents involving the discharge of a firearm by a City police officer against a citizen accompanied by a complaint or

allegation of unconstitutionally excessive force.") (emphasis added); *See also White v. City of Birmingham*, 96 F.Supp.3d 1260, 1283–84 (N.D. Ala. 2015) (two incidents in which an officer allegedly struck a suspect without justification and the certification of a class-action complaint alleging excessive force in the use of pepper spray were "too different" from the case of the plaintiff who had been shot, because none of the other incidents "involve claims of lethal force involving firearms"); *Roberts v. City of Shreveport*, 397 F.3d 287, 294 (5th Cir. 2005) (stating that evidence of multiple "past incidents in which [the defendant officer] brandished and pointed his firearm toward unarmed African–Americans while making routine traffic stops ... proves nothing about [his propensity to] actual[ly] use ... deadly force in the much different context of this case," in which he was "confronted with a speeding vehicle while standing in the street directing traffic.").

The United States District Court for the District of New Mexico analyzed the relevance and proportionality of similar discovery requests in an analogous case where a plaintiff purported to obtain overbroad discovery regarding police officers by seeking documents in support of an alleged "pattern." In *Ellis v. Hobbs Police Department*, the plaintiff issued a subpoena for records relating to several named defendant and non-party police officers, seeking documentation within the officers' personnel files regarding psychological evaluations. *Ellis v. Hobbs Police Dept.*, No. CV 17-1011 WJ/GBW, 2019 WL 5697787, at *1 (D.N.M. Nov. 4, 2019). In response to the plaintiff's subpoena, the *Ellis* defendants objected on the grounds of, among other things, relevance and proportionality. *Id.* When analyzing these issues and interpreting the provisions set forth within Fed. R. Civ. P. 26(b)(1), the *Ellis* Court looked to the claims made within the plaintiff's complaint in order to determine the requested documentation's relevance and proportionality. *Id.* at *3.

> Plaintiffs' Complaint contains three claims: (1) retaliation for whistleblowing in violation of the New Mexico Whistleblower Protection Act, (2) retaliation for

protected speech and association in violation of the First Amendment and 42 U.S.C. § 1983, and (3) racial discrimination and deprivation of due process in violation of the Fourteenth Amendment, 42 U.S.C. § 1981 and § 1983. In their response to Defendants' motion, **Plaintiffs offer a number of reasons why discovery of the subpoenaed records is relevant to these three claims**. The stated reasons fall into roughly four categories: … (2) **to demonstrate HPD's pattern of hiring officers with poor "moral character"**; (3) **to determine whether these individuals harbor "racist tendencies"**... The Court will address each in turn.

…

…[T]he importance of the privacy interests at stake is readily apparent. **The Court's evaluation of relevance and proportionality must be particularly stringent where personal, confidential information is involved.** The Tenth Circuit has recognized a constitutional "right to privacy" in personnel file information that is "of a highly personal nature." **In the interest of maintaining privacy, it may often be acceptable for the trial court to limit discovery of personnel files.**

…

…Plaintiffs argue that the psychological evaluations are relevant to show HPD's pattern or practice of hiring officers with poor "moral character." The Court discerns two problems with this argument.

…

**More importantly,** even assuming that [relevant] information was to be found in some of the psychological evaluations, **the relevance of the Defendant officers' generalized "moral character" to Plaintiffs' claims *is not readily apparent*. Whether the Defendant officers have "good moral character," *is only tangentially related to whether or not they racially discriminated against Plaintiffs*. Similarly, their "good moral character" or lack thereof is insufficiently specific to greatly assist in establishing whether Plaintiffs reported illegal and racially discriminatory conduct and were consequently retaliated against. This is particularly true given that some of the subpoenaed psychological evaluations may have been conducted *years or even decades ago*.** …[T]he Court finds that **the potential relevance of the subpoenaed records to demonstrate Defendants' "moral character" is insufficient to outweigh the important privacy interests** discussed above. **Consequently, *Plaintiffs' requested discovery fails the proportionality analysis* on this theory as well.**

…

…**[T]he Court finds that the subpoenaed psychological evaluations are not proportional to the needs of the case as they relate to the Defendant officers' "racist tendencies."** … **At the very least,** … **Plaintiffs' subpoena is dramatically overbroad: it covers a wide swath of highly sensitive psychological information, most of which is obviously irrelevant to showing racial bias or**

> **discrimination, *on the bare chance that some information related to racial bias will be revealed*.**
>
> **In addition, once again, *the temporal distance between some of the Defendant officers' evaluations and any events that transpired* during Plaintiffs' employment period *weighs against a finding of proportionality*.**
>
> For these reasons, the Court does not find that discovery of the subpoenaed psychological evaluations would be proportional to the needs of this case on a theory of demonstrating racial bias.

*Id.* at *3-6 (emphasis added) (internal citations and footnotes omitted) (citing e.g., *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648–49 (10th Cir. 2008); *Herbert v. Lando*, 441 U.S. 153, 177 (1979)); *Flanagan v. Munger*, 890 F.2d 1557, 1571 (10th Cir. 1989); *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994)); *Ray v. Ropes & Gray LLP*, 799 F.3d 99, 116 (1st Cir. 2015) (probative value of racially derogatory remarks is "circumscribed if they were made in a situation temporally remote from the date of the employment decision in question"); *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1184 (10th Cir. 2006) (no inference of pretext was reasonable where a racial comment was "temporally remote from the termination")).[1]

Similarly, in this case, the claims that have been made are that Dove's negligent and/or wanton enforcement of the City's Junk Vehicle Ordinance violated Plaintiff's rights and caused or contributed to his injuries allegedly sustained on October 23, 2024. *See* Plaintiff's Complaint. Plaintiff's allegations regarding the enforcement of the City's Junk Vehicle Ordinance *do not* automatically implicate the relevance of Dove's *entire* personnel history from his near **fifty (50) year career** and Plaintiff's Complaint allegations do not entitle him to engage in a fishing expedition solely based upon the chance that some information related to his claims may be

[1] As the Court may note upon review, unlike this case, the *Ellis* plaintiff maintained a cause of action against those defendants for racial discrimination, and despite doing so, the *Ellis* Court found that evidence of "good moral character" was "not readily apparent" and only "tangentially related" to plaintiff's claims. Furthermore, the *Ellis* Court noted that even assuming the requested production's relevance, the requested documentation failed the proportionality test due to its temporal remoteness, arising from conduct that occurred years prior to the *Ellis* plaintiff's complaint.

revealed. *See Williams*, 323 F. Supp. 3d at 1334 ("***The court concludes, therefore, that the subpoenas' requests in this area are due to be modified so as to be limited to [incidents substantially similar to plaintiff's complaint allegations]***.") (emphasis added). To the extent Plaintiff's Non-Party Subpoena requests documentation regarding personnel records or discipline that are (1) temporally remote to the allegations made the basis of Plaintiff's Complaint; (2) unrelated to Dove's enforcement of the City's Junk Vehicle Ordinance as a member of the municipal enforcement task force; or (3) otherwise confidential and private, such evidence is inherently ***irrelevant***, as it is unlikely to result in the production of *admissible* evidence pursuant to Fed. R. Civ. P. 26. *Shehada*, 965 F. Supp. 2d at 1374; *See also Ellis*, 2019 WL 5697787, at *3-6.

Moreover, even assuming *arguendo* that Plaintiff's requested documents were relevant (and it is Dove's assertion that they are not), the extensive and overbroad document production that Plaintiff requests relates to Dove's *entire* personnel file, including "officer personnel and discipline" from the beginning of his nearly **<u>fifty (50) year career</u>** as a police officer for the City of Mobile. *See* Docs. 58, 58-1. Such a request inarguably compels the production of irrelevant documentation and is disproportionate to the needs of this case in violation of Fed. R. Civ. P. 26(b)(1). Therefore, Dove objects to Plaintiff's Non-Party Subpoena to the Mobile Personnel Board and respectfully requests that this Court quash the same. In the alternative, if this Court is not inclined to quash Plaintiff's Non-Party Subpoena to the Mobile Personnel Board, then Defendants respectfully request that this Court modify Plaintiff's Non-Party Subpoena and enter a Protective Order to preclude the Parties from using the production for any purpose other than this litigation.

WHEREFORE, premises considered, Dove hereby objects to Plaintiff's Non-Party Subpoena to the Mobile Personnel Board and respectfully requests that this Court quash the same on the grounds that it requests documents that are private, confidential, irrelevant, unduly prejudicial, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of this case in violation of Fed. R. Civ. P. 26(b)(1). In the alternative, if this Court is not inclined to quash Plaintiff's Non-Party Subpoena, then Dove respectfully requests that this Court modify Plaintiff's Non-Party Subpoena and enter a Protective Order pursuant to Fed. R. Civ. P. 26(c) to govern the Personnel Board's production and prevent the documents' use for any purposes other than the instant litigation.

Date: September 14, 2026

Respectfully submitted:

ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, AL 36601
Telephone: (251) 405-1300
Facsimile: (251) 432-6843

*/s/ Matthew W. Smith*
MATTHEW W. SMITH (SMITM5019)
mws@ajlaw.com

*Attorney for Jack Dove*

**CERTIFICATE OF SERVICE**

I do hereby certify that on this date, September 14, 2026, I served a copy of the foregoing by U.S. Mail, first class postage prepaid, and/or email to the Parties' counsel of record to the following:

Matt Green, Esq.
MATT GREEN LAW OFFICE
The Pollock-Altmayer House
501 Government St
Mobile, AL 36602

Jim Vollmer, Esq.
Vollmer Law Offices, P.C.
1111 Dauphin St
Mobile, AL 36604

*Counsel for Plaintiff, Abdali Ali Issa*

Ricardo Woods, Esq.
Taylor Johnson, Esq.
Kristy Waldron, Esq.
Mark Roberts, Esq.
BURR & FORMAN
11 North Water Street
RSA TOWER, Suite 22200
Mobile, AL 36602

*Counsel for Defendant, City of Mobile*

*/s/Matthew W. Smith*